FILED
Clerk
District Court

FEB 15 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758
Saipan, MP 96950
Tel: (670) 234-7859

Attorney for Angelito Trinidad, Ronnie Palermo, Herman Tejada, Esperanza David, and Antonio Alovera

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID A. WISEMAN, et al.,<br><br>Defendants.<br><br>ANGELITO TRINIDAD, RONNIE PALERMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA , and UNITED STATES OF AMERICA,<br><br>Respondents. | Case No. CV 08-0004<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY ANGELITO TRINIDAD, RONNIE PALERMO, HERMAN TEJADA, ESPERANZA DAVID, AND ANTONIO ALOVERA ON GROUNDS OF RES JUDICATA; MOTION FOR SANCTIONS; AND MOTION FOR PRE-FILING INJUNCTION<br><br>Date: APR 17 2008<br>Time: 9:00 a.m.<br>Judge: |

## INTRODUCTION

John S. Pangelinan comes before the court again, this time bringing suit against the United States and a host of individuals connected to the execution

of a judgment entered against him in March of 2000.[1] In this attempted end run around the appeals process, Pangelinan also names former employees Angelito Trinidad, Ronnie Palermo, Herman Tejada, Esperanza David, and Antonio Alovera (collectively, the "Trinidad Plaintiffs") as "respondents only, to respond to Pangelinan's claim that the judgment(s) rendered in their, or in its favor wherein they were, or it was, Plaintiff(s) are, or is void ab initio." *See* Compl. at 3.

Even assuming, arguendo, that the Trinidad Plaintiffs have been properly cast as "respondents," Pangelinan's singular reason for embroiling them in this dispute is to "vacate, nullify and dismiss" the eight year old judgment they obtained in *Trinidad v. Pangelinan*, Civil Action 97-0073 (the "Underlying Action"). The Underlying Judgment, however, has been affirmed on three separate occasions by the Ninth Circuit Court of Appeals. *See Trinidad v. Pangelinan*, No. 02-16013 (9th Cir. Jan. 15, 2003);[2] *Trinidad v. Pangelinan*, Nos. 00-15697, 00-15705, 00-16630, 01-16622 (9th Cir.

---

[1] *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000) (the "Underlying Judgment").

[2] *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000), *aff'd*, 32 Fed.Appx. 357, 2002 WL 461731 (9th Cir. 2002) (affirming district court ruling that: (1) district court had personal jurisdiction over the defendants; (2) venue was proper; (3) evidence warranted piercing of corporate veil; (4) district court had jurisdiction over RICO claim; (5) damages award was not abuse of discretion; and (6) execution of judgment was proper in absence of formal stay.

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

March.15, 2002);[3] *see also* 120 Fed.Appx. 742, 2005 WL 332757 (9th Cir. Feb. 11, 2005) (again rejecting Pangelinans' contention that the underlying judgment was void and affirming order denying Pangelinans' motion to compel an accounting and granting Trinidad Plaintiffs' motion for sanctions).

Pangelinan's prior ploys to revive and relitigate this plainly dead issue have already cost him monetary sanctions.[4] His efforts to obstruct enforcement of the Underlying Judgment have earned him criminal penalties, as well.[5] Undaunted by the lack of success on his prior claims and undeterred by the specter of future sanctions, in this complaint Pangelinan launches a collateral attack on the Underlying Judgment, despite the repeated and unequivocal rulings by this court and the court of appeals that the Underlying Judgment is final. Like a broken record, Pangelinan continues to file and

---

[3] *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000), *aff'd*, 54 Fed.Appx. 470, 2003 WL 124471 (9th Cir.), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003) (affirmed judgment and order denying Pangelinans' Fed.R.Civ.P. 60(b)(4) motion to void the judgment in Civil Action No. 97-00073 and further ruling that no additional filings by the Pangelinans would be accepted in the closed appeal).

[4] See 120 Fed.Appx. 742, 2005 WL 332757 (9th Cir. Feb. 11, 2005) (affirming the district court's order denying Pangelinans' motion to compel an accounting, and granting Trinidad Plaintiffs' motion for sanctions on grounds that Pangelinans' challenge to the underlying judgment had twice been rejected by the court).

[5] *See United States v. Pangelinan,* 131 Fed.Appx. 532 (9th Cir. 2005)(affirming conviction for contempt); *United States v. Pangelinan*, 2007 WL 2962354 (9th Cir. 2007) (Reversing jury conviction on Count 1 of obstruction of a court order in violation of 18 U.S.C. § 1509, arising out of his use of threats to interfere with a court order, but affirming conviction for obstruction on Count 2).

refile the same claim against the Trinidad Plaintiffs, with the hope of recovering all property transferred and all funds paid to them. *See* Compl. ¶¶1, 25; *id.* at 15 (praying for declaratory judgment and relief of vacatur, nullification and dismissal of Civil Action No. 97-0073 against the Trinidad Plaintiffs).

The instant effort to void the Underlying Judgment through collateral attack must fail, as it is plainly barred by principles of res judicata and collateral estoppel. The Trinidad Plaintiffs therefore seek dismissal of all charges against them and an order to show cause for Pangelinan to demonstrate why he should not be sanctioned for requiring them to defend against a plainly baseless claim. Finally, in view of the number of times that John Pangelinan has forced the Trinidad Plaintiffs to defend the same baseless claim, they seek an order enjoining Pangelinan from raising any further challenges to the Underlying Judgment and requiring him to file a motion for leave to file a complaint before instituting any new litigation against them, their attorneys, and their agents involving the validity and enforcement of the Underlying Judgment. The authority compelling the imposition of these remedies is set forth below.

//

## LEGAL STANDARD GOVERNING RULE 12(b)(6) MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012 (1984).

In answering this question, the court considers whether there are sufficiently detailed factual allegations in the complaint "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal, however, is also warranted in the absence of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A litigant raising a claim that is barred by collateral estoppel or res judicata is precluded from relitigating the claim and thus has no cognizable legal theory. Thus, a claim barred by collateral estoppel or res judicata requires dismissal under Rule 12(b)(6) and Rule 8(c). *See, e.g., Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1054-1055 (9th Cir. 2005) (as a general matter, a

court may, sua sponte, dismiss a case on preclusion grounds "where the records of that court show that a previous action covering the same subject matter and parties had been dismissed"); *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952) (case disposed of by motion to dismiss raising grounds of res judicata).[6]

In evaluating a Rule 12(b)(6) motion, moreover, the court may take judicial notice of judicial proceedings as well as documents of public record filed therein.[7] Since the Trinidad Plaintiffs seek judicial notice of certain pleadings and rulings only for matters of public record, the motion before the court remains a motion to dismiss and is not converted to a motion for summary judgment. *See Gordon v. Impulse Mktg. Group, Inc.*, 375 F. Supp. 2d 1040, 1044 (E.D. Wash. 2005).

Finally, even though pro se pleadings are held to a less stringent standard than those drafted by lawyers, courts in this Circuit have ruled that even pro se litigants are bound by the Federal Rules of Civil Procedure. *See,*

---

[6] Although ordinarily affirmative defenses may not be raised in a motion to dismiss, res judicata may be asserted in a motion to dismiss when doing so does not raise any disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984).

[7] "On a motion to dismiss, [the court] may take judicial notice of matters ... outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). The court may, accordingly, consider matters of public record, including pleadings, orders, and other papers filed with the court. *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

*e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories.").

## FACTS

1.  Pangelinan was served by certified mail in Civil Action No. 97-0073 (the "Underlying Civil Action"). (Compl. ¶ 23.)

2.  Pangelinan objected to service and never waived his objections to in personam jurisdiction. (Compl. ¶ 24.)

3.  On June 5, 2000, the district court issued Amended Findings of Fact and Conclusions of Law finding Pangelinan liable to the Trinidad Plaintiffs for RICO violations, mail and wire fraud, and common law fraud. (Compl. ¶ 25.)

4.  To satisfy the judgment, certain properties belonging to John and Merced Pangelinan were auctioned and sold to the Trinidad Plaintiffs, as judgment creditors. (Compl. ¶ 4.)

5.  John Pangelinan filed several appeals to contest the Underlying Judgment.[8] The Ninth Circuit Court of Appeals affirmed the district court's

---

[8] In consolidated Appeal Nos. 00-15697 and 00-15705, John and Merced Pangelinan appealed the judgment. In companion Appeal No. 00-16630, the Pangelinans appealed the district court's order issuing writs of attachment and execution and levy on their bank account to satisfy the judgment. In companion Appeal No. 01-16622, the

rulings and affirmed the sale of these properties on March 19, 2002. *See Trinidad v. Pangelinan*, 32 Fed.Appx. 357, 2002 WL 461731 (9th Cir. 2002).[9/]

6. On April 21, 2001, Pangelinan filed a Rule 60(b)(4) motion to vacate or annul the Underlying Judgment, arguing that the district court lacked jurisdiction over him as well as the subject matter. *See* Compl. at 5, ¶ 3. On January 15, 2003, the Ninth Circuit issued its memorandum decision in No. 02-16013, affirming the district court's judgment denying the Rule 60(b)(4) motion to void the judgment. *See Trinidad v. Pangelinan*, 54 Fed.Appx. 470, 2003 WL 124471 (9th Cir.), *cert. denied*, 538 U.S. 1064, 123 S. Ct. 2232, 155 L. Ed. 2d 1119 (2003).[10/]

7. Pangelinan's objections to the Judgment and his defiance of this court's rulings brought him civil and criminal sanctions. (*See, e.g.*, Compl. at

---

Pangelinans appealed the sale of their real property to satisfy the Underlying Judgment and the entry of a preliminary injunction preventing them from interfering with the lessee of one of the properties subject to the writ of attachment. Each of the district court's rulings were upheld. 32 Fed. Appx. 357, 2002 WL 461731 (9th Cir. Mar. 15, 2002). Mr. Pangelinan, however, never missed any additional opportunity to raise his objection to jurisdiction. See Objection to Plaintiffs' Motion to Compel Attendance at a Deposition and for Sanctions and Pangelinans' Motion to Dismiss for Court's Lack of Article III Subject Matter Jurisdiction (filed March 10, 2004) (No. 396-1).

[9] Appeal No. 00-15697 was a consolidated appeal that included Appeal Nos. 00-15706, 00-16630, and 01-16622. *See* 32 Fed. Appx. 357, 2002 WL 461731 (9th Cir. March 15, 2002).

[10] Even though the Court of Appeals closed the file, Pangelinan attempted to appeal this ruling on May 3, 2002 (No. 344-1).

17-23, detailing Pangelinan's record of imprisonment, and history of challenging his convictions.)

8. On January 8, 2004, this Court entered a Notice of Order Denying Defendants' Motion for An Accounting and Granting Plaintiffs' Motion for Sanctions. On February 5, 2005, the Ninth Circuit affirmed the district court's order. *See Trinidad v. Pangelinan*, 120 Fed.Appx. 742, 2005 WL 332757 (9th Cir. Feb. 11, 2005). In its Memorandum Decision, the Court of Appeals once more rejected Pangelinan's challenge to the Underlying Judgment. 120 Fed.Appx. at 743.

## ARGUMENT

### A. Pangelinan's Claim for Declaratory Relief against the Trinidad Plaintiffs is Barred by Res Judicata

Under the doctrine of res judicata, a final judgment on the merits prevents a party from relitigating claims that were or could have been litigated in prior actions. *See Nevada v. United States,* 463 U.S. 110, 129-30, 103 S. Ct. 2906, 2918, 77 L. Ed. 2d 509, (1983); *Western Systems Inc. v. Ulloa*, 958 F.2d 864, 868 (9th Cir. 1992), *cert. denied,* 113 S.Ct. 970, 122 L. Ed. 2d 125(1993). Res judicata also bars a party from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different one. *See Duncan v. United States,*

713 F.2d 538, 541 (9th Cir. 1983). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985).

While there are exceptional circumstances when the doctrine does not apply, none of these exceptions to the bar of res judicata are present in this case. Accordingly, Pangelinan's collateral attack on the Underlying Judgment through this independent action is without merit.

**1. All Elements of Res Judicata Are Present in this Case**

This court ruled that it had jurisdiction to entertain and decide the RICO and fraud claims in the Underlying Action and that the exercise of personal jurisdiction over John and Merced Pangelinan was proper. The judgments of this court and its findings as to jurisdiction have been upheld on appeal. *See Trinidad v. Pangelinan*, No. 02-16013 (9th Cir. Jan. 15, 2003); *Trinidad v. Pangelinan*, Nos. 00-15697, 00-15705, 00-16630, 01-16622 (9th Cir. March.15, 2002);[11] *see also* 120 Fed.Appx. 742, 2005 WL 332757 (9th

---

[11] *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000), *aff'd*, 54 Fed.Appx. 470, 2003 WL 124471 (9th Cir.), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003) (affirmed judgment and order denying Pangelinans' Fed.R.Civ.P. 60(b)(4) motion to void the judgment in Civil Action No. 97-00073 and further ruling that no additional filings by the Pangelinans would be accepted in the closed

Cir. Feb. 11, 2005).

Since the parties to the claim for declaratory relief are identical to those in Civil Action 97-00073 and the jurisdictional challenge in this case is identical to that of 97-00073, no clearer case calling for the application of res judicata exists.

**2. None of the Exceptions to the Doctrine of Res Judicata Apply**

Contrary to Pangelinan's urging, the United States Supreme Court has made clear that there is "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2439, 69 L. Ed. 2d 103 (1981) (internal quotation marks and citations omitted). The Court explained that "[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case" and rejected any equitable exceptions to the application of res judicata based on "public policy" or "simple justice." *Id.* For this reason, the Ninth Circuit has squarely rejected Pangelinan's contention that equitable principles override the application of res judicata in this case. *See, e.g., Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001).

---

appeal). NR. 344-1 (Pangelinan's appeal of Order closing file).

Contrary to Pangelinan's allegations, moreover, the sale of another parcel of his property to satisfy the outstanding judgment does not constitute a "new wrong" sufficient to cast aside the strictures of res judicata. A continuing harm from the same conduct is insufficient to overcome the doctrine. *See Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, 382 F.3d 743, 758 (7th Cir. 2004) (continuing violations from the same underlying problem did not constitute separate and distinct causes of action from those identified in previous settlement that attempted to remedy underlying problem);[12] *De Anza Properties X, Ltd v. County of Santa Cruz*, 936 F.2d 1084, 1087 (9th Cir. 1991) (action challenging a mobile home rent control ordinance accrued when the ordinance was enacted and did not accrue anew "each time one of the appellants' tenants sold a mobile home to a new tenant and appellants are precluded from raising the rent.")

Likewise, the Ninth Circuit's recent vacation of Pangelinan's conviction on one of the two counts of obstruction of justice likewise fails to establish a new wrong: the conviction on the second count of obstruction remains alive and well, was upheld by the Ninth Circuit, and arose from the

---

[12] *Friends of Milwaukee's Rivers* ultimately reversed the finding of res judicata, concluding that the parties were not in privity because the state's prosecution was not diligent. 382 F.3d at 754-55.

same facts. *See United States. v. Pangelinan,* 2007 WL 2962354 (9th Cir. 2007). More importantly, neither of these convictions has anything to do with this court's jurisdiction to issue the Underlying Judgment, and no new or material facts have been pled to warrant any reconsideration of the jurisdictional challenge. Since, as to the Trinidad Plaintiffs, Pangelinan is simply asserting the same claims and theories he asserted in the prior unsuccessful lawsuit, there is no previously undiscovered theory or any change in Pangelinan's legal rights warranting an exception to collateral estoppel.[13]

Finally, Pangelinan himself characterizes his prayer for declaratory relief against the Trinidad Plaintiffs as "arising out of the underlying civil case ... and all the inequities, injustices, and injuries that befallen Pangelinan, directly associated with the said underlying civil case." (Compl. at 15.) According to him, "[t]he Court in the said case was without personal jurisdiction over Pangelinan and was without subject matter jurisdiction in the Article III sense of the U.S. Constitution." Citing *United States v. Beggerly*, 524 U.S. 38, 118 S. Ct. 1862 (1998), Pangelinan then claims some entitlement to bring an independent action for relief from judgment "to prevent a grave

---

[13] See Appellant/Petitioner's Informal Brief filed in *Pangelinan v. Trinidad, et al.,* Case No. 04-15287 (9th Cir. filed May 20, 2004) at 3 (raising issue of subject matter jurisdiction).

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

miscarriage of justice."

Nothing in *Beggerly*, however, supports Pangelinan's conclusion. *Beggerly* simply stands for the proposition that an independent action to vacate a judgment pursuant to Rule 60(b), brought in the same court as the original lawsuit, does not necessarily require an independent basis for jurisdiction. 118 S.Ct. at 46-47. While the case recognizes that there may be certain cases to which the strictures of res judicata do not apply, these cases involve judgments that have been procured by outright fraud. *See, e.g., Marshall v. Holmes*, 141 U.S. 589, 12 S. Ct. 62, 35 L. Ed. 870 (1891). Plainly, Pangelinan's allegations in support of his claim for declaratory relief do not even remotely approach this demanding standard.

Pangelinan has already brought an unsuccessful motion for relief from judgment pursuant to Rule 60(b)(4). *See* 54 Fed.Appx. 470, 2003 WL 124471 (9th Cir. Jan. 15, 2003), *cert. denied*, 538 U.S. 1064, 123 S. Ct. 2232, 155 L. Ed. 2d 1119 (2003). In addition, Pangelinan recites no new facts or any other authority that would justify revisiting the eight year old judgment. Accordingly, Pangelinan is not entitled to a fourth bite at the proverbial apple. *See Federated Dep't Stores*, 452 U.S. 394, 101 S. Ct. 2424.

**B. The Filing of this Complaint Calls for Sanctions**

Even though the claims against the Trinidad Plaintiffs are barred by res

judicata, Pangelinan continues to bring them. It is an exercise of futility even to attempt to catalog the warnings and explanations that this court and the Ninth Circuit have so completely explained to Pangelinan.[14] In spite of all of them, Pangelinan cannot resist filing a new lawsuit to void the Underlying Judgment. Under these circumstances, where a plaintiff has been so thoroughly informed regarding the lack of any procedural and/or legal merit to his claim as to eliminate any possible confusion or questions that might have otherwise existed due to his pro se status, sanctions are appropriate for his additional, meritless filings. *See* 120 Fed.Appx. 742, 2005 WL 332757 (9th Cir. Feb. 11, 2005). Rule 11 sanctions as well as sanctions under 28 U.S.C. § 1927 and 42 U.S.C. 1988, are therefore warranted against Pangelinan in this case. *See Stone v. Baum*, 409 F. Supp. 2d 1164, 1171 (D. Ariz. 2005).

Pangelinan has had his day in court as against the Trinidad Plaintiffs several times over, and thus the litigation he continues to press here not only becomes vexatious and burdensome on the parties and the Court: it robs other meritorious cases of their due process. Under these circumstances, the Trinidad Plaintiffs request sanctions in the form of costs and attorney's fees

---

[14] In addition to the Ninth Circuit rulings, this court need only examine the District Court Docket Sheet for Civil Action No. 97-0073 to review the court's warnings. *E.g.*, No. 46-1 (denying motion for sanctions and to compel); No. 328-1 (denying request for show cause order without prejudice).

Page 15 of 20

incurred in responding to this baseless complaint.

**C. The Facts of this Case Call for a Pre-Filing Injunction**

The constitutional right of access to the courts is not absolute or unconditional. *See, e.g., In re Green*, 669 F.2d 779, 785 (D.C.Cir.1981). If a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits designed to harass his opponents, "a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C. Cir. 1985).

This court plainly is empowered, pursuant to 28 U.S.C. § 1651(a) and its inherent powers, to issue an order enjoining Pangelinan from filing any further actions or papers in this court without first obtaining leave of this Court. *See De Long v. Hennessey*, 912 F.2d 1144, 1146-1149 (9th Cir.), *cert. denied sub nom. De Long v. American Protective Servs.*, 498 U.S. 1001, 111 S.Ct. 562, 112 L.Ed.2d 569 (1990); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983) (court has power to reinforce the effects of collateral estoppel and res judicata by issuing injunction against repetitive litigation); *Clinton v. United States*, 297 F.2d 899, 901 (9th Cir. 1961) (subjecting another to repeated, baseless and vexatious suits on some particular subject matter is sufficient ground for

issuance of injunction).[15]

In view of the number of times that John Pangelinan has forced the Trinidad Plaintiffs to defend themselves on the same claim, moreover, as well as the age of the underlying claim and the amount of judicial resources squandered on resolving the same issue time and again, Pangelinan should be ordered to file a motion for leave to file a complaint before filing any new litigation against the Trinidad plaintiffs or their attorneys and agents involving the Judgment. Not only should the order issue, but Pangelinan should further be required to submit a copy of the order and a copy of the proposed filing with every motion for leave. As a precondition to any further filing, moreover, Pangelinan should also be required to pay all sanctions ordered by the court attributable to his prior frivolous and vexatious filings. Such an order would permit a reviewing judge to assess whether the proposed filing is

---

[15] *See also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-360 (5th Cir.1986) (approving order enjoining further filings against specific defendants involving the same matter on pain of contempt). *See also Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 36 (5th Cir. 1994) (affirming district court's order that all future complaints and pleadings presented by Goldgar, whether pro se or through counsel, were to be verified by him prior to submission and filing with the district court and requiring him to include with every future complaint or pleading to be filed a list of all causes previously filed on that same, similar or related causes of action, as well as a brief statement regarding the court's ruling in that previous action); *Vinson v. Heckmann*, 940 F.2d 114, 116-17 (5th Cir.1991) (ordering all trial and appellate courts within the Fifth Circuit's supervisory jurisdiction to decline acceptance of any filing from frivolous litigant unless he obtained specific pre-authorization by a judge of the forum court); *Moody v. Miller*, 864 F.2d 1178, 1179 n. 2 (5th Cir.1989) (noting Fifth Circuit's decision to prohibit frivolous litigant from prosecuting any more in forma pauperis appeals until he paid all previous sanctions or obtained certification of his good faith by the district court).

made in good faith.

An injunction against filings without pre-filing review is an extraordinary remedy.[16] However, in *De Long v. Hennessey*, the Ninth Circuit articulated a framework to be addressed prior to imposing the sanction. Under this framework, the court: (1) provides the litigant with notice and a chance to be heard before entering the order; (2) establishes an adequate record for review listing cases or abusive activities undertaken by the litigant;[17] (3) makes a substantive finding that the claims brought were frivolous or were brought with the intent to harass the parties;[18] and (4) narrowly tailors the order to deter the specific behavior the litigant has engaged in. 912 F.2d at 1147-48.

---

[16] Although this extreme sanction is generally imposed after party to be sanctioned is given notice and opportunity to respond, this Court may also act sua sponte. *See Stone*, 409 F.Supp.2d at 1171-1172.

[17] An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. *See De Long*, 912 F.2d at 1147. At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive. *Id.*

[18] To make such a finding, the district court should consider "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *See De Long*, 912 F.2d at 1148; *Moy v. United States*, 906 F.2d 467, 470 (A pre-filing "injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous but also be patently without merit"). Alternatively, in finding that a pattern of harassment exists, a district judge need take care not to conclude that particular types of actions filed repetitiously are harassing. *De Long*, 912 F.2d at 1148, n.3. Instead, the district judge needs "to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

The court need only examine the Docket Sheet in Civil Action 97-00073 to confirm Pangelinan's pattern of filing lawsuits alleging claims that have been already decided and are barred by principles of res judicata and collateral estoppel. The Docket Sheet further demonstrates that monetary sanctions and the threat of imprisonment have been ineffective. Undeterred by sanctions, Pangelinan has targeted judges who decide cases against him, files lawsuits against the attorneys representing his opponents, and even sues the grand jurors assigned to his cases by happenstance. In addition to taking action against the Trinidad Plaintiffs, in this case alone, Pangelinan has sued the purchaser of his property, the agent authorized by the court to levy on the property, the judge issuing orders of execution, the Grand Jury, the Jury that convicted him of obstruction of justice, the probation officers, the federal marshals, and the United States of America. The prolific filings by John Pangelinan of these types of claims result in a huge waste of judicial effort and time. Thus, even if this court were not inclined to impose a pre-filing injunction sua sponte, adequate justification to impose an injunction against all future filings by the Pangelinan, without leave of the Court, is clearly called for by *De Long*.

## CONCLUSION

For the foregoing reasons, all claims against the Trinidad Plaintiffs

should be dismissed with prejudice. At the same time, this Court should award them their costs and reasonable attorney's fees incurred in responding to Plaintiff's meritless and bad faith filing. Finally, preventing the filing of any further frivolous and vexatious documents deprives John Pangelinan of nothing, except perhaps the punishment of Rule 11 sanctions. A prefiling order should, accordingly be placed in effect to protect the parties and preserve the resources of this court.

Respectfully submitted this 14th day of February, 2008.

/s/ _____
ROBERT TENORIO TORRES, ESQ.
Attorney for Trinidad, Palermo,
Tejada, David and Alovera