FILED
Clerk
District Court

FEB 26 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

JOHN S. PANGELINAN
P.O. Box 501721
Saipan, MP 96950

Telephone No. (670) 322-0322

Pro se

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN | Civil Action No. 08-0004 |
| Plaintiff, | |
| v. | |
| DAVID A. WISEMAN, ALEX R. MUNSON, CRAIG N. MOORE, MARGARITA D.L.G. WONENBERG, MELINDA N. BRUNSON, JOSEPH AUTHER, DONALD HALL, WOLF CALVERT, GRAND JURORS 1 Thru 23, JURORS 1 Thru 12, ROY E. ALEXANDER ROBERT T. TORRES, LILLIAN A. TENORIO and RUFO T. MAFNAS | OBJECTION TO MOTION TO DISMISS FILED BY RESPONDENTS ANGELITO TRINIDAD, RONNIE PALOMO, HERMAN TEJADA, ESPERANZA DAVID and ANTONIO ALOVERA; MOTION TO DISMISS THEIR MOTION; and, MOTION TO ESTOP BY DEFAULT AND ENTRY OF DEFAULT |
| Defendants, | |
| ANGELITO TRINIDAD, RONNIE PALOMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA and UNITED STATES OF AMERICA, | |
| Respondents. | |

**COMES NOW**, John S. Pangelinan, plaintiff *pro se* and hereinafter referred to as "Pangelinan", and objects to the motion to dismiss filed by respondents Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David and Antonio Alovera, hereinafter "Respondents", moves this Court to dismiss their motion, and further moves to estop Respondents from denying Pangelinan's factual allegations as they pertain to them, for the reasons below:

### Respondents Lack Standing to Make the Motion

Pangelinan's *Bivens* causes of action are (1) retaliatory criminal prosecution, which resulted in his imprisonment, and (2) retaliatory denial of due process of law, which resulted in the loss of his home and land by execution of non-existent process procured by application of non-existent procedure, all prompted by his letters to the editor and for exercising his First Amendment right of freedom of speech, filed on the authority of <u>Hartman v. Moore</u>, 164 L.Ed.2d 441 (2006)— a "clearly established law" and right of action, and, on <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-88, 114 S.Ct. 2372, 129 L.Ed.2d 383 (1994)(*Bivens* action available for application of improper procedure); <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(same); <u>Spencer v. Kemna</u>, 533 U.S 1, 118 S.Ct. 918, 140 L.Ed.2d 43, (1998)(same); and, <u>Bruns v. National Credit UnionAdmin.</u>, 122 F.3d 1251 (9th Cir. 1997)("In <u>Davis v. Passman</u>, 442 U.S. 228, 242, 99 S.Ct. 2264, 2275, 60 L.Ed.2d 846 (1979), the Supreme Court held that federal officers could be sued for damages based on violations of the Fifth Amendment").

Pangelinan, in his Complaint, properly states a claim for which a relief can be granted: stating factual events which gave rise to the causes of action entitling him to a remedy in damages. Pangelinan has a right of action in this case against the defendants which Respondents have no right to deny Pangelinan. Contrariwise, Pangelinan have every right in *this* independent case, res judicata (if indeed applicable) notwithstanding, to declaratory judgment under 28 U.S.C. §2201 and the relief of vacatur, nullification and dismissal of the void judgment under 28 U.S.C. §2202, which Respondents obtained in <u>Trinidad, et al. v. Pangelinan, et al.</u>, Civil Action No. 97-0073, and which is the source of all the injustices, inequities and injuries worked and felled against Pangelinan. As Pangelinan says in his Complaint in regards to res judicata:

> The Court is additionally asked to exercise its equitable powers as this is a case "of 'injustices [happened and happening upon Pangelinan] which in certain instances are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata. <u>Hazel-Atlas Glass Co. v. Hartford-Empire Co.</u>, 332 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed.2d 1250 (1940)." <u>U.S. v. Beggerly</u>, 524 U.S. 38, 47, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998)(brackets are mine). None is more gross than imprisoning, and depriving him of his home, Pangelinan in retaliation for exercising his free speech right and for choosing to ignore and disobey an invalid court judgment and orders (which he may freely do), all done in complete absence of evidence and authority to imprison him and on non-existent procedure or process in depriving him of his home, and then to deny him the relief for the wrongs committed against him all because of what might be a rigid adherence to the doctrine of res judicata, and especially when Pangelinan had been so diligent in pursuing the same remedy through his filings of three 18 U.S.C. §2255 motions but blunted by Wiseman's determined resolve to block or thwart the obtainment of such remedy. Justice here is due Pangelinan.

Page 15-16, Complaint. It is inconceivable that, as Respondents even concede, a court will reopen a case for something comparatively trivial as "fraud" and not reopen it over

something truly gross as Pangelinan complains above, or, as mentioned below, so that collateral legal consequences and civil disabilities resulting from the criminal convictions could be removed, which Pangelinan has every right to remove.

Pangelinan, in anticipation of defendants' assertion of absolute judicial immunity defense, demands in his Complaint for declaratory judgment under 28 U.S.C. §2201 for purposes of *this* case only, which does not even require any notice to or participation of Respondents. In this case, Respondents are only in the periphery or "fence sitters", if you will— they do not have to interject or respond. But, in part, because Pangelinan desires to remove "collateral legal consequences" and civil disabilities resulting from the criminal convictions, and future "grave miscarriages of justice" (Respondents obtained and have in place a permanent injunction against Pangelinan regarding the Garapan land) in the form of future criminal prosecution of contempt of court, demands also for relief under 28 U.S.C. §2202 of vacatur, nullification and dismissal of Respondents' Civil Action No. 97-0073, which in this case requires notice to be given to them, so that the same relief may be obtained on the three criminal cases (to wit: <u>U.S.A. v. Pangelinan</u>, Criminal Action No.s 02-00016, 04-00015 & 06-00012) against Unted States of America (U.S.A.).... hence it is why U.S.A. is included here as respondent too— and, too, is notified.

This, however, does not put them center stage in this case to demand dismissal of this case but rather are still in the periphery— they still do not have to interject or respond, but even so, they still do not have the right to have *this* case dismissed. But because it is their judgment that is to be annulled that they be notified of the proceeding and intended action, required under 28 U.S.C. §2202 and by the Due Process Clause of

4

the Fifth Amendment to the Constitution. See, Kingvision Pay-Per-View Ltd. v. Alice Lake Bar, 168 F.3d 347, 352 (9th Cir. 1999). There is, however, nothing sacrosanct about their judgment that would disentitled Pangelinan the relief he seeks. And, it is astronomically incredible that Respondents would want to be dismissed from *this* case and not join in the discussion regarding the validity of their judgment. Again, contrariwise, Pangelinan has the right and is entitled to declaratory judgment and the relief under the statutes. Pangelinan in due time, after the Federal defendants file their answer, will file a Rule 56(a), Fed.R.Civ.P., motion for declaratory judgment and relief when then Respondents will be given notice to respond on the issues presented therein and on whether Pangelinan is entitled to the relief sought, and even then they will still have no right to have *this* case dismissed.

### State of the Law On Final Judgments

Pangelinan presents here the state of the law on final judgments:

- ❖ "In a case of actual controversy within its jurisdiction, …any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

  28 U.S.C. §2201(a)

- ❖ "Further necessary or proper relief based on declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

28 U.S.C. §2202

- ❖ "A void judgment is one that, from its inception, is complete nullity and without legal effect, and must be distinquished from one which is merely erroneous, irregular, or voidable. …A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based on it."

46 Am Jur 2d, Judgment §31

A federal district court has the power to grant a relief from its prior judgment or to reopen, revise, or vacate, nullify and dismiss it just as they are numerated or mentioned in Rule 60(b), Fed.R.Civ.P., or, by *independent action* under 28 U.S.C. §§2201 & 2202, the Declaratory Judgment Act, and 28 U.S.C. §1651, the All Writs Act, etc., as "…Rule 60(b) does not provide a new remedy at all, but it simply the recitation of pre-existing judicial power." Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, 352 (1995). "Rule 60(b), which authorizes discretionary judicial revision of judgments in the listed situations and in other 'extraordinary circumstances,' *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 100 L.Ed.2d 855, 108 S.Ct. 2194 (1988), …merely reflects and confirms the courts' own inherent and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside judgment whose enforcement would work inequity. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 88 L.Ed. 1250, 64 S.Ct 997 (1944)." *Id.* at 131

L.Ed.2d 352. "If the law then applicable says that the judgment may be reopened for certain reasons, that limitation is built into the judgment itself, and its finality is so conditioned." *Id.* It is also the district court's power, sounding in equity, in cases "of "injustices which in certain instances are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 332 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed.2d 1250 (1940)." U.S. v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998). And, when a prior judgment has to do with court's Article III subject matter jurisdiction, a judgment must be reopened: "…we would nevertheless choose to consider [ ] Article III challenge because 'where these Article III limitations are at issue, notions of consent and waiver [and res judicata] cannot be dispositive'"— in other words, procedural defaults, bars and waivers "cannot be dispositive" of the case before the court. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, 351 (1995)(brackets mine). And, in cases where the judgment is void, district courts have no discretion but to grant the relief sought: "If a district court has no subject matter jurisdiction over an original complaint, then the court has no power to do anything with the case except dismiss, and orders issued thereafter are nullities." U.S. Ex Rel. Newsham v. Lockheed Missiles, 190 F.3d 963, 964 (9th Cir. 1999). "A court considering a motion to vacate a judgment, which it finds void for lack of jurisdiction, has *no* discretion to hold that the judgment should not be set aside." Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 742 (9th Cir. 1986); Carter v. Fenner, 136 F.3d 1000 (5th Cir. 1998)(court has no discretion but to grant relief if judgment is void). "A final judgment is 'void' for purposes of rule governing relief from judgment only if the court that considered it lacked jurisdiction, either as to

7

the subject matter of the dispute or over the parties to be bound, or acted inconsistent with due process of law, and it is not merely erroneous." United States v. Berke, 170 F.3d 882 (9th Cir. 1999).

"A court without jurisdiction of the subject matter cannot enter a valid judgment. …On the contrary, its judgment is utterly void, is not res judicata, and may be freely disobeyed." Dobbs Law of Remedies (Damages-Equity-Constitution), 2nd Ed., Vol. 1, §2.7, Pg. 180 (my emphasis). "A void order [judgment] … may be attacked collaterally by resisting its enforcement in subsequent judicial proceedings." Id., at Pg. 179. See also, 46 Am Jur 2d, Judgments §31. "A judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void, although a party that has unsuccessfully litigated a court's subject matter jurisdiction is normally estopped from such a subsequent challenge." Da Silva v. Kinsho Intern. Corp., 229 F.3d 358, 359 (2nd Cir. 2000). "The Supreme Court has stated, regarding federal court's acquisition of subject-matter jurisdiction, that 'the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.'" Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130-31 (11th Cir. 1994), *quoting from* Insurance Corp. of Ireland v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); Creaciones Con Idea, S.A. de C.V. v. Mashreqbank, 232 F.3d 79 (2nd Cir. 2000) (same). "'Void' judgments are generally open to challenge at any time." U.S. v. Rodriguez Aquirre, 264 F.3d 1195, 1198 (10th Cir. 2001). A void judgment is not validated "by an affirmance by an appellate court, at least if the affirmance is put on grounds not touching the validity of the judgment." 46 Am Jur 2d, Judgments §32.

"Validity of an order [or judgment] of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 102 S.Ct. 2099, 456 U.S. 694, 72 L.Ed.2d 492 (1982). "If a district court has no subject matter jurisdiction over an original complaint, then the court has no power to do anything with the case except dismiss, and orders issued thereafter are nullities." U.S. Ex Rel. Newsham v. Lockheed Missiles, 190 F.3d 963, 964 (9th Cir. 1999). "It is well settled that a judgment is void '*if the court that considered it lacked jurisdiction of the subject matter* or of the parties, or if [the court] acted in a manner inconsistent with due process of law." Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985) . See also, O'Rourke Bros., Inc. v. Burns, Inc., 201 F.3d 948 (7th Cir. 2000). "Void judgment is from its inception a legal nullity. ... Judgment is void and therefore subject to relief [ ] if the court that rendered judgment lacks jurisdiction." U.S. v. Boch Oldsmobile, Inc., 909 F.2d 657 (1st Cir. 1990).

Is the final judgment of this Court void in the case *Trinidad, et al. v. Pangelinan, et al.*, Civil Action No. 97-0073, because it " lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted inconsistent with due process of law, and it is not merely erroneous"? United States v. Berke, 170 F.3d 882 (9th Cir. 1999). Pangelinan submits that it is void for all the same aforesaid reasons, and that it is more than just erroneous. Pangelinan reserves this argument and will be presented in the upcoming Rule 56(a), Fed.R.Civ.P., motion for declaratory judgment and relief.

**Res Judicata Is Not Sub-Defense to Defense of Immunity**

It is established above that Pangelinan have a *Bivens* cause of action against the defendants and presumably the defense of immunity will be asserted by them. Res judicata, a procedural doctrine, will not breathe life into a judgment that is dead, *ab initio,* pursuant to substantive law of federal court jurisdiction— that is, what res judicata bars it does not validate that which is absolutely void. Defendants may decide not to plead absolute judicial immunity defense, but if they do then they *open* the door to litigate the validity of that defense, which boils down to whether the district court proceeded in the previous aforementioned civil case, and in Criminal Action No. 06-00012, without jurisdiction over the subject matter or over the persons bound or whether it proceeded inconsistent with due process of law— and Respondents have no right to stop that litigation, except but to join in the discussion on the availabilty of the defense. Therefore, so even what is res judicata as to Respondents and Pangelinan, between themselves, does not bar relitigation of an issue that was never litigated between the parties (plaintiff and defendants) herewith, in *this* case or in any other case, if there is another. And, it is not for Respondents here to plead or not absolute judicial immunity but the defendants. "Only a valid judgment can be the basis for application of the claim preclusion [true res judicata] doctrine. ...A judgment that is void (*i.e.*, a judicial nullity) is subject to collateral attack at anytime and in any judicial proceeding." 18 Moore's Federal Practice, §131.30[1][a] (Mathew Bender 3d ed.).

Further, res judicata does not apply to parties in a case who were not parties and privies in a prior separate, independent case. Case in point: Respondents' attorney Robert T. Torres, (Torres) a defendant in this case here does not assert such a defense in his "answer" to Pangelinan's Complaint and therefore waives it pursuant to Rule 12,

Fed.R.Civ.P., and likewise waived are defenses of absolute judicial immunity and qualified immunity. But even if they are raised, Torres cannot avail himself of such defenses.

The truth of the matter, however, is that the *issues* on whether district court proceeded in Civil Action No. 97-0073 without subject matter jurisdiction in the Article III sense of the U.S. Constitution or that it was without *in personam* jurisdiction over Pangelinan or that it proceeded inconsistent with due process of law were never specifically addressed or decided in *that* case— which is why Respondents are not able to point out a specific address or decision on these particular issues. There is, therefore, no res judicata, or in particular... no collateral estoppel or, as it is nowadays more particularly referred as, issue preclusion, even as between Pangelinan and Respondents. "Collateral estoppel precludes relitigation of issues *actually* adjudicated, and essential to the judgment, in prior suit between the parties on a different cause of action." St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 427 (5th Cir. 2000)(my emphasis). The Supreme Court is very specific, especially on the issue of res judicata and subject matter jurisdiction, that the doctrine applies only when the issue is actually adjudicated between the same parties. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 246-47, 11 L.Ed.2d 186 (1963). Still, whatever it is, whether it is res judicata, collateral estoppel or issue preclusion, it does not apply in *this* case, because, again, the plaintiff and defendants in *this* case were not opposing parties in Civil Action No. 97-0073. "Doctrine of 'res judicata' bars party from bringing claim if court of competent jurisdiction has rendered final judgment on merits of claim in previous action invoking *same* parties or their privies." In re INTL Nutronics, Inc., 28 F.3d 965 (9th Cir. 1994)(my emphasis). "For

doctrine of res judicata to apply, prior judgment must be one between the *same* parties and their privies." Harris v. Quinones, 507 F.2d 533 (10th Cir. 1974)(my emphasis).

### Respondents Are Not Defendants And Cannot Avail Themselves Of Rule 12(b)(6) Motion

Rule 12(b)(6), Fed.R.Civ.P., motion is a defense for "failure to state a claim upon which a relief can be granted." As noted above and in the Complaint, Pangelinan states a claim for damages against defendants, and having established that a "case" exists for purposes of 28 U.S.C. §2201, calls in Respondents to answer only for purposes of the relief Pangelinan seeks under 28 U.S.C. §2202. Respondents being not defendants cannot avail themselves of the defense of Rule 12(b)(6), Fed.R.Civ.P., and it behooves them not to assert res judicata in the discussion of whether defendants are immune from this lawsuit or whether Pangelinan is entitled to declaratory judgment relief against them, or writs of *coram nobis* and the relief he seeks against U.S.A., etc., which very is much dependent on the nullification of Respondents' Civil Action No. 97-0073 case, which even Respondents themselves concede, to a certain extent, in their motion— see n.6, because as mentioned above the Court has no discretion but to grant the relief sought. Therefore, Respondents' Rule 12(b)(6) motion must be dismissed and Pangelinan hereby moves this Court to dismiss said motion of Respondents. Further, because Respondents default on their answer as summoned, they are now estopped to deny Pangelinan's factual allegations in the Complaint as they pertain to Respondents, and Pangelinan moves this Court for entry of default against Respondents. These motions will be brought up at the hearing scheduled by Respondents for their motion.

The rest of Respondents' claims are rubbish and do not merit discussion. The final analysis is, when it comes to a court's subject matter jurisdiction, unless the said issue is actually litigated and decided, that res judicata does not apply to this case and does not resuscitate that which truly is void or dead.

## CONCLUSION

Based on the above and foregoing reasons, Respondents' motion to dismiss must and should be dismissed, or at the very least denied, Respondents should and must be estopped from denying Pangelinan's factual allegations as they pertain to Respondents in the Complaint, and that entry of default to respond to the summons be made in the docket of this case.

Dated this 26th day of February, 2008.

_____
John S. Pangelinan
Plaintiff, *pro se*

P.O. Box 501721
Saipan, MP 96950

Tel. No. (670) 322-0322