Robert Tenorio Torres
Attorney at Law
P.O. Box 503758
Saipan, MP 96950
Tel: (670) 234-7859

Attorney for Angelito Trinidad, Ronnie Palermo, Herman Tejada, Esperanza David, and Antonio Alovera, Respondents

F I L E D
Clerk
District Court

MAR - 7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID A. WISEMAN, et al,<br><br>　　　　Defendants.<br><br>ANGELITO TRINIDAD,<br>RONNIE PALERMO,<br>HERMAN TEJADA,<br>ESPERANZA DAVID,<br>ANTONIO ALOVERA, and<br>the UNITED STATES OF<br>AMERICA,<br><br>　　　　Respondents. | Case No. CV 08-0004<br><br>REPLY TO OBJECTION TO MOTION TO DISMISS BY ANGELITO TRINIDAD, RONNIE PALERMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA ON GROUNDS OF RES JUDICATA;<br><br>Date:　April 17, 2008<br>Time:　9 am<br>Judge: Tydingco-Gatewood |

John Pangelinan has filed an Objection to the Motion filed by Angelito Trinidad, Ronnie Palermo, Herman Tejada, Esperanza David, and Antonio Alovera (the "Trinidad Plaintiffs") to dismiss with prejudice any

and all claims against them in this action. At the same time that admits he is using this collateral action to vacate their Underlying Judgment, Pangelinan challenges the Trinidad Plaintiffs' standing to make the motion – even though he dragged them into this dispute in the first place.

No one disputes that Pangelinan's intentional and deliberate disregard of court orders has brought about significant consequences, nor are the Trinidad Plaintiffs oblivious to the hardship attending Pangelinan's loss of his land. Nevertheless, Pangelinan steered the course resulting in this shipwreck all by himself. The Underlying Judgment is final. Pangelinan is not entitled to declaratory relief. Pangelinan fails to state any claims against the Trinidad Plaintiffs. For these reasons, the Trinidad Plaintiffs' request for dismissal and an Order should be granted.

### Pangelinan is not Entitled to Declaratory Relief

Consistent with the "cases" and "controversies" requirement of Article III of the United States Constitution, the Declaratory Judgment Act specifically conditions the issuance of declaratory relief on the presence of an "actual controversy."[1] In other words, the Act presupposes "the

---

[1] *E.g. McManus v. District of Columbia*, --- F.Supp.2d ----, 2007 WL 4573442 (D.D.C. Dec. 31, 2007) (Although the Declaratory Judgment Act allows the Court to "declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201, it "is not an independent source of federal subject matter jurisdiction," quoting *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 4 L.Ed.2d 1478 (1960) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct.

existence of a judicially remediable right." *C & E Services, Inc. of Washington v. District of Columbia Water and Sewer Auth.*, 310 F.3d 197, 201-202 (D.C.Cir.2002) (quoting *Schilling*, 363 U.S. at 677, 80 S.Ct. 1288). Black letter principles of jurisprudence dictate, therefore, that to invoke the Declaratory Judgment Act, Plaintiff must demonstrate that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Atlas Air, Inc. v. Air Line Pilots Ass'n, Int'l*, 69 F.Supp.2d 155, 162 (D.D.C.1999), *rev'd on other grounds*, 232 F.3d 218 (D.C. Cir. 2000); *see also Federal Exp. Corp. v. Airlines Pilots Ass'n.*, 67 F.3d 961, 963-64 (D.C. Cir. 1995).  Where, as here, a litigant raises a claim that is barred by collateral estoppel or res judicata, there is no justiciable controversy entitling him to declaratory relief.

Time after time, Pangelinan has been instructed that the eight year old judgment obtained by the Trinidad Plaintiffs in *Trinidad v. Pangelinan*, Civil Action 97-0073 (the "Underlying Action") is valid.  Even in the Objection, Pangelinan recognizes that the Underlying Judgment has been affirmed on

---

876, 94 L.Ed. 1194 (1950).

three separate occasions by the Ninth Circuit Court of Appeals.[2]

Pangelinan nevertheless maintains that he is entitled to a declaration from this court that the Underlying Judgment is void because Rule 60(b) authorizes "discretionary judicial revision of judgments ... .'" Objection at 6. Not only is this twisted view of the facts patently erroneous, as applied to this case, but it also plainly ignores the reality that Pangelinan has already collaterally challenged the Underlying Judgment, the jurisdiction of the court to issue the judgment, personal jurisdiction over the defendants – and he has lost. *See Trinidad v. Pangelinan*, No. CV-97-00073 (March 20, 2000), *aff'd*, 54 Fed.Appx. 470, 2003 WL 124471 (9th Cir.), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003) (affirmed judgment and order denying Pangelinans' Fed.R.Civ.P. 60(b)(4) motion to void the judgment in Civil Action No. 97-00073 and further ruling that no additional filings by the Pangelinans would be accepted in the closed appeal).

---

[2]*See Trinidad v. Pangelinan*, No. 02-16013 (9th Cir. Jan. 15, 2003); *Trinidad v.Pangelinan*, Nos. 00-15697, 00-15705, 00-16630, 01-16622 (9th Cir. March.15, 2002); *see also* 120 Fed.Appx. 742, 2005 WL 332757 (9th Cir. Feb. 11, 2005) (again rejecting Pangelinans' contention that the underlying judgment was void and affirming order denying Pangelinans' motion to compel an accounting and granting Trinidad Plaintiffs' motion for sanctions).

Nevertheless, Pangelinan continues to pontificate on the law of final judgments, insisting upon his so-called right to challenge the Underlying Judgment through declaratory relief. Where, as here, there is ample evidence demonstrating to the court that a previous action challenging the same judgment and involving the same parties had been dismissed, the matter warrants dismissal on Rule 12(b) grounds. *Headwaters Inc. v. United States Forest Service,* 399 F.3d 1047, 1054-1055 (9th Cir. 2005); *Larter & Sons, Inc. v. Dinkler Hotels Co.,* 199 F.2d 854, 855 (5th Cir.1952) (case disposed of by motion to dismiss raising grounds of res judicata).[3]

As to "Respondents" in this case, Pangelinan raises nothing new. He admits that he brought them into this case "because it is their judgment that is to be annulled... ." Objection at 4. Notwithstanding Plaintiff's entirely inaccurate perception of what actually transpired in the Underlying Civil Action, the trial court fully addressed his Article III objections and expressly determined that it could exercise in personam jurisdiction over Pangelinan. Where, as here, there is no issue for the court to decide as to the validity of the Underlying Judgment, there is no substantial controversy of sufficient immediacy *and reality* to warrant the issuance of a declaratory

---

[3] Although ordinarily affirmative defenses may not be raised in a motion to dismiss, res judicata may be asserted in a motion to dismiss when doing so does not raise any disputed issues of fact. *See Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir.1984).

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

judgment. Because the court lacks subject matter jurisdiction to entertain Pangelinan's declaratory judgment claim, the claim against the Trinidad Plaintiffs must be dismissed.

**Respondents are Entitled to Sanctions and a Pre-Filing Injunction**

However he has named them and in whatever role Pangelinan has cast them, it is abundantly clear that Pangelinan drew the Trinidad Plaintiffs into this case to cause them to expend further resources and waste their time as players in his *danse macabre*. Indeed, Pangelinan never even bothers to address their argument for sanctions or the reality that a pre-filing injunction is plainly warranted at this juncture.

Pangelinan's efforts to avoid these consequences by calling the Trinidad Plaintiffs "Respondents," instead of Defendants, is entirely unsuccessful: Pangelinan is simply incapable of leaving his former employees in peace. For these reasons, and for the reasons set forth in their Memorandum, costs and expenses incurred in responding to the Complaint should be awarded to the Trinidad Plaintiffs. No clearer case exists, moreover, warranting the imposition of a pre-filing injunction – which Pangelinan has failed to oppose.

Respectfully submitted this 7th day of March, 2008.

*[signature]*

ROBERT TENORIO TORRES, ESQ.
Attorney for Angelito Trinidad, Ronnie Palermo, Herman Tejada,
Esperanza David and Antonio Alovera

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859