Robert Tenorio Torres
Attorney at Law
P.O. Box 503758
Saipan, MP 96950
Tel: (670) 234-7859

Attorney for Lillian A. Tenorio and Robert T. Torres, pro se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>                Plaintiff,<br><br>vs.<br><br>DAVID A. WISEMAN, et al.,<br><br>                Defendants.<br><br>ANGELITO TRINIDAD, RONNIE PALERMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA, and UNITED STATES OF AMERICA,<br><br>                Respondents. | Case No. CV 08-0004<br><br>REPLY OF LILLIAN A. TENORIO AND ROBERT T. TORRES TO OPPOSITION TO RULE 12(b)(6) MOTION TO DISMISS<br><br>Date: April 17, 2008<br>Time: 9 am<br>Judge: Tydingco-Gatewood |

## INTRODUCTION

In one respect, Pangelinan is correct: neither Robert T. Torres nor Lillian A. Tenorio "have any clue of what the *Bivens* action against them is all about... ." Opposition at 2. As attorneys engaged in the private practice of law in the Commonwealth, their unfortunate connection with Pangelinan arises out of their representation of Angelito Trinidad, Ronnie Palermo,

Herman Tejada, Esperanza David, and Antonio Alovera (the "Trinidad Plaintiffs") to enforce a judgment, obtained against Pangelinan and his wife by prior counsel in Civil Action 97-0073 (the "Underlying Judgment"). Pangelinan, however, casts these attorneys as "state actors" who conspired with judges Munson and Wiseman to violate his First Amendment rights and deprive him of his liberty and property without due process of law.

In his Opposition to the Attorneys' Motion, Pangelinan details the scheme that Torres and Tenorio allegedly masterminded to deprive him of his constitutional rights. First, Pangelinan charges Torres and Tenorio with initiating a retaliatory criminal prosecution as punishment for his public criticism of the Underlying Judgment. Then, Pangelinan goes on to castigate these attorneys for retaliatory denial of due process in obtaining an order that enjoined him from interfering with the sale of his Papago property at public auction and ousting him from possession. According to Pangelinan, the order deprived him of the opportunity to institute yet *another* action in Superior Court to contest the deed of sale and demonstrate how his claim to the Papago Property was superior to that of Mafnas.

As seen through the clouded lens of Pangelinan's latest vision, this case does not challenge the validity of the sale, the validity of the deed, the method of delivering the deed, nor the Underlying Judgment: this case "is about due process of law right [sic] being denied Pangelinan in the deprivation of his

property in retaliation for his telling the whole world of not yielding his land to any purchaser 'come typhoon, tsunami, volcanic eruption or the devil himself', etc." Opposition at 7.

Notwithstanding his bald allegations now charging the opposite, the Complaint offers no facts to establish that Attorneys Torres and Tenorio qualify as state actors responsible for the perpetration of Pangelinan's alleged constitutional injuries. *See Dennis v. Sparks*, 449 U.S. 24, 28, 101 S. Ct. 183, 186, 66 L.Ed.2d 185, (1980) *Pangelinan v. Munson*, 54 F.Appx. 472 (9th Cir. 2003). "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 24, 101 S.Ct. at 186. To prove a conspiracy between Pangelinan and any of the Federal defendants, Plaintiff must assert concrete facts evidencing some sort of agreement or meeting of the minds to violate Pangelinan's constitutional rights. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939, N.21, 102 S.Ct. 2744, 2754-55, 73 L.Ed.2d 482 (1982); *Woodrum v. Woodward County, Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989). The claims against Torres and Tenorio fail entirely in this respect.

## A. THE CONSTITUTIONAL CLAIMS AGAINST TENORIO AND TORRES FAIL BECAUSE THEY ARE NOT GOVERNMENT ACTORS

There is no private right of action under *Bivens* for damages against private entities acting under color of federal law.[1] Accordingly, for a *Bivens* claim to succeed, a plaintiff must allege: (1) that the defendant was acting under color of federal law; and (2) the defendant violated the plaintiff's constitutional rights. *See Hartman v. Moore*, 547 U.S. 250, 256, 126 S.Ct. 1695, 1701, 164 L.Ed.2d 441 (2006); *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). Once a Plaintiff establishes that a defendant has acted under federal law, "[t]here are two aspects to the second inquiry: 1) there must have been a deprivation of federally protected rights, privileges or immunities, and 2) the conduct complained of must have been causally connected to the deprivation." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.1989).

The Complaint against Tenorio and Torres fails on both grounds. The Complaint does not contain any allegations that either Torres or Tenorio were engaged in federal law enforcement activity, were on the government payroll, received federal funding for their work, or were even authorized to perform a

---

[1] *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S.Ct. 515, 519, 151 L.Ed.2d 456 (2001); *Meuse v. Pane*, 322 F.Supp.2d 36, 38-39 (D.Mass. 2004) (holding that plaintiff could not sustain a *Bivens* action against broadcast network because "a *Bivens* claim is simply not available against a private entity even if that entity is acting under the color of federal law").

government task as government agents or actors. Notwithstanding his four fingers of the federal hand analogy, which is curious, at best,[2] the Complaint fails to point out how Tenorio or Torres acted *in concert* with any federal defendant so as to qualify as federal actors on these grounds. (emphasis added.) Because the thrust of Plaintiff's grievances against Torres and Tenorio concern only actions taken on behalf of their clients during the course of a legal proceeding as private counsel, there is no evidence establishing them as government actors that can be liable for federal constitutional violations under *Bivens*.[3]

## B. PLAINTIFF FAILS TO PLEAD THAT HE WAS ENGAGED IN PROTECTED CONDUCT

Pangelinan contends that Torres and Tenorio "are private attorneys who were state actors and who at all relevant times substantially employed and utilized the aid of, and at times aided, in collusion, combination and collaboration with the Federal Defendants, one way or another ... ." Under any standard of pleading, let alone the pleading standard required in the Ninth Circuit, this conspiracy claim fails.

---

[2] See Opposition at 3.

[3] *See Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498, 503 (9th Cir.1996) (finding that it was error not to dismiss a *Bivens* claim absent proof that the defendant was an agent of the federal government); *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 137 (D. R.I. 2004) (Dismissal is warranted when plaintiffs did not allege that the defendants were federal agents); *Stone v. Baum*, 409 F.Supp.2d 1164, 1176 (D.Az. 2005) (Plaintiffs may not sue a lawyer in private practice for violations of their civil rights because private practice attorneys are not state actors).

Notwithstanding the accusations on page five of the Opposition, the Complaint provides no hint as to how Tenorio or Torres were involved in the alleged federal court conspiracy. The only stated explanation of these attorneys' "wrongful conduct" was their use of judicial process to enforce a valid judgment of this court. Second, Plaintiff does not plead specific facts to support the existence of the claimed conspiracy. *Olsen v. Idaho State Bd. Of Medicine*, 363 F.3d 916, 929-30 (9th Cir. 2004). Because Pangelinan only asserts on page five that Torres and Tenorio applied for an order enjoining Pangelinan "to abandon his Papago land upon execution and delivery of the deed to state actor Mafnas," (*see* Objection at 5), moreover, the Complaint still fails on these grounds.

Finally, to establish a First Amendment retaliation claim in an "ordinary citizen" case – that is, a case that does not involve an employment or contractual relationship between the plaintiff and the government--a plaintiff must show (1) that he engaged in constitutionally protected activity, (2) that the defendant's actions caused "an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) that the actions complained of were "substantially motivated" by the plaintiff's protected activity. *Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006); *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir.2002). Pangelinan utterly fails in this regard, since there is no constitutional right to threaten

people with harm. There is no constitutional right to avoid paying a judgment. There is no constitutional right to ignore court orders. Moreover, because the Ninth Circuit has ruled that there *was* probable cause to indict Pangelinan on obstruction of a court order for publishing his threatening and intimidating Letter, no claim for retaliatory prosecution can exist. *See Hartman*, 547 U.S. at 255-256, 126 S.Ct. at 1704.

## B. HARTMAN PROVIDES NO HELP TO PLAINTIFF

Although Pangelinan sees an "amazing parallel" between the facts of *Hartman v. Moore* and his retaliatory prosecution claim, the connection exists only in the mind of John Pangelinan. At the close of the Government's case in *Moore*, the District Court concluded that there was a complete lack of direct evidence connecting the defendants to any of the criminal wrongdoing alleged, and it granted the defendants' motion for judgment of acquittal. Following his acquittal, Moore filed a complaint alleging that the prosecutor and the inspectors had engineered his criminal prosecution in retaliation for criticism of the Postal Service, thus violating the First Amendment. Moore also argued, among other things, that the postal inspectors launched a criminal investigation against him well before they had any inkling of any wrongdoing, that the inspectors targeted him for his lobbying activities, and that they pressured the United States Attorney's Office to have him indicted.

Only in some fantastic world would these facts parallel those leading to

the conviction of John Pangelinan. First, a jury found Pangelinan guilty beyond reasonable doubt on two counts of obstruction. Second, the conviction on one of those counts was affirmed on appeal. Since there was probable cause to indict Pangelinan and convict him of the criminal charge, *Hartman* provides no relief to this plaintiff.

Further, Pangelinan's claim that he was deprived of due process, because he had no opportunity to contest the judicial sale and show his claim to the Property was superior, is equally ridiculous. Pangelinan was provided with process at every stage of the collection and enforcement proceedings to pay the judgment. He was provided with ample notice of the sale. Every procedure required under Commonwealth law was followed. He also had ample opportunity to hire a lawyer to intervene on his behalf or file an action (and we know he has no trouble doing just that) to enjoin the sale and allege, once again in Superior Court, that the judgment was void. He elected not to pay the judgment, substitute other property, or enjoin the sale. His claim of due process deprivation is thus too little, and way late.

### C. TORRES AND TENORIO ARE ENTITLED TO SANCTIONS

In *Pangelinan v. Munson*, 54 F.Appx 472 (9th Cir. 2003), the Ninth Circuit warned Pangelinan that because a private attorney representing the Trinidad Plaintiffs in Civil Action 97-00073, was not a state actor, he could not be sued for constitutional violations. In bringing this lawsuit against

Torres and Tenorio, Pangelinan once again filed a lawsuit founded on arguments that have been previously litigated and rejected.

As a result of his choice to continue with his meritless challenges to the Underlying Judgment, Mr. Torres and Ms. Tenorio have been forced to incur expenses and other costs to respond. Under these circumstances and even against pro se litigants, sanctions are warranted. *See* 120 Fed.Appx. 742, 2005 WL 332757 (9th Cir. Feb. 11, 2005); *Stone v. Baum*, 409 F.Supp.2d 1164 (D. Ariz. 2005).

## CONCLUSION

Without a shred of evidence establishing Tenorio and Torres as state actors, John Pangelinan has filed a complaint against them for vague and amorphous constitutional violations in utter disregard of applicable law. For the foregoing reasons, therefore, all claims against Lillian A. Tenorio and Robert T. Torres should be dismissed with prejudice. To put an end to Pangelinan's harassment and to compensate these attorneys for the bad faith filing of what can only be characterized as a frivolous and groundless lawsuit, sanctions in the form of costs and fees should be imposed by the Court.

Respectfully submitted this 7th day of March, 2008.

_[signature]_
ROBERT TENORIO TORRES, ESQ.
Attorney for Lillian A. Tenorio and Robert T. Torres, pro se