Robert Tenorio Torres
Attorney at Law
P.O. Box 503758
Saipan, MP 96950
Tel: (670) 234-7859

Attorney for Roy E. Alexander and Rufo T. Mafnas

FILED
Clerk
District Court

MAR -7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID A. WISEMAN, et al.,<br><br>Defendants.<br><br>ANGELITO TRINIDAD, RONNIE PALERMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA, and UNITED STATES OF AMERICA,<br><br>Respondents. | Case No. CV 08-0004<br><br>REPLY OF ROY ALEXANDER AND RUFO T. MAFNAS TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Date: April 17, 2008<br>Time: 9 am<br>Judge: Tydingco-Gatewood |

## INTRODUCTION

In Opposition to Roy Alexander's and Rufo Mafnas's Motion to Dismiss, Plaintiff John S. Pangelinan continues to assert that Alexander and Mafnas comprise part of the "four fingers of the federal hands that actually started, developed, did and completed [sic] the constitutional wrongs against

Pangelinan." Opposition at 3.[1] Tasking Alexander for participating in the sale of his property and Mafnas for purchasing it, Pangelinan charges that these defendants are culpable for the violation of his constitutional rights by virtue of their participation in some sham procedure to deprive him of his land.

Pangelinan's retaliatory criminal prosecution claim fails because the actions of these defendants never infringed on any protected first amendment right. The claim for retaliatory denial of due process of law likewise fails because Pangelinan refused to satisfy the Underlying Judgment voluntarily and prior to the taking of his property in satisfaction of amounts outstanding, received all process to which he was due.

## A. THERE ARE NO PROTECTED FIRST AMENDMENT RIGHTS AT ISSUE

Pangelinan claims that he was indicted, arrested prosecuted, convicted and imprisoned on account of Alexander's testimony against him when he publicly criticized the Underlying Judgment and the Order of Sale in his June 1 Letter to the newspapers. Pangelinan further attacks Alexander for participating in the sale of his property.

To allege a Bivens action for retaliatory prosecution for the exercise of free speech rights, however, Pangelinan must demonstrate that he was

---

[1] It is unclear just how this analogy is supposed to work, since Pangelinan has also sued two attorneys, members of the grand jury who indicted him, members of the jury that convicted him, two judges, probation officers, and federal marshals, among others.

prosecuted for engaging in constitutionally protected conduct. *E.g., Gates v. City of Dallas*, 729 F.2d 343, 346 (5th Cir. 1984). Because true threats of intimidation or physical violence fall outside the ambit of constitutional protection, Mr. Pangelinan cannot prevail on these grounds. *See Watts v. United States*, 394 U.S. 705, 707, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (1969). The undisputed facts giving rise to this case, along with the ruling of the Ninth Circuit that "Pangelinan's June 19, 2006, letter contain[ed] language which a rational trier of fact could find expressed a threat of physical harm to person or property,"[2] clearly and unequivocally demonstrates that Pangelinan's June 1 Letter did not even approach a protected activity. As pointed out in their Memorandum filed in support of the Motion, Pangelinan's history of obstruction combined with the threats he had already acted upon rendered the intimidating tactics in the June 1 Letter stand as far from protected activity as one can get. *See Wisconsin v. Mitchell*, 508 U.S. 476, 484, 113 S. Ct. 2194, 2199, 124 L.Ed.2d 436 (1993) (noting the line between expressions of belief that are protected by the First Amendment and threats of force, which are not). Because the threats were not protected by the First Amendment, the claim for retaliatory criminal prosecution fails. *See Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006).

---

[2] *United States v. Pangelinan*, 2007 WL 2962354 (9th Cir. 2007) (slip op.).

## B. THE CLAIM FOR RETALIATORY DENIAL OF DUE PROCESS ALSO FAILS

Pangelinan challenged the validity of the judicial sale because it did not take place at the federal courthouse and now contends that the wrong procedures were used to dispose of his property. *See* Complaint at 8; Opposition at 7. Consistent with CNMI law, however, the Order Authorizing Execution provided that the sale of the Papago Property was to be made to the highest bidder, following adequate publication of the sale, "at such place, and on such date and at such time as may be fixed by Mr. Alexander in a Notice of Sale." Order Authorizing Roy Alexander to Levy Execution (No. 491). The Order authorizing Mr. Alexander to sell the property was issued in accordance with CNMI law to execute on a valid judgment;[3] there is no dispute, moreover, that the sale was public, that it took place after notice and publication, there was competitive bidding, and the property was sold to the highest bidder. Accordingly, the sale was not void.

Although Plaintiff contends that he was improperly ousted from his property following the sale of execution and the delivery of the deed to

---

[3] Pangelinan's objections to the Underlying Judgment, on grounds of subject matter and personal jurisdiction, are barred by res judicata and are plainly frivolous since the district court and the Ninth Circuit have rejected Pangelinan's objections to jurisdiction numerous times. *See Trinidad v. Pangelinan*, 54 F. Appx 470 (9th Cir. 2003)(affirming district court's ruling and denying further filings in closed appeal); *Trinidad v. Pangelinan*, 32 F.Appx 357, 359 (affirming district court's exercise of jurisdiction over the case and parties); Order Granting Motion to Compel and Motion for Sanctions at 1-2 (No. 411) (April 1, 2004) (denying objections to jurisdiction); Order Holding John S. Pangelinan in Civil Contempt of Court at 7, N.5 (Oct. 23, 2006).

Mafnas, nothing could be further from the truth. There is no constitutional right to receive a writ of ejectment and Pangelinan fails to point to any authority on which such a right can be hinged. Because 7 CMC § 4203 does not require an auction of property pursuant to a writ of execution to be performed at the courthouse,[4/] and because CNMI law does not empower a judgment debtor with a clear and unequivocal right to file a collateral attack on every judicial sale, Pangelinan's challenges to the procedures employed to satisfy the Underlying Judgment are groundless. *See Grable*, 25 F.3d 298, 303, (6th Cir. 1994); *Read v. Elliott*, 94 F.2d 55, 59 (4th Cir.1938); *Lansburgh v. McCormick,* 224 F. 874, 876 (4th Cir.1915).

## CONCLUSION

Pangelinan faults Alexander and Mafnas for the loss of his property on the theory that the taking of his land via writ of execution and the delivery of the deed to Mr. Mafnas contravened federal law and unspecified federal statutes. Undisputed facts, however, prove otherwise. The Papago Property was executed against to satisfy the Underlying Judgment in accordance with

---

[4] *Yazoo & M.V.R.*, moreover, is distinguishable in other material respects. First, Yazoo plainly held that the statute on which Pangelinan relies only applies to judicial sales, and not to sales of execution. At issue in *Yazoo* were certain stock certificates that were to be sold pursuant to the state law of Mississippi. Unlike the law of the Commonwealth, Mississippi state law at this time required the sale to be made at the county courthouse. 257 U.S. at 17. Therefore, the sale was defective for its failure to comply with state law – and not for any defect that could not be cured under 28 U.S.C. § 2001.

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

the procedures permitted by Fed. R. Civ. P. 69 and CNMI law. Pangelinan, moreover, was afforded multiple opportunities to participate in the process, just as he was afforded ample opportunity to satisfy the Underlying Judgment through other means. Since the Papago Property was not taken in retaliation for the exercise of his First Amendment rights but to satisfy the Underlying Judgment, there can be no claim against Messrs. Alexander and Mafnas for retaliatory denial of due process of law on these grounds.

Moreover, although Pangelinan takes pains to point out that Alexander testified against him at court hearings and before the grand jury, and that he filed a "negative statement" and delivered a deed to the Papago land to Mafnas, there is no allegation that Alexander offered perjured testimony to obtain an indictment without probable cause, or that he did anything but carry out the court's order as directed. *See* Report on Notice of Sale for June 2, 2006 (No. 507); Complaint at ¶¶ 7, 10, 13.[5/]  Since Pangelinan has likewise failed to plead any participation by Mafnas beyond that of a good faith purchaser, he has failed to make even the most cursory showing of how Mafnas violated his rights or denied him due process. Accordingly, all claims against Mafnas and

---

[5] For these reasons, Alexander is also entitled either to absolute, quasi-judicial immunity. Absolute judicial immunity protects an officer of the court who lawfully executes a valid court order. *See Coverdell v. Department of Soc. and Health Servs.*, 834 F.2d 758, 764-65 (9th Cir.1987); *see also Singh v. Magee*, 1 Fed.Appx. 713, 714 (9th Cir.2001). Furthermore, "[a]n absolute immunity [defense] defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *See Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

rights or denied him due process. Accordingly, all claims against Mafnas and Alexander are entirely baseless.

Respectfully submitted this 7th day of March, 2008.

_____
ROBERT TENORIO TORRES, ESQ.
Attorney for Roy E. Alexander and Rufo T. Mafnas