1  U.S. DEPARTMENT OF JUSTICE
   Civil Division, Torts Branch
2  C. SALVATORE D'ALESSIO, JR.
   Senior Trial Attorney
3  VIRGINIA G. LAGO
   Attorney Advisor
4  Constitutional Torts Staff
   Virginia Bar No. 25017
5  P.O. Box 7146, Ben Franklin Station
   Washington, DC  20044-7146
6  Facsimile: (202) 616-4314
   Email: *Virginia.Lago@usdoj.gov*
7  Telephone: (202) 616-4328

8          Attorneys for the Individual Federal Defendants,
           Alex R. Munson, David A. Wiseman, Craig Moore,
9          Margarita D.L.G. Wonenberg, Melinda Brunson,
           Joseph Auther, Donald Hall and Wolf Calvert

10

11
                    **UNITED STATES DISTRICT COURT**
12
                   **FOR THE NORTHERN MARIANA ISLANDS**
13

14

15 | John S. Pangelinan,

16 |         Plaintiff,              **Civil Action No. 1:08-CV-04**
   |     v.
17 |                                 **Memorandum in Support of Motion to**
   | David A. Wiseman, et al.,       **Dismiss the Complaint Without Leave to Amend**
18 |                                 **Filed on Behalf of the Federal Defendants**
   |         Defendants.
19

20

21  Table of Authorities.................................................... ii - iv

22  Introduction............................................................  2

23  Applicable Legal Standard...............................................  5

24  Discussion..............................................................  5

25  I.    Claims that Accrued Prior to January 28, 2006, are Time Barred....  6

26  II.   Any Remaining First Amendment Retaliation Claims are Not Viable...  7

27  III.  Plaintiff's Conviction Deprives this Court of Subject Matter Jurisdiction.... 8

28  IV.   The Judicial Defendants and Prosecutor are, in any event, Entitled to Immunity..  9

V.    The Remaining Federal Defendants are also Entitled to Immunity. . . . . . . . . . . . 12
    A.    Absolute Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    B.    Qualified Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
VI.   Service of Process is Insufficient as to the U.S. Attorney General. . . . . . . . . . . . 14
VII.  Plaintiff's Claims should be Dismissed Without Leave To Amend. . . . . . . . . . . 15
Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Certification of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Table of Authorities**

**CASES**

*Ashelman v. Pope*,
793 F.2d 1072 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
403 U.S. 388 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Briscoe v. LaHue*,
460 U.S. 325 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Buckey v. County of Los Angeles*,
968 F.2d 791 (9th Cir.), *cert. denied*, 506 U.S. 999 (1992). . . . . . . . . . . . . . . . . . . . . . 5

*Burkes v. Callion*,
433 F.2d 318 (9th Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Burns v. Reed*,
500 U.S. 478 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cameron v. Fogarty*,
806 F.2d 380 (2d Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chang v. Chen*,
80 F.3d 1293 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Commissioner of Internal Revenue v. Sunnen*,
333 U.S. 591 (1948). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Commonwealth of the Northern Mariana Islands v. Cabrera*,
1999 WL 33992426 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Consolidated Pioneer Mortgage*,
205 B.R. 422 (9th Cir. BAP 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Coverdell v. Dep't of Social and Health Services*,
834 F.2d 758 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Crooks v. Maynard*,
913 F.2d 699 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Demoran v. Witt*,
   781 F.2d 155 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Duamutef v. Morris*,
   956 F. Supp. 1112 (S.D. N.Y. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Edwards v. Balisok*,
   520 U.S. 641 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Emrich v. Touche Ross and Company*,
   846 F.2d 1190 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ganich v. Knapp*,
   319 F.3d 1115 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hartman v. Moore*,
   547 U.S. 250 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*Havas v. Thornton*,
   609 F.2d 372 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Heck v. Humphrey*,
   512 U.S. 477 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Holden v. Hagopian*,
   978 F.2d 1115 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Imbler v. Pachtman*,
   424 U.S. 409 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Love v. United States*,
   915 F.2d 1242 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Martin v. Sias*,
   88 F.3d 774 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Meek v. County of Riverside*,
   183 F.3d 962 (9th Cir.), *cert. denied,* 528 U.S. 1005 (1999). . . . . . . . . . . . . . . . . 10

*Mendocino Envtl. Ctr. v. Mendocino County*,
   192 F.3d 1283 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mireles v. Waco*,
   502 U.S. 9 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Moore v. City of Costa Mesa*,
   886 F.2d 260 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385 (9th Cir. 1987). . . . . . . . . . . . . . . . . . 11

*New Alaska Development Corp. v. Guetschow*,
869 F.2d 1298 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Omni-Capital Int'l v. Rudolf Wolff & Co.*,
484 U.S. 97 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Papasan v. Allain*,
478 U.S. 265 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pierson v. Ray*,
386 U.S. 547 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Sanders v. City & County of San Francisco,
226 F. App'x 687 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Saucier v. Katz*,
533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Schmier v. United States Court of Appeals for the Ninth Circuit*,
279 F.3d 817 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Singer v. Fulton County Sheriff*,
63 F.3d 110 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996). . . . . . . . . . . . . . . . . . 7

*Stump v. Sparkman*,
435 U.S. 349 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*United States v. Vesikuru*,
314 F.3d 1116 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Van Strum v. Lawn*,
940 F.2d 406 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wilson v. Garcia*,
471 U.S. 261 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yaselli v. Goff*,
12 F.2d 396 (2d Cir. 1926), *aff'd*, 275 U.S. 503 (1927). . . . . . . . . . . . . . . . . . . . . . . 13

**STATUTES**

Fed. R. Civ. P. 4(i)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Fed. R. Civ. P. 4(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Fed. R. Civ. P. 4(m). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Civ. P. 12(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 15

Fed. R. Evid. 201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 1509. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

7 C.M.C. § 2503. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney
VIRGINIA G. LAGO
Attorney Advisor
Constitutional Torts Staff
Virginia Bar No. 25017
P.O. Box 7146, Ben Franklin Station
Washington, DC  20044-7146
Facsimile: (202) 616-4314
Email: *Virginia.Lago@usdoj.gov*
Telephone: (202) 616-4328

    Attorneys for the Individual Federal Defendants,
    Alex R. Munson, David A. Wiseman, Craig Moore,
    Margarita D.L.G. Wonenberg, Melinda Brunson,
    Joseph Auther, Donald Hall and Wolf Calvert

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| John S. Pangelinan,<br><br>    Plaintiff,<br>v.<br><br>David A. Wiseman, et al.,<br><br>    Defendants. | **Civil Action No. 1:08-CV-04**<br><br>**Memorandum in Support of Motion to Dismiss the Complaint Without Leave to Amend Filed on Behalf of the Federal Defendants** |

    COMES NOW the individually named federal defendants, specifically: Alex R. Munson, Chief Judge for the U.S. District Court for the Northern Mariana Islands (N.M.I.); David A. Wiseman, Designated Judge of the U.S. District Court for the N.M.I.; Craig Moore, Assistant U.S. Attorney (AUSA) for the District of Guam and the N.M.I.; Margarita D.L.G. Wonenberg and Melinda N. Brunson, Federal Probation Officers; Joseph Auther, Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"); and Donald Hall and Wolf Calvert, Deputy U.S. Marshals ("DUSMs"); by and through their undersigned counsel, and respectfully submit the following Memorandum in Support of their Motion to Dismiss the Complaint Without Leave to Amend.

**Introduction**

This is a civil damages action filed by a disgruntled litigant seeking to collaterally attack judicial decisions and acts closely associated with the judicial process, and impose personal liability on federal officials for actions which are shielded by the doctrine of absolute immunity. This is the <u>third</u> time that the plaintiff is litigating what he views as the controversy surrounding the civil RICO judgment entered against him (and his related prosecution for allegedly trying to frustrate the ability of the prevailing parties from the civil RICO matter to collect on their judgment against him) through a damages action in which Judge Munson, among others, is entitled to absolute immunity from plaintiff's claims.[1]

In his first damages action, plaintiff sued Judge Munson because plaintiff was dissatisfied with court rulings from a civil RICO case in which the plaintiff here was the defendant. Judge Munson was the presiding U.S. District Judge in that case. Plaintiff was found liable under the civil RICO statute and judgment was entered against him in the amount of $270,000.00. Plaintiff appealed but failed to put up bond to stay the enforcement. As a result, Judge Munson, in response to motions filed in the RICO case, took actions to enforce the judgment, including attaching plaintiff's property and selling 55 year interests in said property to satisfy the civil RICO judgment against plaintiff. Judge Munson also found the plaintiff here in contempt for his failure to comply with the Court's orders. Ultimately, the Ninth Circuit Court of Appeals affirmed Judge Munson's rulings in the RICO case. Plaintiff then sued both the prevailing parties' lawyer from the civil RICO action and Judge

---

[1] In order to appreciate the litigation history associated with the plaintiff, it is respectfully requested that this Court take judicial notice of its records and files in the civil RICO case in which judgment was entered against plaintiff, *Angelito Trinidad, et al. v. John S. Pangelinan, et al.*, No. 97-0073 (D.N.M.I.), and its related appeals, 32 F. App'x 357 (C.A.9 (N.M.I.)), Numbers 00-15697, 00-15705, 00-16630, 01-16622, and 54 F. App'x 470 (C.A.9 (N.M.I.)), No. 02-16013, *cert. denied*, 538 U.S. 1064 (2003); the first civil damages action filed against Judge Munson, among others, by plaintiff, *Pangelinan v. Munson, et al.*, D.C. No. CV-02-0025 (D.N.M.I.), and its related appeal, 54 F. App'x 472 (C.A.9 (N.M.I.)), No. 02-16884; and the second damages action filed against Judge Munson, among others, by the plaintiff, *Pangelinan v. Munson, et al.*, D.C. No. 1:04-CV-0010 (D.N.M.I.).

Munson. As to the latter, plaintiff alleged that Judge Munson violated his constitutional rights during the course of the trial and in enforcing the judgment. Plaintiff also sued Judge Munson in tort. All of plaintiff's claims were dismissed on a variety of grounds, primarily judicial immunity.[2] Dismissal of those claims was affirmed on appeal. *See Pangelinan v. Munson, et al.,* Civ. No. 02-0025 (D.N.M.I. 2002) *aff'd,* 54 F.App'x 472 (9th Cir. 2003).

Plaintiff's second lawsuit was also related to the underlying civil RICO matter, but more specifically stemmed from the fact that the plaintiff was later prosecuted on criminal contempt charges for allegedly continuing to violate the Court's orders and frustrate the ability of the prevailing parties from the civil RICO case to collect on their judgment against the plaintiff. Plaintiff once again sued Judge Munson and the lawyer of the prevailing parties from the underlying civil RICO action, but also added another judge, a judicial law clerk, and a federal prosecutor as defendants. That case was dismissed primarily on the ground that the defendants in that case were entitled to absolute judicial or quasi-judicial immunity. *See Pangelinan v. Munson, et al.,* Civ. No. 04-0010 (D.N.M.I. 2004).

In his present and third damages action, plaintiff again asserts that certain federal officials violated his rights by prosecuting him. Once again the genesis of plaintiff's claims is easily traced to his civil RICO suit, *Trinidad, et al., v. Pangelinan, et al.,* Civ. No. 97-0073 (D.N.M.I. 1997), and his related criminal prosecution. *See United States v. Pangelinan*, 2007 WL 1995158 (9th Cir. 2007). The only difference being that plaintiff has changed his legal theory to allege that he was prosecuted in retaliation for exercising his First Amendment rights because he sent a letter to the newspaper criticizing the Court.[3]

---

[2] To the extent that the instant action alleges claims against Judge Munson which have already been decided in other cases, the plaintiff is barred from re-litigating those claims by the doctrine of *res judicata*. *See Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591 (1948), and, *Commonwealth of the Northern Mariana Islands v. Cabrera*, 1999 WL 33992426 (1999).

[3] Plaintiff was indeed charged with two counts of using threats to interfere with a federal court order because in his letters he told prospective buyers of his attached property
(continued...)

Plaintiff also claims that his property was sold and that he suffered continued imprisonment, again all allegedly in retaliation for the criticizing letters he wrote and sent to the editor of a local newspaper.

Based upon these allegations plaintiff now sues Judge Munson for a <u>third</u> time, and adds the other federal officials named in this lawsuit and a host of private individuals as defendants.[4] As to the federal defendants, plaintiff seeks damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Complaint, p. 4.[5] However, it is evident from the face of the Complaint that the claims against Judge Munson are based upon the performance of his judicial responsibilities. *See* Complaint, ¶¶

---

[3](...continued)
not to bid on the property on penalty of, *inter alia*, "feeling his wrath of vengeance." Complaint ¶ 6. Pangelinan was convicted on both counts and sentenced to a prison term of one year and a $7,500.00 fine. *See* Complaint ¶ 33. He served his sentence and was released on January 8, 2008. *Id.* On appeal of his conviction, the Ninth Circuit affirmed in part and reversed in part, finding that while one of the two letters contained language which a rational trier of fact could find expressed a threat of physical harm to person or property, the other did not. *Pangelinan*, 2007 WL 1995158, * 2. Significantly for present purposes, the Ninth Circuit left in place plaintiff's sentence and the fine imposed against him. *Id.*

[4] Plaintiff also names the individuals who prevailed in the civil RICO matter against him and the attorneys who assisted the prevailing parties in collecting their judgment, and the successful bidder at the Court-approved and ordered sale of the land used to satisfy the judgment.

[5] Plaintiff also seeks a declaratory judgment against the United States. *See* Complaint, p. 16. However, this Court should dismiss that claim as well because plaintiff has failed to allege facts sufficient to support standing to bring such a claim or to satisfy the prerequisites for equitable relief because he has not alleged a real and imminent threat of future injury. Even if plaintiff had alleged such facts, this Court should decline to exercise its discretionary power to issue a declaratory judgment because the declaration sought by the plaintiff would interfere with the conduct of other cases which have already been fully litigated in either this Court or the Court of Appeals for the Ninth Circuit. Likewise, this Court should reject plaintiff's attempt to invoke the *All Writs Act* because plaintiff has failed to establish either that (*i*) the extraordinary relief authorized by that statute is necessary or appropriate in aid of Court's jurisdiction or (*ii*) that plaintiff's claimed legal rights are indisputably clear.

12, 43, 54. Moreover, all of the claims asserted against the other federal defendants arise from acts closely associated with the judicial process. *Id*. at pp. 7-10, 24-28. Accordingly, the federal defendants are entitled to immunity from suit and, by way of the present motion, move to dismiss the plaintiff's claims pursuant to Fed. R. Civ. P. 12(b). For relief, they respectfully seek a dismissal of plaintiff's Complaint against them without leave to amend, and any other relief that this Court deems is just and warranted under the circumstances.

## Applicable Legal Standard

Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b) where a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.), *cert. denied*, 506 U.S. 999 (1992). Review is based upon the contents of the complaint. *Moore v. City of Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989). In addition, a court may properly look beyond the complaint to items in the record of the case or to matters of general public record. *Emrich v. Touche Ross and Company,* 846 F.2d 1190, 1198 (9th Cir. 1988). *See also MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings); and Fed. R. Evid. 201 (court may take judicial notice of adjudicative fact). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989). The Court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). Where, as here, the allegations in the Complaint do not state a claim upon which relief may be granted as a matter of law and cannot be cured by amendment, the lawsuit should be dismissed under Rule 12(b).

## Discussion

Plaintiff sues the federal defendants in their individual capacities, seeking damages based upon alleged violations of his constitutional rights. However, plaintiff's Complaint fails to state a claim and should be dismissed for the following reasons. First, any claims

5

which accrued prior to January 28, 2006, are time barred. Second, any remaining First Amendment retaliation claims are not viable because plaintiff's underlying criminal prosecution was supported by probable cause. Third, plaintiff's damages claims should also be dismissed for want of subject matter jurisdiction because he cannot demonstrate a favorable termination of his underlying conviction. Fourth, plaintiff cannot in any event maintain a claim against the judicial defendants or the federal prosecutor because they are protected from plaintiff's claims by absolute immunity. Fifth, plaintiff's claims against the remaining federal defendants are similarly subject to dismissal because they are also shielded from personal liability by absolute and qualified immunity. And sixth, service of process as to the individually named federal defendants is insufficient because the Attorney General was not served. In addition, given the federal defendants' entitlement to immunity in this case, the Complaint, at least as to them, should be dismissed without leave to amend.

**I.    Claims that Accrued Prior to January 28, 2006, are Time Barred.**

Plaintiff's recitation of the facts in support of his claims begins with the allegation that "[i]n late 1997, or sometime in 1998," he was sued under the Racketeer Influenced Corrupt Organizations Act (RICO) for mail and wire fraud. *See* Complaint, p. 5, ¶ 1. From there and throughout the Complaint, plaintiff alleges acts or events in support of his claims that occurred prior to January 28, 2006. *See id.*, at pp. 5, 13-18, 24-28. Plaintiff commenced the present action on January 28, 2008. *See* Civil Docket Entry No. 1. Consequently, to the extent that plaintiff relies on acts or events that occurred prior to January 28, 2006, plaintiff's claims are time barred.

The statute of limitations applicable to plaintiff's constitutional claims is the state personal injury statute. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). *See also Wilson v. Garcia,* 471 U.S. 261 (1985) (for limitations purposes, Civil Rights actions are best characterized as personal injury actions; state statutes governing actions for an injury to the person govern timeliness of civil rights actions). In the Northern Mariana Islands, actions for injury to the person or to the rights of another must be commenced within two years. *See* 7 C.M.C. § 2503. Thus, plaintiff's claims against Judge Munson in connection

with the 2000 case of *Trinidad, et al., v. Pangelinan, et al.*, (Complaint ¶¶ 2 - 4), and against Judge Wiseman in connection with the 2004 contempt proceedings (Complaint ¶¶ 46, 49-52) are time barred. In addition, plaintiff's claim that Deputy U.S. Marshal Calvert "mazed" him while he was incarcerated in 2005 is similarly time barred. Accordingly, these claims must be dismissed.

**II.    Plaintiff's Remaining First Amendment Retaliation Claims are Not Viable.**

Plaintiff contends that by exercising his First Amendment right of free speech by sending a letter to the newspaper criticizing acts taken against him by the Court and those acting at the Court's direction, he was subjected to retaliatory criminal prosecution, retaliatory denial of due process of law of property and retaliatory continued imprisonment. *See* Complaint, pp. 11-13, and 29-30. Plaintiff does not assert any other independent claims under the First Amendment.

In order to establish a First Amendment retaliation claim, plaintiff must prove: (1) that he engaged in protected speech; and (2) that his speech was a substantial or motivating factor in (3) adverse state action of the type that "would chill or silence a person of ordinary firmness from future First Amendment activities[.]" *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999). In addition, the Supreme Court clarified the causation element in retaliatory prosecution cases, adding that plaintiff must show that the prosecution was without probable cause. *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006). Stated differently, a claim for First Amendment retaliation cannot be sustained "when the criminal prosecution was supported by probable cause." *Duamutef v. Morris*, 956 F. Supp. 1112, 1116 (S.D. N.Y. 1997). *See also Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996) (upholding dismissal of First Amendment retaliation claim: "if the officer ... had probable cause ... then we will not examine the officer's underlying motive in ... charging the plaintiff.").

A prosecution and conviction, if not overturned, is conclusive evidence that an arrest was supported by the requisite probable cause. *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[T]he common-law rule, equally applicable to actions asserting false arrest,

7

false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested."). Here, plaintiff cannot possibly establish a lack of probable cause for his arrest and conviction for violating 18 U.S.C. § 1509 because the Ninth Circuit has already affirmed his conviction.[6] The conviction was, as a matter of law, supported by probable cause. Any claim of retaliation therefore must fail.[7]

### III.   Plaintiff's Conviction Also Deprives this Court of Subject Matter Jurisdiction.

Under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by unlawful actions that would render a conviction or sentence invalid, a plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. at 486-87. The Court therefore has established the rule that any claim for damages which bears any relationship to a criminal conviction or sentence of imprisonment that has not been invalidated, is not a legally viable claim. *Id*. at 487.[8]

Plaintiff's claims rely on the allegation that his underlying indictment, arrest, prosecution, conviction, and imprisonment, pursuant to 18 U.S.C. § 1509,[9] were without

---

[6] Plaintiff appears to be under the mistaken belief that since one count of the underlying criminal charge was reversed on appeal, he is innocent of all charges. This of course fails to recognize the affirmance of his conviction on the second count.

[7] Plaintiff's retaliation claim fails for another reason. A threat is not protected by the First Amendment, and plaintiff has failed to establish that his letter is protected speech.

[8] This holding, known as the "favorable termination rule," applies equally to Section 1983 claims and *Bivens* actions. *See, e.g., Martin v. Sias,* 88 F.3d 774, 775 (9th Cir. 1996).

[9] Title 18, United States Code, Section 1509 provides, in pertinent part, that "whoever, by threats or force, willfully prevents, obstructs, impedes, or interferes with, or willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of rights or
(continued...)

8

probable cause and in retaliation for the criticism contained in his letters to the editor. On appeal of his criminal conviction, the Ninth Circuit affirmed in part and reversed in part, finding that while one of the two letters authored by plaintiff contained language which a rational trier of fact could find expressed a threat of physical harm to person or property, the other letter did not. *Pangelinan*, 2007 WL 1995158. In other words, while the Ninth Circuit reversed as to one count, it affirmed as to the other, and plaintiff's resultant conviction was not overturned. Moreover, the Ninth Circuit did not vacate plaintiff's sentence of imprisonment. *Id.* For this reason, plaintiff cannot satisfy *Heck v. Humphrey* which requires the favorable termination of a criminal conviction before a plaintiff can recover damages for an allegedly unconstitutional conviction or imprisonment. Plaintiff's claims in this case must therefore be dismissed because a judgment in his favor here would necessarily imply the invalidity of his underlying criminal conviction or sentence.[10]

**IV.    The Judicial Defendants and Prosecutor are, in any event, entitled to Immunity.**

Plaintiff alleges that the official actions of Judge Munson, Judge Wiseman, and AUSA Moore violated his constitutional rights. Plaintiff claims Judge Munson issued an arrest warrant for plaintiff (¶ 12), issued a writ of attachment (¶ 43), and did not revoke plaintiff's supervised release (¶ 54). He alleges Judge Wiseman issued orders for the sale of his property (¶ 5) and orders to show cause (¶¶ 8, 11, 51), signed an arrest warrant (¶ 54), presided over plaintiff's criminal trial (¶ 16), found plaintiff guilty and sentenced him (¶ 52), revoked plaintiff's bail (¶ 17), and denied plaintiff's motions (¶¶ 16, 18, 21, 51). Finally, plaintiff claims that Assistant U.S. Attorney Moore convened a grand jury (¶ 10), and

---

[9](...continued)
the performance of duties under any order, judgment, or decree of a court of the United States, shall be fined under this title or imprisoned not more than one year, or both."

[10]    The effect of *Heck* is not one simply of exhaustion of remedies; rather, it goes to the court's subject matter jurisdiction and precludes even entertaining the case. *Edwards v. Balisok*, 520 U.S. 641 (1997). Plaintiff cannot circumvent this bar by arguing that his conviction was not valid. He simply cannot bring the present matter because his conviction was not reversed, valid or not.

requested that the court revoke plaintiff's bail (¶ 17).  Plaintiff does not claim any action was taken other than through their offices as judges or prosecutor.  Plaintiff's claims against Judge Munson, Judge Wiseman, and AUSA Moore are barred by absolute immunity.

As to Judge Munson and Judge Wiseman, the Supreme Court has held that few doctrines are more firmly established at common law than the immunity of judges from liability for damages for judicial acts.  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  More recently in *Mireles v. Waco,* 502 U.S. 9, 11 (1991) the Supreme Court established two requirements for a finding of absolute immunity:  (1) the challenged act must be judicial in nature, and (2) the act was not done in the clear absence of all jurisdiction.  Thus, as long as the challenged act can somehow be viewed as a judicial action taken under even colorable authority of the court, the defendant judge is cloaked with absolute immunity.  *See Ashelman v. Pope,* 793 F.2d 1072 (9th Cir. 1986) (*en banc*); *See also Crooks v. Maynard*, 913 F.2d 699 (9th Cir. 1990).

As to the first prong, the Ninth Circuit has established a four-factor test to determine whether a judge's acts giving rise to a damages suit are "judicial" acts shielded by absolute immunity.  Under this test, a judge is immune if:

>    (1) the precise act is a normal judicial function;
>    (2) the events occurred in the judges' chambers;
>    (3) the controversy centered around a case then pending before the judge; and
>    (4) the events at issue arose directly and immediately out of a confrontation with the judge in his official capacity.

*Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir.), *cert. denied,* 528 U.S. 1005 (1999).

There is no doubt this test is satisfied here, as all of the acts by Judge Munson and Judge Wiseman which are challenged by plaintiff involve judicial acts.  From issuing writs and ruling on motions, to presiding over plaintiff's trial and sentencing, each act is a normal judicial function, which occurred in connection with plaintiff's case.  All of the events arose directly and immediately from plaintiff's interactions with Judge Munson and Judge Wiseman in their official capacities in connection with the criminal case against plaintiff.  Plaintiff does not contest this as evidenced by his own Complaint.

As to the second prong, it is also clear that the actions of both Judge Munson and Judge Wiseman were within the Court's jurisdiction in this case.[11] In *Ashelman,* the court held that the policy requirements of absolute immunity dictate that where immunity is at issue, the jurisdiction of the judge must be broadly construed. Moreover, whether a judge acted in the clear absence of jurisdiction does not depend upon whether the judge correctly decided the particular issue before the court. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). Instead, immunity turns upon whether a judge acts within the broad scope of the court's subject matter jurisdiction when he takes the challenged judicial acts. *See also New Alaska Development Corp. v. Guetschow,* 869 F.2d 1298, 1302 (9th Cir. 1989).

Here, plaintiff was arrested, tried, and convicted for violation of 18 U.S.C. § 1509, Obstruction of Court Orders. Both Judge Munson and Judge Wiseman are authorized to hear such cases. Furthermore, the decision in this case was reviewed by the Ninth Circuit, without any question as to the Court's jurisdiction. *Pangelinan*, 2007 WL 1995158.

With regard to AUSA Moore, the Supreme Court has also applied the doctrine of absolute immunity to prosecutors for their conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Ninth Circuit has consistently and specifically held that a prosecutor's decision to convene a grand jury, and indict [plaintiffs], is an activity subject to absolute immunity, even if done while lacking probable cause. *Sanders v. City & County of San Francisco,* 226 F. App'x 687 (9th Cir. 2007)(unpublished). *See also Hartman*, 547 U.S. at 250 (prosecutors have absolute

---

[11] Plaintiff has repeatedly claimed that this Court has lacked subject matter jurisdiction in the cases against him. This argument has been consistently rejected by the Court. *See Pangelinan v. Munson, et al.,* 54 F. App'x 472 n. 3 (9th Cir. 2003). In any event, a lack of subject matter jurisdiction does not deprive a judge of absolute immunity for judicial acts. Rather, as long as the challenged acts can somehow be viewed as judicial actions taken under even colorable authority of the court ("[j]urisdiction is construed broadly where the issue is the immunity of a judge," citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)), the defendant judge is cloaked with absolute judicial immunity. *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

11

immunity from retaliatory prosecution claims). The actions attributed to AUSA Moore are consistent with the decisions, *supra*, affording absolute immunity to prosecutors.

Accordingly, the doctrine of absolute immunity bars plaintiff's claims against Judge Munson, Judge Wiseman and AUSA Moore, and the claims against them must be dismissed.

**V.     The Remaining Federal Defendants are also Entitled to Immunity.**

**A.     Absolute Immunity.**

Plaintiff claims that FBI SA Auther testified before the grand jury (¶ 10) and executed the arrest warrant (¶ 12). He claims that DUSMs Hall and Calvert executed the court's orders (¶ 19 and ¶ 54), that Probation Officer Wonenberg recommended a one year term of imprisonment (¶ 20), and that Probation Officer Brunson petitioned the court for plaintiff's arrest (¶ 54).

The Supreme Court has extended the absolute immunity available to judges and prosecutors to other persons whose functions are intimately or closely associated with the judicial process. The touchstone for this immunity is whether the activity in question is intimately associated with the judicial process, for it is that process which the immunity protects. *See Burns v. Reed*, 500 U.S. 478 (1991); *Stump*, 435 U.S. at 362.

In *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970), the Ninth Circuit found that probation officers serve a function integral to the judicial process, and as such, are entitled to quasi-judicial immunity. *See also Demoran v. Witt*, 781 F.2d 155 (9th Cir. 1985) (absolute immunity for probation officers).

Quasi-judicial immunity has also been afforded to police and other court officers for purely ministerial acts. In *Coverdell v. Dep't of Social and Health Services,* 834 F.2d 758 (9th Cir. 1987), the Ninth Circuit afforded absolute immunity for the execution of a facially valid court order. *See also Briscoe v. LaHue*, 460 U.S. 325, 345 (1983) (Witnesses who testify at trial are absolutely immune with respect to any claims based upon their testimony).

Here, the functions at issue are critical to the judicial process, *e.g.,* the execution of the court's orders, as well as the provision of recommendations to the court in accordance with the statutory duties of these court officers. As such, Probation Officers Brunson and

Wonenberg, DUSMs Hall and Calvert, and FBI SA Auther are entitled to Quasi-Judicial Immunity.  Accordingly, plaintiff's claims against these defendants must be dismissed.[12]

### B.    Qualified Immunity.

To the extent that the plaintiff's claims could be construed as asserting a claim against defendants Auther, Calvert or Hall which are based upon acts which are somewhat less associated with the judicial process, the federal defendants are nonetheless entitled to qualified immunity on those claims – which also shields them from personal liability.[13]

Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  In *Saucier v. Katz*, the Court established a two-step process to determine the applicability of qualified immunity.  533 U.S. 194, 200 (2001).  The first step is to determine whether a constitutional right would have been violated on the facts alleged, and the second inquiry is whether that right was clearly established.  *Id*.  Thus, as a threshold matter, a plaintiff must show that, viewing the facts as alleged "in the light most favorable to the plaintiff[]...the officers' conduct violated a constitutional right."  *Ganich v. Knapp*, 319 F.3d 1115, 1119 (9th Cir. 2003) (citing *Saucier*, 533 U.S. at 201).

In the instant action, the allegations against FBI SA Auther and DUSMs Hall and Calvert address only their respective execution of court orders.  In the case of FBI SA Auther, plaintiff alleges that he executed an arrest warrant for plaintiff based upon the grand jurors' indictment.  *See* Complaint ¶ 12.  Thus, it is clear from plaintiff's own allegations

---

[12] Plaintiff also names as defendants "Grand Jurors 11 thru 23" (who voted to indict him), and "Jurors 1 thru 12" (who convicted him).  Complaint ¶ 2.  While these defendants are unidentified Doe Defendants and thus are not currently represented, we note that they, too, would be entitled to absolute immunity.  *See Yaselli v. Goff*, 12 F.2d 396 (2d Cir. 1926), *aff'd*, 275 U.S. 503 (1927).

[13] Plaintiff claims that FBI SA Auther executed the arrest warrant (¶ 12) issued by Judge Munson.  He also claims that DUSMs Hall and Calvert executed orders issued by Judge Wiseman (¶ 19 and ¶ 54).

13

that the warrant was supported by probable cause.  As to DUSMs Hall and Calvert, plaintiff first alleges that DUSM Hall carried out Judge Wiseman's order in ejecting plaintiff from the property sold in satisfaction of the damage award against plaintiff (¶ 19), and that both DUSMs Hall and Calvert executed an arrest warrant issued by Judge Wiseman.  There is no allegation that any of the warrants issued by either Judge Munson or Judge Wiseman were not valid.   As such, the officers' reliance on facially valid warrants does not violate any constitutional right.  *See United States v. Vesikuru*, 314 F.3d 1116, 1124 (9th Cir. 2002). Therefore, plaintiff's claims against FBI SA Auther and DUSMs Hall and Calvert do not survive the first step of *Saucier*.[14]  Accordingly, FBI SA Auther and DUSMs Hall and Calvert are entitled to qualified immunity and plaintiff's claims against them can also be dismissed on this basis.

**VI.     Service of Process in this case is Insufficient as to the U.S. Attorney General.**

The plaintiff has currently failed to effect proper service of process with respect to the federal defendants as required by the Federal Rules of Civil Procedure, and must do so within 120 days of the filing of the Complaint.  It is elementary that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni-Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Where the complaint seeks relief from a federal officer or employee, effective service of process requires service on both the federal officer or employee <u>and</u> the United States.  *See* Fed. R. Civ. P. 4(i)(2)(B).  The United States is served by serving a copy of the summons and complaint upon the Attorney General of the United States and upon the United States Attorney for the district in which the action is pending.  Fed. R. Civ. P. 4(i)(1).

The service requirements of Rule 4(i)(1) apply to suits against federal officers in their individual capacity if the suit arises from the performance of official duties.  *See* Fed. R. Civ P. 4(i)(2)(B).  Thus, for a federal court to exercise personal jurisdiction over a federal

---

[14]  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

14

official sued in his or her individual capacity, service must be made upon the Attorney General and the United States Attorney for the district in which the action is pending. Fed. R. Civ. P. 4(i)(1), (2)(B). The Court's file in this case shows that although a return of service has been filed with respect to the U.S. Attorney's Office, the plaintiff has not served the U.S. Attorney General as required by Rule 4(i)(1)(B). Thus, in accordance with Fed. R. Civ. P. 4(m), if service is not effected on the Attorney General within 120 of the filing of the Complaint, this Court could dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5).[15]

**VII.   Plaintiff's Claims Should Be Dismissed Without Leave To Amend.**

The purpose of the judicial immunity doctrine is to allow judges and other persons whose functions are intimately or closely associated with the judicial process to act on matters before our courts with freedom and independence and without the intimidation or fear of harassing litigation. The doctrine is grounded on principles of public policy, and it affords absolute immunity for judicial decisions and acts closely associated with judicial functions because any lesser level of protection would impair the performance of the judicial process. To further the policy interests that the immunity doctrine is designed to protect, the claims here against the federal defendants should be dismissed without leave to amend.

The Ninth Circuit laid out the five factors to consider when granting a motion to dismiss without leave to amend in *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817 (9th Cir. 2002). The same factors used to examine the correctness of granting a motion for leave to amend apply, namely: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Id.* at 824 (quoting *In re Consolidated Pioneer Mortgage*, 205 B.R. 422, 426 (9th Cir. BAP 1997). In this case, the most relevant factor is

---

[15] The federal courts have broad discretion where service is insufficient. In this case, it is unnecessary to dismiss the Complaint on this basis or to direct plaintiff to properly effect service because the federal defendants are entitled to immunity. However, because plaintiff has failed to identify "Grand Jurors 11 thru 23" and "Jurors 1 thru 12" so that service of process may be effected upon them, the claims against these unknown defendants are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5).

15

1  the fourth, futility of amendment. That factor frequently means that "it was not factually
2  possible for [plaintiff] to amend the complaint so as to [state a cognizable claim]." *Id. See*
3  *also Chang v. Chen*, 80 F.3d 1293, 1295 (9th Cir. 1996) ("We also affirm the district court's
4  decision to dismiss without leave to amend because there is no reason to believe that any
5  amendment would cure the deficiency."); *Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir.
6  1979) ("It is clear, however, that leave to further amend the complaint would serve no
7  purpose, since the acts complained of could not constitute a claim for relief..."). Based upon
8  this authority, this Court should dismiss plaintiff's claims without leave to amend because
9  the federal defendants are entitled to absolute immunity, and therefore it is not factually
10 possible for the plaintiff to amend the complaint so as to state a cognizable claim.

## Conclusion

For the reasons stated above, the federal defendants seek dismissal of plaintiff's Complaint without leave to amend.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

*/s/ C. Salvatore D'Alessio, Jr.*
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney, Torts Branch

*/s/ Virginia G. Lago*
VIRGINIA G. LAGO
Attorney Advisor, Constitutional Torts Staff

Attorneys for the individual federal defendants

### Certification of Service

I certify that on March 26, 2008, this *Memorandum in Support of the Federal Defendants' Motion to Dismiss the Complaint without Leave to Amend* was filed electronically. Notice of this filing will be sent by e-mail to all parties registered to receive electronic filing by operation of the court's electronic filing system. Parties not indicated to have been electronically served on the Notice of Electronic Filing will be served with a paper copy of this filing via regular first class U.S. mail, postage prepaid. Parties may also access this filing through the court's Case Management (CM) / Electronic Case Filing (ECF) system.

Signed: *C. Salvatore D'Alessio, Jr.*