LEONARDO M. RAPADAS
United States Attorney
MIKEL SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam  96910
PHONE:  (671) 472-7332
FAX:  (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID A. WISEMAN, et al.,<br><br>　　　　　Defendants. | CIVIL CASE NO.: 08-0004<br><br>**UNITED STATES' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; MEMORANDUM OF POINTS AND AUTHORITIES** |

INTRODUCTION ........................................................................................................ 2

UNDERLYING FACTS AND PROCEDURAL BACKGROUND ................................................3

APPLICABLE LEGAL STANDARD ...................................................................................6

DISCUSSION ........................................................................................................... 7

　　I.　　PLAINTIFF'S WRIT OF CORAM NOBIS MUST BE DENIED AS A MATTER OF LAW ......7

　　II.　　THE UNITED STATES' SOVEREIGN IMMUNITY DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION ..........................................................................................7

　　III.　　PLAINTIFF'S DECLARATORY JUDGMENT CLAIM IS BARRED BY UNITED STATES' SOVEREIGN IMMUNITY ..............................................................................8

　　IV.　　PLAINTIFF'S CLAIM IS BARRED BY RES JUDICATA ................................................10

V. PLAINTIFF'S REQUEST FOR RELIEF UNDER THE ALL WRITS ACT SHOULD BE DENIED .................................................................................................. 12

VI. SERVICE OF PROCESS IS INSUFFICIENT AS TO THE ATTORNEY GENERAL ...............13

VII. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.......... 14

CONCLUSION ..............................................................................................................15

COMES NOW, the Defendant, UNITED STATES, by and through its undersigned attorneys, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby moves this Court to dismiss any and all claims against the United States asserted by the Plaintiff in this action without leave to amend.

## **INTRODUCTION**

The Plaintiff, JOHN S. PANGELINAN, files this action for declaratory judgment, writ of coram nobis, and writ based upon the 28 U.S.C. § 1651(a), the "All Writs Act," in an attempt to reverse his criminal convictions. In fact, in sheer desperation to support his meritless claims, Plaintiff sues almost everyone involved with his criminal convictions, including the District Court Judge, the Designated Judge for this District, the Assistant U.S. Attorney that prosecuted him, two federal probation officers, and even the jurors that indicted him and the jurors that convicted him. He claims that he is entitled to a writ of coram nobis against the United States because his criminal convictions for obstruction of court order were based upon a null or invalid civil judgment.[1] In addition, Plaintiff claims that he is entitled to a declaratory judgment because this Court lacked subject matter jurisdiction over the criminal cases. He seeks a writ under the All Writs Act as a catchall request for relief.

---

[1] *Trinidad, et al. v. Pangelinan, et al.*, Civil Case No. 97-0073 (D. N. Mar. I 1997).

2

Plaintiff's claims for relief must fail as a matter of law.  First, Rule 60(e) of the Federal Rules of Civil Procedure clearly states that writs of coram nobis have been abolished.  Second, the sovereign immunity protects the United States from lawsuits unless the United States waives immunity or consents to be sued.  Plaintiff's complaint is totally devoid of any facts that support a waiver of sovereign immunity.  A petition for a declaratory judgment is not an exception waiver of sovereign immunity prerequisite.  Plaintiff must point to independent grounds for claiming waiver of sovereign immunity.  Upon review of the face of his Complaint, it is apparent that Plaintiff has failed to do so.

Further, Plaintiff's claim for a declaratory judgment to reverse his criminal convictions is barred by the doctrine of res judicata.  Plaintiff filed multiple habeas corpus petitions, which were all denied.  *See supra* note 3.  In addition, the Ninth Circuit has considered and upheld his convictions.  *See supra* notes 2 and 5.  Thus, Plaintiff has been fully heard in the criminal cases and has exercised his right to appeal his conviction.  Plaintiff seeks to circumvent the appellate process and bypass an appeal to the United States Supreme Court by filing this declaratory judgment claim.  In addition, Plaintiff's request for a writ based upon the All Writ Act should be denied.  Granting a writ based upon the All Writs Act is an extraordinary measure, reserved for only the most extreme of cases.  This Court must find that Plaintiff's right to the writ is clear and undisputable and he has no other alternative means to seek the relief he is requesting.  Here, it is clear and undisputable that his claim for relief is barred by the doctrines of sovereign immunity and res judicata.  These bars are absolute and fatal to Plaintiff's Complaint.  Accordingly, Plaintiff's Complaint should be dismissed without leave to amend.

**UNDERLYING FACTS AND PROCEDURAL BACKGROUND**

1. Plaintiff was served by certified mail in Civil Action No. 97-0073 (the "Underlying Civil

Action"). *See* Complaint, ¶ 23.

2. Plaintiff objected to the service and never waived his objections to in personam Jurisdiction. *See* Complaint, ¶ 24.

3. On or about June 5, 2000, the District Court of NMI issued Amended Findings of Fact and Conclusions of Law finding Plaintiff liable to former employees Angelito Trinidad, Ronnie Palermo, Herman Tejada, Esperanza David, and Antonio Alovera (collectively, the "Trinidad Plaintiffs") for RICO violations, mail and wire fraud, and common law fraud (the "Underlying Civil Judgment"). *See* Complaint, ¶ 25.

4. To satisfy the judgment, certain properties belonging to Plaintiff and his wife, Merced Pangelinan, were auctioned and sold to the Trinidad Plaintiffs as judgment creditors. *See* Complaint, ¶ 4.

5. Plaintiff filed several appeals to contest the Underlying Civil Judgment. On or about March 19, 2002, the U.S. Court of Appeals for the Ninth Circuit affirmed the District Court's rulings and affirmed the sale of Plaintiff's properties.[2]

6. On April 21, 2001, Plaintiff filed a Rule 60(b)(4) motion to vacate or annul the Underlying Civil Judgment, arguing that the District Court lacked jurisdiction over him as well as the subject matter. See Complaint at 5, ¶ 3. On January 15, 2003, the Ninth Circuit issued its memorandum decision in Appeal No. 02-16013, affirming the District Court's judgment in

---

[2] In order to appreciate the pains that Plaintiff has taken to overturn the Underlying Civil Judgment, the United States respectfully requests this Court to take judicial notice of its records and files in the Underlying Civil Judgment, in which judgment was entered against Plaintiff, *Trinidad, et al. v. Pangelinan, et al.*, Civ. Case No. 97-0073 (D. N. Mar. I. 1997), and its related appeals, 32 F.App'x. 357, 2002 WL 461731 (9th Cir. 2000), *Pangelinan* D.C. Case Numbers 00-15697, 00-15705, 00-16630, 01-16622, and 54 Fed.Appx. 470 (9th Cir. 2003), No. 02-16013, *cert. denied*, 538 U.S. 1064 (2003); the first civil action filed against the individual federal defendants by Plaintiff, *Pangelinan v. Munson, et. al.*, D.C. Case No. CV-02-0025 (D. N. Mar. I. 2002), and its related appeal, 54 F. App'x. 472 (9th Cir. 2003), No. 02-16884; and the second damages action filed against certain individual federal defendants by Plaintiff, *Pangelinan v. Munson*, D.C. No. 1:04-CV-0010 (D. N. Mar. I. 2004).

denying the Rule 60(b)(4) motion to void the judgment. *See Trinidad v. Pangelinan*, 54 F. App'x. 470 (9th Cir. 2003), *cert. denied*, 538 U.S. 1064 (2003).

7. Plaintiff's objections to the Underlying Civil Judgment and his defiance of this Court's rulings brought him civil and criminal sanctions. In August 2002, Plaintiff was convicted of criminal contempt for violating a preliminary injunction issued in the Underlying Civil Judgment. *See United States. v. Pangelinan*, Criminal Case No. 02-00016 (D. N. Mar. I. 2002). Plaintiff appealed the conviction; the Ninth Circuit reversed the conviction because the temporary injunction had expired. *See* Complaint, ¶ 28.

8. On or about May 28, 2004, Plaintiff was again convicted of criminal contempt of a temporary restraining order issued in the Underlying Civil Judgment. *See United States. v. Pangelinan*, Criminal Case No. 04-00015 (D. N. Mar. I. 2004). Plaintiff appealed the conviction, which was affirmed by the Ninth Circuit on or about May 13, 2005. *See* Complaint, ¶ 31.

9. On or about September 27, 2006, Plaintiff was convicted of two counts of obstruction of

10. court order in violation of 18 U.S.C. § 1509. Both convictions were based upon two letters that Plaintiff published in a local newspaper in which Plaintiff made threats against potential purchasers in contravention of the sale of his real property. *United States v. Pangelinan*, Criminal Case No. 06-00012 (D. N. Mar. I. 2007); *see* Complaint, ¶ 32. On October 11, 2007, the Ninth Circuit affirmed one conviction and reversed the other.

11. Plaintiff filed multiple habeas corpus petitions and motions for reconsideration, premised

on 28 U.S.C. § 2255 authority, each of which was denied because this Court lacked subject matter jurisdiction pending Plaintiff's appeal to the Ninth Circuit[3]. *See* Complaint at 19-22, wherein Plaintiff details the history of his habeas corpus petitions.

## **APPLICABLE LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to file a motion to dismiss for a court's lack of subject-matter jurisdiction. Further, Rule 12(b)(6), permits a party to seek dismissal where the non-moving party fails to state a claim upon which relief can be granted. All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Love v. United* States, 915 F.2d 1242, 1245 (9th Cir. 1989); *see also Emory v. United States HUD*, 2006 U.S. Dist. LEXIS 62522, *4 (D. Haw. 2006) ("When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.")

Further, a court may properly look beyond the complaint to items in the record of the case or to matters of general public record. *Emrich v. Touche Ross and Company*, 846 F.2d 1190, 1198 (9th Cir. 1988); *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that on a motion to dismiss, the court may take judicial notice of matters of public record outside of the pleadings). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Emory* at *5. "A plaintiff has the burden of proving that jurisdiction exists." *Id*. If a court concludes that it lacks jurisdiction over

---

[3] In order to appreciate the history associated with Plaintiff's habeas corpus petitions, the United States respectfully requests this Court to take judicial notice of its records and files in the civil cases in which Plaintiff's habeas corpus petitions were denied *Pangelinan v. United States*, Civil Case Nos. 06-0022, 06-00034, 07-0004, 07-00025, and 07-00027. Plaintiff's last habeas corpus petition was denied as moot because Plaintiff had already served his one-year sentence of imprisonment and was no longer considered "in custody."

the subject matter of the complaint, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Simpao v. Gov't of Guam*, 2005 U.S. Dist. LEXIS 42853, *6 (D. Guam 2005). Also, if the Plaintiff's Complaint fails to state a claim upon which relief can be granted, the lawsuit should be dismissed under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

**I.  PLAINTIFF'S WRIT OF CORAM NOBIS MUST BE DENIED AS A MATTER OF LAW**

Rule 60(e) of the Federal Rules of Civil Procedure unambiguously states that writs for coram nobis have been abolished. Plaintiff has already been put on notice that this type of writ has been abolished. In this Court's order denying Plaintiff's writ of habeas corpus in *Pangelinan v. United States of America*, Case No. CV-07-0004 (D. N. Mar. I. 2007), this Court explicitly held that the writ of coram nobis has been abolished by Rule 60. Plaintiff's blatant disregard of this Court's prior ruling is indicative of Plaintiff's intent to file a frivolous lawsuit against the United States and waste judicial resources. Thus, because this type of writ has been abolished, which plaintiff knew, this claim should be dismissed.

**II.  THE UNITED STATES' SOVEREIGN IMMUNITY DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION**

The Court lacks jurisdiction over the claims against the United States because the United States is entitled to sovereign immunity. The Ninth Circuit has held:

> It is well settled that the United States is a sovereign, and as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismiss of the action is required . . . because the existence of such consent is a prerequisite for jurisdiction. The Supreme Court has 'frequently held. . . that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'

*Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007); *see also Cline v. Dellapena*, 2006 U.S. Dist. LEXIS 64055, *5 (E.D. Cal. 2006) (holding that sovereign immunity is a complete jurisdictional bar if it has not been waived and it is the burden of the party attempting to bring suit against the United States to show the existence of a definitive waiver); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . and is jurisdictional in nature"); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The Plaintiff has utterly failed to meet this burden because his Complaint is completely devoid of any allegation that the United States has either waived sovereign immunity or consented to be sued. Plaintiff's failure to show the existence or applicability of any waiver of sovereign immunity is fatal to his claim against the United States and renders this court without subjection matter jurisdiction. Accordingly, Plaintiff's claims against the United States must be dismissed.

**III. PLAINTIFF'S DECLARATORY JUDGMENT CLAIM IS BARRED BY UNITED STATES' SOVEREIGN IMMUNITY**

Plaintiff attempts to divert the Court's attention from the sovereign immunity roadblock by seeking declaratory judgment under 28 U.S.C. § 2201 and § 2202, the Federal Declaratory Judgment Act (the "FDJA"). However, the law in the Ninth Circuit is clear: the FDJA is not a waiver of sovereign immunity. *White v. Administrator of Gen. Svcs. Admin.*, 343 F.2d 444 (9th Cir. 1965); *see also Cline*, 2006 U.S. Dist. LEXIS at *7; *Eric v. Secretary of U.S. Dep't of Hous. & Urban Dev.*, 464 F.Supp. 44, 48 (D. Alaska 1978) and *Hous. Auth. of S.F. v. U.S. Dep't of Hous. & Urban Dev.*, 340 F. Supp. 654, 656 (N.D. Cal. 1972)).

Plaintiff is seeking a declaratory judgment or writ to reverse his criminal convictions. Plaintiff cannot rely on the FDJA as a means to bootstrap the United States' waiver of sovereign immunity. Plaintiff must allege a basis, independent of the FDJA, to support an allegation that the United States has waived sovereign immunity or has consented to be sued. It is apparent from the face of the Complaint that Plaintiff has failed to meet this burden. Plaintiff fails to show, or even suggest, the existence or applicability of any waiver of sovereign immunity. In fact, Plaintiff plainly admits the United States is merely "in the periphery" or a "fence sitters" in this case. *See* Plaintiff's Objection to Motion to Dismiss Filed by Respondents Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David and Antonio Alover, pertinent parts attached hereto and incorporated herein as Government Exhibit "A." Plaintiff includes the United States as a 'fence sitter' in this lawsuit because he claims it is necessary to notify the United States of the Plaintiff's request to reverse the criminal convictions and related Underlying Civil Judgment. *See* Government Exhibit "A." Clearly, the United States is not a necessary party to this case.

However, Plaintiff fails to understand that independent grounds for waiver of sovereign immunity is needed to seek a declaratory judgment for reversal of a criminal conviction; a claim for a declaratory judgment is not in itself grounds for waiver of sovereign immunity. Accordingly, Plaintiff's failure to show the United States' waiver of sovereign immunity bars his claim for a declaratory judgment.

Even assuming, *arguendo*, that Plaintiff has mustered enough facts to show that the United States' has waived sovereign immunity, Plaintiff is not entitled to a declaratory judgment. The FDJA states, "in a case of ***actual controversy*** within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added); *see also Simpao*, 2005 U.S. Dist. LEXIS at *15.

Here, Plaintiff has not alleged that any controversy exists between himself and the United States.[4] In fact, no actual controversy exists because the criminal conviction that Plaintiff seeks to overturn has been affirmed by the Ninth Circuit without subsequent appeal to the U.S. Supreme Court. It is a final decision and thus, as explained below, is barred by res judicata. *See generally Taman v. Marianas Pub. Land Corp.*, 4 N. Mar. I. 287, 1995 N. Mar. I. LEXIS 7 (D. N. Mar. I. 1995).

### IV.   PLAINTIFF'S CLAIM IS BARRED BY RES JUDICATA

Plaintiff fails to state a claim upon which relief can be granted because his claim for reversal of his criminal convictions is barred by res judicata. The United Supreme Court has explained its position on the applicability of res judicata in *Commissioner v. Sunnen*, 333 U.S. 591 (1948). The Supreme Court held that "the general rule of res judicata applies to repetitious suits involving the same cause of action." *Id*. at 597. "It rests upon considerations of economy and public policy favoring the establishment of certainty in legal relations." *Id*. "The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Id*. (internal quotation marks omitted). "The judgment puts an end to the cause of action, which cannot again

---

[4] Plaintiff's characterization of the United States is indicative of lack of controversy between himself and the United States.

be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." *Id*.

Further, the opinion in *Commonwealth of the Northern Mariana Islands v. Cabrera* is indicative of this District's treatment of the doctrine of res judicata. 6 N.M.I. 47, 1999 WL 33992426 (N. Mar. I. Commw. Super. Ct. 1999). The court in *Cabrera* held that "under the doctrine of res judicata, previous litigation of either a claim or issue may preclude subsequent litigation of the same claim or issue by the same parties or their privies." *Id*. "Subsequent litigation will be barred where a court of competent jurisdiction has rendered a valid and formal judgment on the merits." *Id*. "The judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action." *Id*. More importantly, the court identified the following factors as supportive of a conclusion that a decision is final for purposes of preclusion: "[1] that the parties were fully heard, [2] that the court supported its decision with a reasoned opinion, and [3] that the decision was subject to appeal or was in fact reviewed on appeal." *Id*.

It is apparent that Plaintiff's claim for "vacatur, nullification and dismissal" of the criminal convictions against him is barred by res judicata. Plaintiff's claim against the United States involves the same parties, the same issues, and the same request for reversal of his criminal convictions. Plaintiff's criminal convictions have been reviewed and upheld by the Ninth Circuit. All of the elements of res judicata are met. Where a conviction has been upheld on appeal, Plaintiff is not entitled to challenge the merits of his convictions. *Id*.

Accordingly, Plaintiff's claim is barred by res judicata and thus, must be dismissed for failure to state a claim upon which relief can be granted. The court in *Cabrera* said it best: "there has to be an end to litigation between parties. Individuals are entitled to their day in court, but they are not entitled to have several tries in court on their claim." *Id*.

## V. PLAINTIFF'S REQUEST FOR RELIEF UNDER THE ALL WRITS ACT SHOULD BE DENIED

28 U.S.C. § 1651(a), more commonly known as the "All Writs Act," states "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The United States Supreme Court has held that the All Writs Act is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004). "The traditional use of the writ in aid of appellate jurisdiction both in common law and in the federal courts has been to confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction." *Id*. "Although courts have not confined themselves to an arbitrary and technical definition of 'jurisdiction,' only exceptional circumstances amounting to a judicial 'usurpation of power' or a 'clear abuse of discretion' will justify the invocation of this extraordinary remedy." *Id.*

Three conditions must be satisfied before a court may issue a writ under the All Writs Act. First, "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires." *Id.* at 380-81. Second, "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and undisputable." *Id.* at 380. Third, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id*.

It is incontrovertible that Plaintiff is not entitled to a writ under the All Writs Act. First, Plaintiff has another avenue for seeking the relief he desires: he can file an appeal of his criminal convictions with the United States Supreme Court. Plaintiff has exhausted his right to an appeal as provided by 18 U.S.C. § 3742(a). He has appealed his criminal convictions to the Court of Appeals for the Ninth Circuit. The Ninth Circuit has reviewed his convictions and provided its

final order in consideration of the issues raised by Plaintiff.[5]  Further, Plaintiff filed numerous habeas corpus petitions, all of which were denied.  *See supra* note 3.  Plaintiff's proper course of conduct is to petition for writ of certiorari the United States Supreme Court.  28 U.S.C. § 1254(1) (provides that cases in the Court of Appeals may be reviewed by the Supreme Court by writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after the rendition of judgment or decree.)    Now, because Plaintiff is disgruntled by the Ninth Circuit Court of Appeal's affirmation of this Court's ruling, he seeks to circumvent the appellate procedural rules by a meritless lawsuit for a declaratory judgment for "vacatur, nullification and dismissal of all of the criminal cases."  *See* Complaint at 2.  The law only provides the means to appeal; it does not guarantee every arbitrary and whimsical form of relief a plaintiff desires.

## VI.    SERVICE OF PROCESS IS INSUFFICIENT AS TO THE ATTORNEY GENERAL

The law on sufficiency of service is well settled: "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni-Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Fed. R. Civ. P. 4(i)(1) clearly states that when a plaintiff files a lawsuit against the United States, the plaintiff must: 1) send or deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought, **and** 2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.

---

[5] In order to appreciate the appellate history associated with Plaintiff's criminal convictions, the United States respectfully requests this Court to take judicial notice of its records and files in the criminal contempt and obstruction of court order cases, in which judgment was entered against Plaintiff. in *United States v. Pangelinan*, Criminal Case No. 02-00016 (D. N. Mar. I. 2002), *rev'd* 88 F. App'x 204 (9th Cir. 2004) (reversing conviction for criminal contempt because injunction had expired); *United States v. Pangelinan*, Criminal Case No. 04-0015 (D. N. Mar. I. 2004), *aff'd* 131 F. App'x 532 (9th Cir. 2005) (affirming conviction for criminal contempt); *United States v. Pangelinan*, Criminal Case No. 06-00012 (D. N. Mar. I. 2007); *aff'd in part and rev'd in part* 250 F. App'x 826 (9th Cir. 2007) (reversing jury conviction of Count 1 of obstruction of court order but affirming conviction on Count 2 for obstruction of court order arising out of his use of threats to interfere with a court order in violation of 18 U.S.C. § 1509).

Fed. R. Civ. P. 4(m) states that "if a defendant is not [properly] served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Upon information and belief, Plaintiff properly served the U.S. Attorney's Office for the District of the Northern Mariana Islands, but failed to serve the U.S. Attorney General as required by Fed. R. Civ. P. 4(i)(1).  See Civil Docket for Case No. CV08-0004, pertinent part attached hereto as Government Exhibit "B."  In the event the court does not dismiss Plaintiff's Complaint with prejudice based on res judicata and lack of subject matter jurisdiction, the Court has discretion to dismiss the Complaint on grounds of insufficiency of process.

**VII.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

In the Ninth Circuit, a court has discretion to dismiss a complaint without leave to amend. *See Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817 (9th Cir. 2002).  The factors set forth in *Schmier* apply when determining whether to dismiss a complaint without leave to amend.  A court must consider: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Id.* at 24.

Here, the court should dismiss Plaintiff's Complaint without leave to amend because he has filed the Complaint in bad faith and it would be futile to permit him to amend his Complaint.  Plaintiff's convictions have been reviewed and upheld on appeal.  Instead of following the appellate procedural rules, Plaintiff bypasses filing a petition for writ of certiorari to the United State Supreme Court and cloaks his appeal under the guise of a request for declaratory relief.  Plaintiff deliberately disregards this Court's prior rulings and files meritless claims, including a request for an abolished writ of coram nobis.

Further, it would be futile to permit Plaintiff to amend his Complaint. This factor means that "it [is] not factually possible for [Plaintiff] to amend the complaint so as to [state a cognizable claim]." *Id*. *See also Chang v. Chen*, 80 F.3d 1293, 1295 (9th Cir. 1996) ("We also affirm the district court's decision to dismiss without leave to amend because there is no reason to believe that any amendment would cure the deficiency."). This Court should dismiss Plaintiff's Complaint without leave to amend because the United States is immune from liability based on sovereign immunity and Plaintiff's claims are barred by res judicata. Thus, it is not factually possible for Plaintiff to amend his Complaint so as to state a cognizable claim.

## CONCLUSION

For the reasons stated above, the United States respectfully requests this Court to enter an Order dismissing the Plaintiff's Complaint without leave to amend.

Respectfully submitted this 1st day of April, 2008.

                LEONARDO M. RAPADAS
                United States Attorney
                Districts of Guam and NMI

By /s/ Jessica F. Cruz
    MIKEL W. SCHWAB
    Assistant U.S. Attorney
    JESSICA F. CRUZ
    Assistant U. S. Attorney
    Jessica.F.Cruz@usdoj.gov