28 U.S.C. §2202

- ❖ "A void judgment is one that, from its inception, is complete nullity and without legal effect, and must be distinquished from one which is merely erroneous, irregular, or voidable. …A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based on it."

46 Am Jur 2d, Judgment §31

A federal district court has the power to grant a relief from its prior judgment or to reopen, revise, or vacate, nullify and dismiss it just as they are numerated or mentioned in Rule 60(b), Fed.R.Civ.P., or, by *independent action* under 28 U.S.C. §§2201 & 2202, the Declaratory Judgment Act, and 28 U.S.C. §1651, the All Writs Act, etc., as "…Rule 60(b) does not provide a new remedy at all, but it simply the recitation of pre-existing judicial power." Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, 352 (1995). "Rule 60(b), which authorizes discretionary judicial revision of judgments in the listed situations and in other 'extraordinary circumstances,' *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 100 L.Ed.2d 855, 108 S.Ct. 2194 (1988), …merely reflects and confirms the courts' own inherent and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside judgment whose enforcement would work inequity. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 88 L.Ed. 1250, 64 S.Ct 997 (1944)." *Id.* at 131


GOVERNMENT EXHIBIT A

L.Ed.2d 352. "If the law then applicable says that the judgment may be reopened for certain reasons, that limitation is built into the judgment itself, and its finality is so conditioned." *Id.* It is also the district court's power, sounding in equity, in cases "of "injustices which in certain instances are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 332 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed.2d 1250 (1940)." U.S. v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998). And, when a prior judgment has to do with court's Article III subject matter jurisdiction, a judgment must be reopened: "...we would nevertheless choose to consider [ ] Article III challenge because 'where these Article III limitations are at issue, notions of consent and waiver [and res judicata] cannot be dispositive'"— in other words, procedural defaults, bars and waivers "cannot be dispositive" of the case before the court. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, 351 (1995)(brackets mine). And, in cases where the judgment is void, district courts have no discretion but to grant the relief sought: "If a district court has no subject matter jurisdiction over an original complaint, then the court has no power to do anything with the case except dismiss, and orders issued thereafter are nullities." U.S. Ex Rel. Newsham v. Lockheed Missiles, 190 F.3d 963, 964 (9th Cir. 1999). "A court considering a motion to vacate a judgment, which it finds void for lack of jurisdiction, has *no* discretion to hold that the judgment should not be set aside." Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 742 (9th Cir. 1986); Carter v. Fenner, 136 F.3d 1000 (5th Cir. 1998)(court has no discretion but to grant relief if judgment is void). "A final judgment is 'void' for purposes of rule governing relief from judgment only if the court that considered it lacked jurisdiction, either as to

the subject matter of the dispute or over the parties to be bound, or acted inconsistent with due process of law, and it is not merely erroneous." United States v. Berke, 170 F.3d 882 (9th Cir. 1999).

"A court without jurisdiction of the subject matter cannot enter a valid judgment. ...On the contrary, its judgment is utterly void, is not res judicata, and may be freely disobeyed." Dobbs Law of Remedies (Damages-Equity-Constitution), 2nd Ed., Vol. 1, §2.7, Pg. 180 (my emphasis). "A void order [judgment] ... may be attacked collaterally by resisting its enforcement in subsequent judicial proceedings." Id., at Pg. 179. See also, 46 Am Jur 2d, Judgments §31. "A judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void, although a party that has unsuccessfully litigated a court's subject matter jurisdiction is normally estopped from such a subsequent challenge." Da Silva v. Kinsho Intern. Corp., 229 F.3d 358, 359 (2nd Cir. 2000). "The Supreme Court has stated, regarding federal court's acquisition of subject-matter jurisdiction, that 'the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.'" Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130-31 (11th Cir. 1994), *quoting from* Insurance Corp. of Ireland v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); Creaciones Con Idea, S.A. de C.V. v. Mashreqbank, 232 F.3d 79 (2nd Cir. 2000) (same). "'Void' judgments are generally open to challenge at any time." U.S. v. Rodriguez Aquirre, 264 F.3d 1195, 1198 (10th Cir. 2001). A void judgment is not validated "by an affirmance by an appellate court, at least if the affirmance is put on grounds not touching the validity of the judgment." 46 Am Jur 2d, Judgments §32.

8

**CERTIFICATE OF SERVICE**

I, Erlinda Villagomez, Legal Assistant, working in the U.S. Attorney's Office, in the District of Saipan, hereby certify that, on April 1, 2008, I caused to be served by certified mail a copy of the "United States' Notice of Motion to Dismiss Without Leave to Amend", in Civil Case No. 08-0004, <u>John S. Pangelinan vs. David Wiseman, et. al.</u>, to the following *pro se* of record:

John S. Pangelinan
P. O. Box 501721
Saipan, MP 96950

_____
Erlinda Villagomez
Legal Assistant

# U.S. District Court
## Northern Mariana Islands (NMI)
### CIVIL DOCKET FOR CASE #: 1:08-cv-00004

Pangelinan v. Wiseman et al
Assigned to: Chief Judge Frances Marie Tydingco-Gatewood
Cause: 00:0000 Cause Code Unknown

Date Filed: 01/28/2008
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2008 | 1 | COMPLAINT with Jury Demand filed against all parties (Filing Fee: $350.00, Receipt Number: 09114.), filed by John S. Pangelinan. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 | | Summons Issued as to Grand Jurors 11 thru 23, Jurors 1 thru 12, David A. Wiseman, Alex R. Munson, Craig N. Moore, Margarita D.L.G. Wonenberg, Melinda N. Brunson, Joseph Auther, Donald Hall, and Wolf Calvert. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 | | Summons Issued as to United States of America. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 | | Summons Issued as to Roy E. Alexander, Robert T. Torres, Lillian A. Tenorio, and Rufo T. Mafnas. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 | | Summons Issued as to Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, and Antonio Alovera. (ACH) (Entered: 01/28/2008) |
| 02/01/2008 | 2 | SUMMONS Returned Executed, filed by John S. Pangelinan. Melinda N. Brunson served on 1/28/2008, answer due 3/28/2008; Joseph Auther served on 1/29/2008, answer due 3/29/2008; Donald Hall served on 1/28/2008, answer due 3/28/2008; Wolf Calvert served on 1/29/2008, answer due 3/29/2008. (TPM) (Entered: 02/01/2008) |
| 02/01/2008 | 3 | SUMMONS Returned Executed, filed by John S. Pangelinan. Ronnie Palomo served on 1/28/2008, answer due 2/17/2008; Herman Tejada served on 1/28/2008, answer due 2/17/2008; Esperanza David served on 1/28/2008, answer due 2/17/2008; Antonio Alovera served on 1/28/2008, answer due 2/17/2008. (TPM) (Entered: 02/01/2008) |
| 02/01/2008 | 4 | SUMMONS Returned Executed, filed by John S. Pangelinan. United States of America served on 2/1/2008, |

GOVERNMENT EXHIBIT B — CARDELS 800-783-0399

| Date | # | Description |
|---|---|---|
| 02/01/2008 | 5 | answer due 4/1/2008. (TPM) (Entered: 02/01/2008) |
| 02/01/2008 | 6 | SUMMONS Returned Executed, filed by John S. Pangelinan. Roy E. Alexander served on 1/28/2008, answer due 2/17/2008; Robert T. Torres served on 1/28/2008, answer due 2/17/2008; Lillian A. Tenorio served on 1/28/2008, answer due 2/17/2008; Rufo T. Mafnas served on 1/28/2008, answer due 2/17/2008. (TPM) (Entered: 02/01/2008) |
| 02/01/2008 | 7 | SUMMONS Returned Executed, filed by John S. Pangelinan. Alex R. Munson served on 1/29/2008, answer due 3/29/2008; Margarita Dlg. Wonenberg served on 1/31/2008, answer due 3/31/2008; David A. Wiseman served on 1/31/2008, answer due 3/31/2008. (TPM) (Entered: 02/01/2008) |
| 02/06/2008 | 8 | ORDER Assigning Case to Judge Juan T. Lizama. Signed by Chief Judge Alex R. Munson on 2/6/08. (ACH) (Entered: 02/06/2008) |
| 02/15/2008 | 9 | NOTICE of Motion to Dismiss by Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, and Antonio Alovera on Grounds of Res Judicata; Notice of Motion for Sanctions; and Notice of Motion for Pre-Filing Injunction. (ACH) (Entered: 02/18/2008) |
| 02/15/2008 | 10 | MOTION to Dismiss by Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, Antonio Alovera on Grounds of Res Judicata; MOTION for Sanctions; and MOTION for Pre-Filing Injunction. Robert T. Torres appearing for Respondents. (ACH) (Entered: 02/18/2008) |
| 02/15/2008 | 11 | MEMORANDUM in Support 9 MOTION to Dismiss by Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, Antonio Alovera on Grounds of Res Judicata; MOTION for Sanctions; and MOTION for Pre-Filing Injunction, filed by Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, Antonio Alovera. (ACH) (Entered: 02/18/2008) |
| 02/15/2008 | 12 | NOTICE of Motion to Dismiss by Roy E. Alexander and Rufo T. Mafnas Pursuant to Rule 12(b)(6). (ACH) (Entered: 02/18/2008) |
| 02/15/2008 | 13 | MOTION to Dismiss by Roy E. Alexander and Rufo T. Mafnas Pursuant to Rule 12(b)(6). Robert T. Torres. (ACH) (Entered: 02/18/2008) |
| 02/15/2008 | 14 | MEMORANDUM in Support of 12 MOTION to Dismiss by Roy Alexander and Rufo T. Mafnas Pursuant to Rule 12(b)(6), filed by Robert T. Torres. (ACH) (Entered: 02/18/2008) |
| 02/15/2008 | 15 | NOTICE of Motion to Dismiss by Lillian A. Tenorio and Robert T. Torres Pursuant to Rule 12(b)(6); and Notice of Motion for Sanctions. (ACH) (Entered: 02/18/2008) |
| 02/15/2008 | | MOTION to Dismiss by Lillian A. Tenorio and Robert T. Torres Pursuant to Rule 12(b)(6) and MOTION for Sanctions. Robert T. Torres appearing for Defendants Robert T. Torres and Lillian A. Tenorio. (ACH) (Entered: 02/18/2008) |