JOHN S. PANGELINAN
P.O. Box 501721
Saipan, MP 96950

Telephone No. (670) 322-0322

Pro se

FILED
Clerk
District Court

APR -- 7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID A. WISEMAN, ALEX R. MUNSON, )<br>CRAIG N. MOORE, MARGARITA D.L.G. )<br>WONENBERG, MELINDA N. BRUNSON, )<br>JOSEPH AUTHER, DONALD HALL, WOLF )<br>CALVERT, GRAND JURORS 1 Thru 23, )<br>JURORS 1 Thru 12, ROY E. ALEXANDER )<br>ROBERT T. TORRES, LILLIAN A. TENORIO )<br>and RUFO T. MAFNAS )<br>)<br>Defendants, )<br>)<br>ANGELITO TRINIDAD, RONNIE PALOMO, )<br>HERMAN TEJADA, ESPERANZA DAVID, )<br>ANTONIO ALOVERA and UNITED STATES )<br>OF AMERICA, )<br>)<br>Respondents. )<br>) | Civil Action No. 08-0004<br><br>NOTICE OF OBJECTION<br>TO APPOINTMENT OF<br>FRANCES M. TYDING-<br>CO-GATEWOOD TO<br>PRESIDE OVER THE<br>CASE<br><br><br><br><br><br><br><br>Date:  May 7, 2008<br>Time:  9:00 a.m.<br>Judge: Tydingco-Gatewood |

:    Plaintiff John S. Pangelinan, hereinafter referred as "Pangelinan", objected to Judge Frances M. Tydingco-Gatewood's appointment to preside over this case by Judge Alex R. Munson in his objection to the Rule 12(b), Fed.R.Civ.P., motion of defendants David A. Wiseman, Alex R. Munson, Craig N. Moore, Margarita, D.L.G. Wonenberg, Melinda N. Brunson, Joseph Auther, Donald Hall and Wolf Calvert, hereinafter collectively referred to as "Federal Defendants", scheduled to be heard on the same day as the Rule 12(b)(6)Fed.R.Civ.P., motions of defendants Roy E. Alexander, Lillian A. Tenorio, Robert T. Torres and Rufo T. Mafnas, hereinafter referred as "State Actors", and, of respondents Angelito Trinidad, Herman Tejada, Ronnie Palermo, Esperaza David and Antonio Alovera, hereinafter referred as "Respondents", are to be heard, to wit: May 7, 2008. Notice is hereby given to State Actors and Respondents of Pangelinan's objection, and Pangelinan hereby makes the same objection, which will be presented too at the hearing of State Actors' and Respondents' motions. Pangelinan's objection to Federal defendants' motion in respect to Judge Frances M. Tydingco-Gatewood's appointment is as follows:

### PANGELINAN OBJECTS TO SITTING JUDGE'S APPOINTMENT TO PRESIDE OVER CASE IF SITTING JUDGE'S APPOINTMENT IS IMPROPER

Chief Judge Alex R. Munson, a defendant in this case, appointed U.S. District Court of Guam Judge Frances M. Tydingco-Gatewood, and cited 48 U.S.C. §1821(b)(2) as his authority to appoint, to preside over this here case "for all purposes". See, Order of February 20, 2008, Filed February 25, 2008. However, a cursory look at the statute shows no authority in the chief judge of the U.S. District Court for the Northern Mariana

Islands to appoint a district judge of the U.S. District Court of Guam to sit as a judge in the U.S. District Court for the Northern Mariana Islands— this authority resides exclusively in the chief judge of the U.S. Court of Appeals for the Ninth Circuit under the said statute. If Judge Tydingco-Gatewood's appointment is improper to sit as this court's judge in this case under the said statute, then Pangelinan objects, and therefore her appointment is invalid, and all orders already issued by her are all invalid, as she acted on them without authority. See, Freytag v. Commissioner, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764, 791 (1991)(Scalia, J., dissenting)("judge's express intention to disregard a structural limitation upon his power cannot have any *legitimating* effect— i.e., cannot render that disregard *lawful*. Even if both litigants not only agree to, but themselves propose, such a course, the judge must tell them no"). Pangelinan, however, concedes that if Judge Tydingco-Gatewood is a presidential-appointed district judge of the U.S. District Court of Guam and has been appointed as a temporary judge, as with superior court judges David A. Wiseman and Juan T. Lizama, of this court pursuant to the said statute by the chief judge of the U.S. Court of Appeal for the Ninth Circuit, then her appointment is in accord with the statute, for Judge Munson's appointment of her could be deemed as simply a ministerial or an administrative act on his part.

Pangelinan has doubts, however, on whether the chief judge of the U.S. Court of Appeals for the Ninth Circuit has authority to appoint *temporary* judges pursuant to 48 U.S.C.§1821(b)(2), as it appears to be unconstitutional under Article II, §2, Clause 2 of the U.S. Constitution in light of 28 U.S.C. §1821(b)(1)— the clause says that if appointment power is vested in the President then it must be vested "in the President alone". But does it apply to temporary assignments? If it does, that means then that, if

3

Judge Tydingco-Gatewood's appointment was made under the said statute by the chief judge of the circuit court, the appointment is invalid. And, if Judge Munson has statutory authority to make such an appointment as he did, it is doubtful whether it is constitutional for the reasons just-mentioned— and, if he has no statutory authority then his appointment is unquestionably invalid. Moreover, District Judge Tydingco-Gatewood is co-equal, if co-equal, and is not inferior to Judge Munson— while he is a chief judge, he is only first among equals, and so Judge Munson was not making an "inferior Officer" appointment. Again, if this is the case, then Judge Munson's appointment of her to this court is invalid. Extra consideration must be given that both are Article I judges of different courts, and are not Article III judges— both judges' authority can *only* be derived from Congress, and not from the Constitution, and *only* from the organic acts of their respective courts, or statutes relating to the acts. Pangelinan, to the extent of these doubts, objects to her appointment.

But then again, Pangelinan objects even if it is deemed ministerial or administrative, or even if somehow there is valid statutory authority for the chief judge of the U.S. District Court for the Northern Mariana Islands to make such an appointment, or even if Pangelinan is wrong on his doubts above, because Chief Judge Alex R. Munson is a defendant, facing potentially a huge liability, and his appointing decision is inescapably bias, and Judge Tydingco-Gatewood's appointment is suspect or bias, and contrary to the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and that therefore all orders of Judge Tydingco-Gatewood are void. See, Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 89 L.Ed.2d 823, 106 S.Ct. 1580 (1986)("Court... reached a similar conclusion and recognized that under the Due Process Clause no judge can be a judge in

4

n/a

his own case or be permitted to cases where he has an interest in the outcome"); United States v. Berke, 170 F.3 882 (9th Cir. 1999)("A final judgment is 'void' for purposes of rule governing relief from judgment only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted inconsistent with due process of law"); Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985)("It is well settled that a judgment is void '*if the court that considered it lacked jurisdiction of the subject matter* or of the parties, or if it acted in a manner inconsistent with due process of law'")(underlines mine). Pangelinan does not impugn the integrity of Judge Tydingco-Gatewood, but her appointment by Chief Judge Munson is even more suspect or bias in this case as she was appointed on February 20, 2008, five days before Judge Juan T. Lizama recused himself from the case on February 25, 2008— same date Judge Tydigco-Gatewood's appointment was filed. District court proceeded inconsistent with due process of law when Chief Judge Munson appointed Judge Tydingco-Gatewood, and the appointment being void, all Judge Tydingco-Gatewood's orders in this case are void too. See also, Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 100 L.Ed.2d 855, 108 S.Ct. 2194 (1988).

Since Judge Tydingco-Gatewood's order of March 25, 2008, which was filed on March 26, 2008, is void, Federal defendants' attorneys are not admitted to practice in this district. And, Federal defendants did not make an "appearance" in this court by their filings, through their attorneys, of their request for admission and of Rule 12(b) motion to dismiss, and they (request for admission and motion to dismiss) should be stricken from the record, and their attorneys, invalidly admitted to practice, should not be permitted to speak at the scheduled hearing. Federal defendants, therefore, failing to timely appear or

file an answer or a responsive pleading before the March 28, 2008, dateline, are now technically all in default, and Pangelinan is entitled to an entry of default and default judgment against Federal defendants. This is especially applicable to Judge Munson for he should not be allowed to profit from his biased appointment but must be made to accept the consequences that comes with it (he knows the drill)— he defaulted and default judgment should be entered against him, especially.

If for some reason, Federal defendants' attorneys' filings are deemed as "appearance" in behalf of Federal defendants, Pangelinan objects to the filing of their request for admission to practice and to represent Federal defendants for they are U.S. Department of Justice lawyers from Washington, D.C., and are not authorized to represent individuals, even if the individuals are federal government employees and were acting within the scope of their employment, except but for one two-part exception only. Said attorneys can make an appearance for Federal Defendants only (1) if the U.S. Attorney General, or whoever he ultimately delegated the authority to, pursuant to and under the authority of the Federal Employees Liability Reform and Tort Compensation Act, or 28 U.S.C. §2679(c)&(d)(1), certified Federal defendants as acting within the scope of their federal employment when they committed the acts giving rise to the claimed causes of action, and, only (2) if they substituted the United States of America for Federal defendants under the said Act, which in essence are representing the United States of America rather than Federal defendants. Other than this, said attorneys have no authority to speak or appear for Federal defendants. And, if this is the case, again, Federal defendants failed to timely appear and file their responsive pleadings and are now in default and Pangelinan is entitled to default judgment. It is important to note that

Federal defendants here have not been certified by the U.S. Attorney General, or delegate, under 28 U.S.C. §2679(c)&(d)(1), which should be of their paramount concern. And, because Federal defendants are each appearing in his or her individual capacity answering claims for damages, even if validly represented by U.S. Department of Justice attorneys but them not substituted by United States of America— it not being an interested party in this case, have filed their responsive pleading way after the dateline they should have filed. They are not entitled to file their responsive pleading under Rule 12(a)(3)(B), Fed.R.Civ.P., when appearing as they appear here, appearing just like in any ordinary case against a private individual—and Justice attorneys' representation here is no different from that of a private attorney. See, part VI., page 19 of this Objection. Hence, Federal defendants have defaulted and Pangelinan is entitled to default judgment.

Judge Tydinco-Gatewood is respectfully requested to seriously consider and to dwell deeply on whether she is vested with authority, as things are now, to preside over this case in this court, for there are possible ramifications. For if she is not vested with authority, although *this court* is vested with subject matter jurisdiction over this case, and her performing a judicial function or acts of judicial nature, she is nevertheless, with all due respect, just a person who is not a judge in *this court*, a stranger if you will. And, she has no immunity whatsoever, *if she has no authority to preside over this case in this court*. This is the reason too, that if Federal defendants make any claim to immunity, that the claimed immunity is derivative from judges in this case who never had jurisdiction and that they are all thus not immune to this lawsuit— and, as pointed out elsewhere, any claimed immunity which is derivative *from this court* in another case, it not having jurisdiction too over the subject matter in that case, that they (Federal defendants) too,

whom are claiming such immunity, are absolutely without absolute judicial immunity. Pangelinan realizes that a jurisdictional paralysis in this court appears to be taking hold, but as the Supreme Court has said: "Federal courts must determine that they have jurisdiction before proceeding to the merits." Lance v. Coffman, 167 L.Ed.2d 29 (2007).

Lastly, if Judge Tydingco-Gatewood is sitting as Judge of the U.S. District Court of Guam in this court in this case, and not as a temporary judge here, then Pangelinan objects again as venue of this case is not in the U.S. District Court of Guam but in the U.S. District Court for the Northern Mariana Islands and she must recuse herself from this case. And, for that matter and in order to remove any appearance of impropriety, and with all due respect, Pangelinan objects to any tele-conference, tele-hearing and tele-anything but her actual presence in the U.S. District Court for the Northern Mariana Islands at every hearings, and her at every such hearings not sitting as Judge of the U.S. District Court of Guam but as a properly authorized judge of the U.S. District Court for the Northern Mariana Islands to sit in the case in this court, First Floor, Horiguchi Building, Garapan, Saipan, Commonwealth of the Northern Mariana Island.

Dated this 7th day of April, 2008.

_____
John S. Pangelinan
Plaintiff, *pro se*