JOHN S. PANGELINAN
P.O. Box 501721
Saipan, MP 96950

Telephone No. (670) 322-0322

Pro se

FILED
Clerk
District Court

APR 14 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN<br><br>Plaintiff,<br><br>v.<br><br>DAVID A. WISEMAN, ALEX R. MUNSON, CRAIG N. MOORE, MARGARITA D.L.G. WONENBERG, MELINDA N. BRUNSON, JOSEPH AUTHER, DONALD HALL, WOLF CALVERT, GRAND JURORS 1 Thru 23, JURORS 1 Thru 12, ROY E. ALEXANDER ROBERT T. TORRES, LILLIAN A. TENORIO and RUFO T. MAFNAS<br><br>Defendants,<br><br>ANGELITO TRINIDAD, RONNIE PALOMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA and UNITED STATES OF AMERICA,<br><br>Respondents. | Civil Action No. 08-0004<br><br><br><br><br><br><br><br>OBJECTION TO UNITED STATES OF AMERICA'S RULE 12(b) MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br><br><br><br><br><br><br>Date: May 7, 2008<br>Time: 9:00 a.m.<br>Judge: Tydingco-Gatewood |

**COMES NOW,** John S. Pangelinan, hereafter referred to as "Pangelinan", and responds and objects to the Motion to Dismiss Without Leave to Amend of UNITED STATES OF AMERICA, hereafter referred to as "Government", as follows:

### RESERVATIONS

Government appears in its motion as a "defendant" and so Pangelinan treats it as a defendant. Government filed and served its Rule 12(b), Fed.R.Civ.P., motion on April 1, 2008, and it is not the date by which it should have filed and served such motion. Government should have filed and served such motion no later than March 28, 2008. Government filed and served its motion four days too late. Procedurally, Government waived any motion that could have been brought, but not brought, by said dateline by which to file such motion, one of which is insufficiency of service of process motion. Likewise goes for all defenses and all affirmative defenses. Government may not now raise the defense of res judicata, an affirmative defense, this late in the day. By failing to timely file and serve its Rule 12(b) motion, and, by failing to file and serve its answer to Pangelinan's Complaint by such dateline by which to file its Rule 12(b) motion, Government procedurally waived all defenses and all affirmative defenses and may not now assert any such defenses. Pangelinan by making this objection reserves the above bases for motion for entry of default against Government.

### PANGELINAN RESPONDS TO UNWAIVED CLAIMS OF GOVERNMENT

I. ***Coram Nobis* Is Not Abolished In Regards To Criminal Cases.**

In respect to a criminal case context, writ of *coram nobis* is available. It should be of interest to Government that the U.S. Court of Appeals for the Ninth Circuit acknowledged Pangelinan's filing for writ of *coram nobis* when he filed his 28 U.S.C. §2241 habeas corpus petition he combined with it, directly related to Criminal Action No. 06-00012. See, Order of June 5, 2007, 9th Cir. Ct., Doc. No. 07-15355. Even FRAP 4(a)(C) acknowledges it existence. Further, in regards to 28 U.S.C. §2255 and the said writ, the Supreme Court commented in Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, 352 (1995), that "the pre-existing writ of *coram nobis* was not superseded by the enactment of the procedure under 28 U.S.C. §2255 that was available under 28 U.S.C. §1651, in *United States v. Morgan*, 346 U.S. 502, 58 L.Ed 248, 74 S.Ct. 247 (1954), pertaining to criminal matters." See, Federal Post-conviction Remedy, 143 L.Ed.2d 1055, §§2 & 4. Rather, the procedure in section 2255 "restates, clarifies, and simplifies the procedure in the common law writ of coram nobis— which authorizes relief to a petitioner from a judgment, by the court that rendered the judgment, in the event of a petitioner's excusable failure to offer at trial certain evidence that might have helped the petitioner's defense." Plaut case at L.Ed.2d 352. See also, U.S. v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); U.S. v. Morgan, 346 U.S. 502, 58 L.Ed. 248, 74 S.Ct. 247 (1954)(abolition of writ in the civil procedure rules does not apply to criminal cases).

II. **District Court Has Subject Matter Jurisdiction In This Case.**

Government appears as a "defendant" here and also provides legal representation in behalf of individual federal defendants, so Pangelinan presumes that a certification

has been made under 28 U.S.C.§2679(d)(1) and thereby substituted Government for individual federal defendants. If that is the case, Government waived its sovereign immunity through and pursuant to 28 U.S.C. §2679(d)(4) and 28 U.S.C. §1346(b)—this particular section specifically mentions that "the district courts ... shall have exclusive jurisdiction of civil actions against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b). In addition, because federal investigative officers with arresting powers are involved in the case for what could be viewed as claims for false arrest, malicious prosecution, false imprisonment and abuse of process, all of whom are excepted from the exceptions in 28 U.S.C. §2680(h), this particular section confers jurisdiction in the court by making 28 U.S.C. §1346(b) applicable to such claims against such officers. But these are only in regards to claims for damages against Government.

This court nevertheless has jurisdiction even if based strictly on Pangelinan's Complaint, because no claim for damages is alleged against Government, and it is joined as a respondent only to participate in proceedings under 28 U.S.C. §§2201 & 2202 and 1651. Pangelinan correctly states in the Complaint that jurisdiction of this court lies under 28 U.S.C. §1331 as the case is a *Bivens* action arising under federal law, and in this case Government is simply a "pendant party" under this court's supplemental jurisdiction

4

under 28 U.S.C. §1367(a)— "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. §1367(a).  Further, because Government brought criminal action against Pangelinan under 18 U.S.C. §3231, which gives exclusive jurisdiction to district courts over "offenses against the laws of the United States", writ of *coram nobis* petition is a continuing criminal action just like a habeas motion under 18 U.S.C. §2255,  and a petition for writ of *coram nobis* under 28 U.S.C. §1651 is proper and "in aid of [of this court's} jurisdiction" and, therefore, this court has ancillary jurisdiction over petitions for writ of *coram nobis*.  See, Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, (1995) above.  See also, U.S. v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

Government, like individual Federal defendants, completely confuses Article III of the Constitution jurisdiction, statutory grant of jurisdiction, and causes of action. Pangelinan incorporates here his arguments on jurisdiction and causes of action in his opposition to individual Federal defendants' motion to dismiss as if herein stated.— and, as said there jurisdiction is not implicated by the absence of a cause of action.  Absence of jurisdiction because of sovereign immunity against Government where it is joined in a case as a pendent party, does not deprive the court of jurisdiction where primary jurisdiction is based independently against other defendants.  In this case here, Pangelinan properly states events giving rise to causes of action, whether it be as stated or otherwise, and because this is a *Bivens* action jurisdiction of the court is based on 28

U.S.C. §1331. This court also has diversity jurisdiction under 28 U.S.C.§1332, as the parties (plaintiffs and defendants) are completely diverse.

Sovereign immunity is not necessarily always subject matter jurisdiction, because subject matter jurisdiction of a federal court is never waived while sovereign immunity is, in part or totally. See, FDIC v. Meyer 463 U.S. 471 (1994); Rule 12(h)(3), Fed.R.Civ.P.; U.S. v. Powell, 24 F.3d 28, 30 (9th Cir. 1994)(subject matter jurisdiction is never waived). It is true that Government may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction, if consent is jurisdictional in a particular case. Consent must always be obtained, however, for Government to be sued, but consent may not always be jurisdictional. And, where a federal court has no jurisdiction over the subject matter but Government consents to be sued, it nevertheless vests no jurisdiction in the court. And, so where no consent of Government is necessary in a suit as when Government is not sued but made a party and jurisdiction over the subject matter being present in the court, sovereign immunity of Government is not impugned, nor does it automatically springs its protective shield for Government, unless Government timely asserts it, and in some instances waived as when it fails to timely object to it being made a party-but-not-sued.

### III. Independent Jurisdiction Is Established.

Pangelinan in his Complaint restricts Government's, as respondent, participation here only to 28 U.S.C. §2202 in regards to the relief of vacutur, nullification and dismissal of the criminal cases, and not to §2201 because Pangelinan is not suing Government but only makes it a party to the case, because the judgments of conviction were procured by Government and §2202 and the Due Process Clause require that it be

noticed of the declaratory judgment under §2201 and be given opportunity to object only on whether relief should be granted or not. The relief Pangelinan seeks here has to do with judgments of conviction of this court only, which requires no consent from Government even if it objects to it, because no consent here is present for the Government to give, nor empowered to grant the relief, which only but the court can give and grant. There is nothing in the authorities cited by Government denies the power of the court to grant the relief sought by Pangelinan, the end result of which would exorcise the court of the wrongs inflicted against Pangelinan and do him justice. Rather, the authorities cited by Government have to do with relief against the Government itself and not the court. In this here case, no sovereign immunity, consent to sue, nor waiver of immunity matters are implicated.

Pangelinan shows in the Complaint causes of action— a case or controversy, against the defendants, not respondents, under 28 U.S.C. §2201, which this court has jurisdiction under 28 U.S.C. §1331, independent of 28 U.S.C. §1346(b). If individual Federal defendants are certified under 28 U.S.C. §2679(d)(1), Government is substituted for them as "if a private person" and liable for the sought relief of damages, thereby vesting additional jurisdiction in this court under 28 U.S.C. §1346(b), and the case or controversy is then against it, and Pangelinan's sought relief under 28 U.S.C. §2202 may additionally be obtained. If not, this court still has jurisdiction under 28 U.S.C. §1331 against defendants and over Government as a "pendent party" under 28 U.S.C. §1367(a), and Pangelinan may obtain the relief sought under 28 U.S.C. §2202 against it, defendants, and other respondents, for the "vacatur, nullification and dismissal" of the cases, civil and criminal.

28 U.S.C. §2202 is a separate provision— and, it is not jurisdictional, providing for relief "based on declaratory judgment or decree", and it does not require an "actual controversy" with Government in this case, from 28 U.S.C. §2201, which requires "actual controversy ..whether or not relief could be sought". So when an "actual controversy" is present as in this here case "within its jurisdiction" under 28 U.S.C. §§1331 & 1367(a), this court, "upon the filing of an appropriate pleading" as is this case, "may declare the rights and other legal relations of any interested party". And, so when a declaratory judgment is obtained under 28 U.S.C.§2201, "[f]urther necessary or proper relief based on declaratory judgment or decree may be granted, after reasonable notice and hearing, against *any* adverse party whose rights have been determined by such judgment" under 28 U.S.C. §2202. Note that this section only requires "reasonable notice and hearing"— implies notice not necessarily required of summons and complaint, to be given "against any adverse party", implicitly saying that the "adverse party" is a third party not a defendant, for there would be no need for relief under this statute if relief is obtainable directly against a defendant in a case or under 28 U.S.C. §2201. And, when it comes to void judgments, this court has no discretion but to grant the relief. "If a district court has no subject matter jurisdiction over an original complaint, then the court has no power to do anything with the case except dismiss, and orders issued thereafter are nullities." U.S. Ex Rel, Newsham v. Lockheed Missiles, 190 F.3d 963, 964 (9th Cir. 1999); Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 742 (9th Cir. 1986)("A court considering a motion to vacate a judgment, which its finds void for lack of jurisdiction, has *no* discretion to hold that the judgment should not be set aside").

It is true that sovereign immunity is sometimes jurisdictional in regards to district courts, but when there is a separate jurisdiction vested in the court over a subject matter the Government may certainly be made a party as it pertains to that subject matter. Many contract cases with the Government entered under federal programs are brought under 28 U.S.C. §1331 jurisdiction of district courts, or suits of some injunctive nature, although sovereign immunity is a defense is these cases. And, 28 U.S.C.§1346(b) is only a specific grant of jurisdiction to district courts when Government is sued for injury or loss of property or personal injury caused by its employees. This case, however, as it now stands (Pangelinan does not know if Government is substituted for individual federal defendants), Government is just a respondent (pendent party), where no attributes of sovereign immunity are implicated, called to participate and answer for the relief of "vacatur, nullification and dismissal" Pangelinan seeks under 28 U.S.C. §2202. And, as noted above this court has jurisdiction over Government as pendent party-respondent to this case. However, as in this case, sovereign immunity as a *defense*, as opposed to jurisdiction which is non-waivable, must be timely pleaded or otherwise waived as with any other immunities— Government, if it is a defendant here, fails to timely file its responsive pleading and therefore waives its defense of sovereign immunity in this here case. Government also, if appearing as a respondent, fails to timely plead its sovereign immunity claim and is therefore waived. As to 28 U.S.C. §1367(a), Congress in 1990 passed this "supplemental jurisdiction" of district courts statute, and in regards to the cases cited by Government, the courts there could not have the occasion to decide them and taken into consideration the said statute.

IV.    **Claim of Res Judicata Barred.**

9

Government's failure to timely plead this as an affirmative defense and its failure to timely file and serve its Rule 12(b) motion bar this issue from consideration and is now simply barred even for other purposes. This defense is absolutely waived.

V.   **District Court Has Jurisdiction Over Writs Under 28 U.S.C. §1651(a).**

This statute certainly empowers district courts to issue necessary writs in aid of their respective jurisdiction agreeable to the usages and principles of law. The criminal cases were brought in this court under its 18 U.S.C. §3231 jurisdiction, and *coram nobis* under 28 U.S.C. §1651(a) is available in aid of this court's criminal jurisdiction, and this case is, additionally, ancillary to the criminal cases thereby establishing independent jurisdictional basis asserted in the Complaint. While what Government says about writs of *mandamus* might be true, they do not necessarily apply in respect to writs of *coram nobis* in this here case. And, Pangelinan has abundant reasons, some extraordinary, as to why he should be granted the writ.

*Coram Nobis* is granted as simply as for an existence of a fact unknown to the trial court at the time of trial, that if known it would have dismissed the case or if the trier of fact would have decided it otherwise or differently. In this case here, the fact that the judgment of the court in the civil case is void was unknown to it at the time of trial and the court had it known it then it would have dismissed the criminal cases— and, Pangelinan would not have been charged the cases and they would not have been prosecuted in the first place. And, *coram nobis* is the proper writ for the relief of "vacatur, nullification and dismissal" of the criminal cases. As the Supreme Court said in regards to the said writ: "In behalf of the unfortunates, federal courts should act in doing

justice if the record makes plain a right to relief." U.S. v. Morgan, 346 U.S. 502, 58 L.Ed. 248, 74 S.Ct. 247 (1954).

"A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906, 914 (1997). Pangelinan, the record shows, in every petition for writ of habeas corpus and Sec. 2255 habeas motion in respect to Criminal Action No. 06-00012, told Wiseman that he and Munson were potentially looking at a huge lawsuit and asked for Wiseman's recusal; and, on the last motion filed on October 25, 2007, in Civil Action No. 07-0027, Pangelinan demanded his recusal assuring him a lawsuit in light of Ninth Circuit Court's decision of October 11, 2007, was truly forthcoming. But, to no avail. Because, as stated in the Complaint, Wiseman was blocking every attempt of Pangelinan to nullify his convictions which would also remove any absolute immunity he (Wiseman) could claim in the assured lawsuit, which is this one. If anything, this lawsuit as alleged shows Wiseman's titanic partiality in that criminal case. Again, *coram nobis* is the proper writ to set aside Pangelinan's conviction in Criminal Action No.s 06-00012, and O4-00015— he was the sitting judge and defendant to this case's third cause of action.

Supreme Court said that in cases like the present case, where a judge used dilatory tactics to delay entertainment of an applicant's habeas petition, *mandamus* could be petitioned for this reason alone. "As for petitioner's concern that law enforcement officials and district judges will repeat with impunity the mootness producing abuse that he alleges occurred here: We are confident that as a general matter, district courts will prevent dilatory tactics by the litigants and will not unduly delay their own rulings; and

that, where appropriate, corrective mandamus will issue from the court of appeals." Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed. 43, 56-57 (1998). It can be deduced then from all of the above that a much less stringent standard for *coram nobis* is available, which here is the corrective remedy for Pangelinan. Pangelinan more than sufficiently states Wiseman's attempts by dilatory tactics to block or thwart Pangelinan's attempt to have his habeas motions entertained and granted. Pangelinan sees no reason why he should not be granted his writ of *coram nobis* petition by this court.

Pangelinan, however, seeks *coram nobis* relief because the court in all the criminal cases was without subject matter jurisdiction in the Article III sense of the Constitution, and are all void. And, when it comes to subject matter jurisdiction, as stated above, district court must grant the relief as it is not discretionary, no matter how guilty is the person of the violation if the court has no jurisdiction, and the judgment is therefore void. See, 28 U.S.C. §2255.

## VI.  Insufficiency Of Service Of Process Is Waived

Again, this is a motion that should have been timely brought, and because it is not timely brought, defense of insufficiency of service of process is thus waived.

## VII.  Pangelinan's Claims Are Genuine And Must Proceed Forward.

Government is brought in only as a pendent party-respondent and amazingly demands that the Complaint be dismissed without leave to amend. It at least could have asked that it be dismissed from it. This court's jurisdiction in this case against individual defendants under 28 U.S.C. §1331 is not defeated by assertions of sovereign immunity by Government for this case to be dismissed in its entirety.

The Complaint needs no amendment, and the case must proceed forward. Pangelinan was genuinely and blatantly injured of his liberty by his long imprisonment in retaliation for exercising his cherished freedom of speech right and injured in his loss of his dear home and properties which were taken away from him and his family, again, in retaliation for exercising his cherished freedom of speech right, and for exercising his free choosing to disobey void orders of the court and for facing up and challenging people in authority who unbelievably trampled all Pangelinan's fundamental rights without due process of law.

It must not be overlooked that it was Government's employees who did all this to Pangelinan. Government now callously, coldly and heartlessly calls for dismissal without recompense to Pangelinan. Pangelinan and his family are they to be left out in the cold and homeless with no recourse against the people who did all this? Are they (Government employees) to be allowed to thumb their nose at all this? Is this the Government that our fathers constituted to secure us our liberties and our security in our homes and belongings? What happened to "kinder, gentler nation"? Pangelinan cries for justice against all those who injured him, and justice must be exacted upon them. Justice must take the day.

Dated this 14th day of April, 2008.

John S. Pangelinan
Plaintiff, *pro se*