U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney
VIRGINIA G. LAGO
Attorney Advisor
Constitutional Torts Staff
Virginia Bar No. 25017
P.O. Box 7146, Ben Franklin Station
Washington, DC  20044-7146
Facsimile: (202) 616-4314
Email: *Virginia.Lago@usdoj.gov*
Telephone: (202) 616-4328

Attorneys for the Individual Federal Defendants,
Alex R. Munson, David A. Wiseman, Craig Moore,
Margarita D.L.G. Wonenberg, Melinda Brunson,
Joseph Auther, Donald Hall and Wolf Calvert

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| John S. Pangelinan,<br><br>            Plaintiff,<br>   v.<br><br>David A. Wiseman, et al.,<br><br>            Defendants. | Civil Action No. 1:08-CV-04<br><br>**Reply in Support of the Federal Defendants'**<br>**Motion to Dismiss Without Leave to Amend**<br><br>Date:    May 7, 2008<br>Time:    9:00 A.M.<br>Judge:   Honorable Frances M. Tydingco-Gatewood |

   COMES NOW the individual federal defendants, specifically: Chief Judge Alex Munson, Designated Judge David Wiseman, Assistant U.S. Attorney Craig Moore, Federal Probation Officers Margarita D.L.G. Wonenberg and Melinda N. Brunson, FBI Special Agent Joseph Auther, and Deputy U.S. Marshals Donald Hall and Wolf Calvert, by and through their undersigned counsel, and respectfully submit the following reply in further support of their motion to dismiss the complaint without leave to amend (Docket No. 31).

   Plaintiff offers some preliminary opposition to the Federal Defendant's moving papers which is implausible on its face.  Plaintiff first suggests that the federal defendants did not file a timely response to the Complaint.  This is not correct.  In lieu of an answer, the

federal defendants filed a motion to dismiss in accordance with Rule 12 of the Federal Rules of Civil Procedure. Plaintiff's request for a default judgment is therefore without merit and should be rejected. Plaintiff also attempts to create an issue over the lack of a scope of employment certification pursuant to 28 U.S.C. § 2679. This provision is irrelevant to the plaintiff's constitutional claims, and it has no bearing on the authority of the United States Attorney General to provide representation to the federal defendants in this case.

## I.    Claims that Accrued Prior to January 28, 2006, are Time Barred.

Suits seeking damages from federal officials, like any other damages action, must be initiated in a timely manner. When a cause of action accrues is a question of federal. *See, e.g.*, *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). As a general matter, the limitations period begins to run at the time when, through the exercise of reasonable diligence, the plaintiff should have been able to discover his injury. *Cline v. Brunsett*, 661 F.2d 108, 110 (9th Cir. 1981). Here, plaintiff asserts claims for alleged injuries which accrued prior to the applicable two year statutes of limitations. Plaintiff offers no legal authority or factual contention which would support the conclusion that the limitations period was tolled. Consequently, any claims based upon actions or events which allegedly occurred before January 28, 2006, are time barred.[1]

## II.    Plaintiff's Remaining First Amendment Retaliation Claims are Not Viable.

As we noted in our moving papers, plaintiff cannot state a viable retaliation claim because he cannot show that his conviction was overturned – and that fact is conclusive evidence that his arrest and related prosecution was supported by probable cause. Given this flaw in his case, plaintiff "decouples" the fact that he was convicted on Count 2 of the

---

[1] Plaintiff now claims equitable tolling of the statute of limitations due to another *habeas* petition which is pending in the Ninth Circuit. *See United States v. Pangelinan*, Case No. 07-17395 (9th Cir. 2007). This *habeas* petition is yet another effort by plaintiff to attack this court's decisions in cases which have been fully litigated through the appeals process. Thus, plaintiff should be deemed to be barred from relitigating these claims, in both this case and the pending *habeas* petition, by the doctrine of *res judicata*.

indictment, and engages in a fiction that since Count 1 of his conviction was reversed, he is innocent of all charges. However, plaintiff's distorted view of the events does not change the fact that the Ninth Circuit affirmed his conviction, or that it establishes, as a matter of law, the existence of probable cause, which is fatal to the plaintiff's retaliation claim.[2]

### III. Plaintiff's Conviction Also Deprives this Court of Subject Matter Jurisdiction.

Plaintiff further claims that he is not barred from bringing this action by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In support of his argument, plaintiff cites to Justice Souter's concurring opinion in *Spencer v. Kemna,* 523 U.S. 1 (1998). *Spencer* was brought as a *habeas* petition by a released prisoner challenging the constitutionality of parole revocation procedures.[3] While the Court did refer to *Heck*, Justice Souter's concurring opinion in *Spencer* did not overturn the favorable termination rule. In *Heck*, the Court held that a state prisoner may not maintain an action under § 1983 if the direct or indirect effect of granting money damages would be to invalidate the state sentence he was serving. Here, because the plaintiff is unable to establish that his conviction or sentence on Count 2 "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*," 512 U.S. at 486-87, this court is precluded from even entertaining plaintiff's claims against the federal defendants.

### IV. The Judicial Defendants and Prosecutor are Entitled to Absolute Immunity.

Few doctrines are more firmly established at common law than the broad absolute immunity afforded to judges from liability for money damages. Nonetheless, plaintiff

---

[2] Plaintiff appears to be trying to distinguish his retaliatory due process claim from his claim of retaliatory prosecution. The courts have not recognized a "retaliatory due process claim." In any event, plaintiff fails to state a due process claim because, as the record reflects, he received all the process that he was due. Plaintiff obviously does not like the result, but that is a much different issue from whether he has stated a due process claim.

[3] The plaintiff in *Spencer* cited to *Heck* as an added reason for continued standing to litigate his *habeas* petition, despite the fact that he had been released from prison. The Court rejected plaintiff's argument and dismissed his petition because of lack of standing.

argues that the Chief Judge Munson and Judge Wiseman are not entitled to absolute immunity because they allegedly took acts which were outside of the Court's jurisdiction and were not judicial in nature.  However, the Complaint, on its face, reveals otherwise.[4]

The thrust of plaintiff's opposition is that this court was without jurisdiction in its prior holdings against him, and that as a result, the judicial defendants are not entitled to absolute immunity.  Plaintiff however fails to acknowledge that the cases against him have been affirmed on appeal, and instead makes the baseless allegation that all of the prior proceedings against him are void.  In reality, the complained of actions were within the broad scope of this court's jurisdiction and entitle the judicial defendants to immunity.  Plaintiff's claim that the acts of the judicial defendants were not judicial in nature should similarly be rejected, because is clear – on the face of the Complaint, and matters of public record that the court may judicially notice – that all of the relevant events arose directly and immediately from plaintiff's interactions with the judicial defendants in their official capacities as judges, and in connection with the underlying cases against the plaintiff.

Likewise, AUSA Moore is entitled to absolute immunity for the actions he took in deciding to convene a grand jury and to seek an indictment, and also for presenting the Government's case.  Plaintiff has offered no case law to the contrary, or any well plead facts which would deprive AUSA Moore of immunity or support a viable claim against him.[5]

**V.    The Remaining Federal Defendants are also Entitled to Immunity.**

It is firmly established that the courts have derivatively extended the immunity available to judges to other persons whose functions are critical to the judicial process. Despite the clear line of legal authority to this effect, plaintiff argues that FBI SA Author

---

[4] Aside from their assertion of absolute immunity, the judicial defendants, as well as the other federal defendants, are also entitled to assert the defense of qualified immunity.

[5] Although not alleged in his Complaint, the plaintiff does make the unsupported allegation in his opposition papers that AUSA Moore was involved in some sort of "investigation."  This bare allegation is too vague and insufficient to state an actionable claim and, in any event, would be subject to an assertion of absolute or qualified immunity.

and Federal Probation Officer Brunson should not be afforded any protection from his claims because they were not performing a judicial function or an act of a judicial nature.[6] However, as the Complaint reveals, they both were performing functions that are intimately or closely associated with the judicial process; and since that is the touchstone for any entitlement to quasi-judicial immunity, plaintiff's claims against them should be dismissed.[7]

The federal defendants also claim protection under the judicial doctrine of qualified immunity, which is not tied to whether or not the function involved is closely associated with the judicial process. Rather, qualified immunity protects federal officials from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The plaintiff bears the burden of showing that a right is clearly established. *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); and *Cruz v. Kauai County*, 279 F.3d 1064, 1069 (9th Cir. 2002). Significantly, the plaintiff must also establish "a particular, rather than abstract, right." *Hufford v. McEnaney*, 249 F.3d 1142, 1148 (9th Cir. 2001).

Although not alleged in his Complaint, plaintiff complains in his opposition papers that Agent Author was involved in some sort of non-specific criminal investigation based allegedly upon the letter to the editor plaintiff published. Plaintiff claims this violated his First Amendment right.[8] Without more, plaintiff's bare allegation is both too vague to withstand a motion to dismiss and does not carry the necessary burden of showing that a

---

[6] We asserted an entitlement to derivative judicial immunity on behalf of all of the remaining federal defendants, including Federal Probation Officer Wonenberg and Deputy U.S. Marshals Donald Hall and Wolf Calvert. Plaintiff has not offered any specific opposition to an entitlement to derivative judicial immunity for these individual defendants.

[7] As noted in our moving papers, probation officers are entitled to immunity for official acts; therefore defendant Brunson's act of petitioning the court for revocation of plaintiff's supervised release should be protected. As to FBI Agent Author, plaintiff sued him for his grand jury testimony (*see* Complaint, ¶ 10), which is also protected by immunity.

[8] Plaintiff was convicted on the basis that one letter he wrote was threatening. A threat is not protected by the First Amendment, and plaintiff has not established otherwise.

right is clearly established; not to mention the fact that plaintiff's asserted First Amendment right is simply too abstract to defeat Agent Author's entitlement to qualified immunity.

## VI. Service of Process is Presently Insufficient as to the U.S. Attorney General.

Plaintiff's final argument is that the service requirements of the Federal Rules of Civil Procedure do not apply in this instance because this is a *Bivens* action against the federal defendants in their individual capacities. Plaintiff argues that he seeks to recover damages against them personally, and he does not seek a remedy to which the United States is an interested party. As a *Bivens* action, it is axiomatic that the complaint seeks relief from the federal defendants personally. Notwithstanding that fact, the federal rules require that both the individual defendant and the United States be served when a federal official is sued in connection with an act related to his or her official duties. *See* Fed. R. Civ.P. 4(i)(3). It is clear on the face of the Complaint that the federal defendants are sued for official acts, albeit in their individual capacity; therefore service on the United States is required. Proper service on the United States requires service upon the U.S. Attorney for the district in which the action is pending, and upon the U.S. Attorney General, within 120 days of the filing of the Complaint. Fed. R. Civ. P. 4(m) and 4(i)(1). Here, the plaintiff has not presently served the U.S. Attorney General so service is insufficient.

## VII. Plaintiff's Claims Should Be Dismissed Without Leave To Amend.

In our moving papers, we argued that this court should dismiss plaintiff's claims without leave to amend because the federal defendants are entitled to absolute immunity; and that the filing of an Amended Complaint would serve no purpose, since the acts complained of by the plaintiff could not constitute a claim for relief against the immune defendants. Plaintiff has offered nothing to show that any amendment would cure this deficiency. Accordingly, the Complaint should be dismissed without leave to amend.

### Conclusion

For the reasons stated above and in our supporting memorandum, the federal defendants' motion to dismiss should be granted and this action dismissed with prejudice.

/ / /

/ / /

        Respectfully submitted,

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General
        Civil Division

        */s/ C. Salvatore D'Alessio, Jr.*
        C. SALVATORE D'ALESSIO, JR.
        Senior Trial Attorney, Torts Branch

        */s/ Virginia G. Lago*
        VIRGINIA G. LAGO
        Attorney Advisor, Constitutional Torts Staff

        Attorneys for the Individual Federal Defendants

---

**Certification of Service**

I certify that on <u>April 16, 2008</u>, this *Reply in Support of the Federal Defendants' Motion to Dismiss the Complaint without Leave to Amend* was filed electronically. Notice of this filing will be sent by e-mail to all parties registered to receive electronic filing by operation of the court's electronic filing system. <u>Parties not indicated to have been electronically served on the Notice of Electronic Filing will be served with a paper copy of this filing via regular first class U.S. mail, postage prepaid.</u> Parties may also access this filing through the court's Case Management (CM) / Electronic Case Filing (ECF) system.

        Signed: *C. Salvatore D'Alessio, Jr.*