LEONARDO M. RAPADAS
United States Attorney
MIKEL SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID A. WISEMAN, et al.,<br><br>　　　　Defendants. | CIVIL CASE NO. 1:08-CV-04<br><br>REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; MOTION FOR ENLARGEMENT OF TIME<br><br>Date:　May 7, 2008<br>Time:　9:00 a.m.<br>Judge:　Honorable Frances Tydingco-Gatewood |

COMES NOW, the UNITED STATES OF AMERICA, by and through its undersigned counsel, and respectfully submits the following reply in further support of its Motion to Dismiss Without Leave to Amend ("Motion to Dismiss," Docket No. 43) and Motion for Enlargement of Time pursuant to Fed. R. Civ. P. 6(b).

**I.　UNITED STATES' INTENT WAS TO TIMELY FILE ITS MOTION TO DISMISS AND THE DELAY WAS EXCUSABLE.**

Under Rule 6(b)(1)(B), an extension may be granted after the expiration of time to act "where the failure to act was the result of excusable neglect." *Tian-Rui Si v. CSM Inv. Corp.*, 2007 U.S. Dist. LEXIS 68782, *3 (N.D. Cal. 2007); Fed. R. Civ. P. 6(b)(1)(B). "The legal

1

standard for excusable neglect is a four-part test that takes into account all relevant circumstances surrounding the party's omission. These include the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (internal quote omitted).

Here, the United States mistakenly calendared its response after review of the Court's Docket Sheet, wherein the due date provided for the United States' response to the Complaint was April 1, 2008. The pertinent part of the Docket Sheet is attached hereto as Government Exhibit "A." Plaintiff points out that the United States' response was due on March 28, 2008. The delay was in advertent; at worst, it would be the result of excusable neglect. The United States' Motion to Dismiss was filed well in advance of the hearing scheduled for May 5, 2008; any delay in the filing does not negatively affect the upcoming hearing. Further, Plaintiff suffered no prejudice as a result of the delay because Plaintiff had ample time to respond to the issues raised in the United States' Motion to Dismiss. The United States acted in good faith, and not for purposes of undue delay, in relying on the due date of April 1, 2008. Accordingly, the United States respectfully requests that this Court grant the United States a four-day extension pursuant to Rule 6(b)(1)(B).[1] *See Smith v. Sacramento Unified School Dist.*, 2007 U.S. Dist. LEXIS 85851 (E.D. Cal. 2007) (Court found that one-day delay in service of plaintiff's opposition attributable to excusable neglect and granted an enlargement of time).

---

[1] In reliance of waiver pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, Plaintiff failed to respond to the United States' sovereign immunity and insufficiency of process defenses. Sovereign immunity is a jurisdictional argument that can be raised at any time. *See Fogel v. United States*, 2001 U.S. Dist. LEXIS 2971, *3 (E.D. Cal. 2001) (12(b)(1) motion is proper when sovereign immunity has not been waived); *see also* Fed. R. Civ. P. 12(h)(3). In the interest of fairness, we recommend that Plaintiff seek leave to amend his Objection to the United States' Motion to Dismiss to address the issues of sovereign immunity and insufficiency of service of process.

## II. THE UNITED STATES' SOVEREIGN IMMUNITY DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION.

The United States is entitled to sovereign immunity and can be sued only upon express waiver of immunity and consent. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). "The waiver of sovereign immunity is a question of subject matter jurisdiction." *Kill v. Kinne*, 2006 U.S. Dist. LEXIS 31124 (E.D. Or. 2006). Rule 12(h)(3) of the Federal Rules of Civil Procedure states that subject matter jurisdiction cannot be waived and the defense of lack of subject matter jurisdiction can be raised at any time. *See Fogel v. United States*, 2001 U.S. Dist. LEXIS 2971, *3 (E.D. Cal. 2001) ("In a suit against the United States, a 12(b)(1) motion is proper when sovereign immunity has not been waived."). Thus, the United States defense of lack of subject matter jurisdiction is properly plead and has not been waived. Plaintiff's failure to show that the United States has waived sovereign immunity deprives this Court of subject matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's claims must be dismissed.

### A   PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL FEDERAL DEFENDANTS DO NOT WAIVE THE UNITED STATES' IMMUNITY.

The U.S. Department of Justice represents the individual federal defendants under the authority of 28 C.F.R. § 50.15. No certification has been made under 28 U.S.C. § 2679(d)(1). The Plaintiff's claims against the individual federal defendants are separate from his claims against United States. The United States' waiver of sovereign immunity must be unequivocal and express. Waiver cannot be implied from the United States' representation of the individual federal defendants. This proposition that representation of individual federal defendants under 28 C.F.R. § 50.15 necessarily implies waiver of sovereign immunity is not supported by statute or case law.

### B. PENDENT PARTY JURISDICTION IS NOT A BASIS FOR JURISDICTION OVER THE UNITED STATES.

Pendent party jurisdiction under 28 U.S.C. § 1367 confers jurisdiction to a district court over a pendent state law claims that are part of the same "case or controversy" as a federal claim. *Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 2003 U.S. App. LEXIS 12634, *2 (9th Cir. 2003). A court has pendent party jurisdiction where "non-federal claims are part of the same 'case' as federal claims" meaning "they 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Id.* at *3 (citing to *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) (superseded by 28 U.S.C. § 1367, which codifies the power of the federal court to hear state claims). Here, Plaintiff's claims do not involve state law claims that are part of the same case or controversy. Further, this statute does not operate as a waiver of sovereign immunity. *Dunn & Black P.S.*, 492 F.3d at 1088 (citing to *Wilkerson v. United States*, 67 F.3d 112, 119 (5th Cir. 1995). Plaintiff erroneously relies on this statute to overcome the United States' sovereign immunity. Without proof of a clear waiver of sovereign immunity, Plaintiff's claims must be dismissed.

### III. PLAINTIFF'S CORAM NOBIS CLAIM MUST BE DENIED.

The United States concedes that a petition for writ of coram nobis has not been abolished to attack criminal convictions. *United States v. Morgan*, 346 U.S. 502 (1954) (Rule 60(b) of the Federal Rules of Civil Procedure, which expressly abolished the writ of coram nobis in civil cases, does not apply to collateral attacks of criminal cases via writs of coram nobis). However, Plaintiff's coram nobis claim must be dismissed because a new, civil case is not the proper forum for seeking this type of relief. Also, Plaintiff cannot establish that he is entitled to coram nobis because he has other avenues for review of his convictions.

A. **PLAINTIFF PETITION FOR WRIT OF CORAM NOBIS IN THIS CIVIL CASE IS IMPROPER.**

A petition for writ of coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." *Morgan*, 346 U.S. at 506. "Petitions for a writ of error coram nobis should be docketed in the original criminal proceeding whose judgment is being challenged . . . and should not be transferred to the Court's civil docket as a separate, new civil proceeding." *United States v. Tyler*, 413 F.Supp. 1403 (M.D. Fla. 1976); *Telink, Inc. v. United States*, 24 F.3d 42 (9th Cir. 1994) ("A petition for writ of error coram nobis is *a step in the original criminal proceedings, not the beginning of a separate civil action.*") (emphasis added). Plaintiff erroneously raises his coram nobis claim in this civil proceeding. Plaintiff's petition for writ of coram nobis must be filed in the original criminal docket. Accordingly, this Court lacks jurisdiction and must deny Plaintiff's petition for writ of coram nobis.

B. **PLAINTIFF'S HABEAS CORPUS PETITION BARS HIS PETITION FOR WRIT OF CORAM NOBIS.**

The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to issue a writ of error coram nobis. *Morgan*, 346 U.S. at 506. This authority, however, may be used only in extraordinary circumstances and to review errors "of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (stating that the writ of coram nobis is an "extraordinary writ" to be used "only under circumstances compelling such action to achieve justice"). Where more traditional avenues of relief are either available or were available but were not pursued, a writ of coram nobis <u>cannot issue</u>. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (holding that a prisoner "may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a

gap in the postconviction remedies that must be filled by common law writs."); *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) ("Both the Supreme Court and we have long made clear that the writ of coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where <u>no more conventional remedy is available</u>.") (emphasis added). In light of these considerations, the Supreme Court has stated that, "it is difficult to conceive a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

Further, there is a "presumption of regularity that attaches to final judgments even when the question is waiver of constitutional rights." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Accordingly, the burden is on the petitioner to show that he is entitled to the extraordinary remedy of coram nobis relief and to rebut the presumption of validity that attaches to the challenged proceedings." *See Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938) (overruled in part on other grounds); *People v. Ibanez*, 76 Cal.App.4th 537, 548-49 (Cal. Ct. App. 1999) ("A petition for writ of error coram nobis places the burden of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner."). "Absent a complete miscarriage of justice, and where there have been no serious, fundamental violations of [the petitioner's] constitutional rights, society's interest in the finality would not be served by granting" a petition for writ of coram nobis. *United States v. Williamson*, 806 F.2d 216, 222 (10 Cir. 1986).

Here, there is an absence of a complete miscarriage of justice. The Ninth Circuit reviewed both of Plaintiff's convictions for errors and upheld one conviction of obstruction of court order. Plaintiff had the opportunity during appeal to raise any issues of violation of constitutional rights. In fact, Plaintiff argued that his Fifth and Sixth Amendment rights had

been violated. *United States v. Pangelinan*, 250 Fed.App'x 826 (9th Cir. 2007). The Ninth Circuit reviewed the record and held that no error occurred in finding that Plaintiff's Fifth and Sixth Amendment rights had not been violated. Further, the court held that the evidence was sufficient to find that the Plaintiff violated a court order by publishing a letter that threatened physical harm to others. *United States v. Pangelinan*, 250 Fed.App'x 826 (9th Cir. 2007).

To qualify for coram nobis relief, Plaintiff must establish four factors: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Riedl*, 496 F.3d at 1006; *Hirabayashi*, 828 F.2d at 604. "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

Plaintiff clearly fails to meet the first requirement. 28 U.S.C. § 2255 provides an avenue for Plaintiff to attack his criminal convictions. Section 2255 provides that a petitioner in custody may collaterally attack a sentence by filing a petition for a writ of habeas corpus within one year from the date on which the judgment of conviction became final.[2] Further, a petitioner has one year to appeal an order entered on petition for habeas corpus. Here, Plaintiff's amended and final criminal judgment was entered on October 19, 2007. (See Government Exhibit "C"). Plaintiff is still well within the one-year statute of limitations. In fact, Plaintiff has exercised his right to file petitions for writ of habeas corpus and is in the process of appealing the denials of his petitions.

---

[2] Plaintiff's sentence of one year of probation meets the "in custody" requirement of § 2255 jurisdiction. *United States v. Span*, 75 F.3d 1383, 1386 (9th Cir. 1996) (citing to *U.S. v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988)); *see generally United States v. Gaudin*, 28 F.3d 943, 965 (9th Cir. 1994). A copy of the Amended Judgment ordering one-year probation is attached hereto as Government Exhibit "C." Lower federal courts have uniformly concluded that coram nobis is not available to a prisoner who is in custody. *United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969).

Court of Appeals Docket No. 07-17395 is attached hereto as Government Exhibit "B."

Plaintiff's request for certificate of appealability has been granted, Petitioner has been appointed counsel, and the Ninth Circuit has requested Plaintiff to file his opening brief. *See* "Exhibit B". Thus, Plaintiff fails to meet the first requirement of the four-part test because a more conventional remedy is available. Plaintiff is already exercising this alternate avenue and is not entitled to seek a writ of coram nobis. Accordingly, this Court must deny Plaintiff's petition for coram nobis.

### IV. THE UNITED STATES' DEFENSE OF RES JUDICATA HAS NOT WAIVED AND SHOULD BE PERMITTED TO PROCEED DUE TO EXCUSABLE NEGLECT.

As explained in Section I, *infra*, the United States' calendared its motion due date incorrectly. The late filing was done in good faith and not for the purpose of undue delay. The United States respectfully requests that this Court grant a four-day extension and permit the United States' res judicata defense to proceed.

### V. SERVICE OF PROCESS IS INSUFFICIENT AS TO THE ATTORNEY GENERAL.

Should this Court grant the United States motion for a four-day extension, the United States maintains that its defense of insufficiency of process has not been waived. Proper service on the United States requires service upon the U.S. Attorney for the district in which the action is pending, and upon the U.S. Attorney General, within 120 days of the filing of the Complaint. Fed. R. Civ. P. 4(i)(1) and 4(m). To date, Plaintiff has not served the U.S. Attorney General. It is important to note that the United States is not required to respond to Plaintiff's Complaint because the United States has not been properly served as required by Rule 4(i)(1) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons above and in our supporting memorandum, the United States respectfully requests that this Court enter an Order granting the following:

(1) a four-day extension for the United States to file its Motion to Dismiss pursuant to Fed. R. Civ. P. 6(b)(1)(B); and

(2) the United States Motion to Dismiss without Leave to Amend.

Respectfully submitted this 24th day of April, 2008.

           LEONARDO M. RAPADAS
           United States Attorney
           Districts of Guam and NMI


By  /s/ Jessica F. Cruz
     MIKEL W. SCHWAB
     Assistant U.S. Attorney
     JESSICA F. CRUZ
     Assistant U. S. Attorney