

GOVERNMENT EXHIBIT A

# U.S. District Court
## Northern Mariana Islands (NMI)
### CIVIL DOCKET FOR CASE #: 1:08-cv-00004

Pangelinan v. Wiseman et al
Assigned to: Chief Judge Frances Marie Tydingco-Gatewood
Cause: 00:0000 Cause Code Unknown

Date Filed: 01/28/2008
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2008 | 1 | COMPLAINT with Jury Demand filed against all parties (Filing Fee: $350.00, Receipt Number: 09114.), filed by John S. Pangelinan. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 |  | Summons Issued as to Grand Jurors 11 thru 23, Jurors 1 thru 12, David A. Wiseman, Alex R. Munson, Craig N. Moore, Margarita D.L.G. Wonenberg, Melinda N. Brunson, Joseph Auther, Donald Hall, and Wolf Calvert. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 |  | Summons Issued as to United States of America. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 |  | Summons Issued as to Roy E. Alexander, Robert T. Torres, Lillian A. Tenorio, and Rufo T. Mafnas. (ACH) (Entered: 01/28/2008) |
| 01/28/2008 |  | Summons Issued as to Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, and Antonio Alovera. (ACH) (Entered: 01/28/2008) |
| 02/01/2008 | 2 | SUMMONS Returned Executed, filed by John S. Pangelinan. Melinda N. Brunson served on 1/28/2008, answer due 3/28/2008; Joseph Auther served on 1/29/2008, answer due 3/29/2008; Donald Hall served on 1/28/2008, answer due 3/28/2008; Wolf Calvert served on 1/29/2008, answer due 3/29/2008. (TPM) (Entered: 02/01/2008) |
| 02/01/2008 | 3 | SUMMONS Returned Executed, filed by John S. Pangelinan. Ronnie Palomo served on 1/28/2008, answer due 2/17/2008; Herman Tejada served on 1/28/2008, answer due 2/17/2008; Esperanza David served on 1/28/2008, answer due 2/17/2008; Antonio Alovera served on 1/28/2008, answer due 2/17/2008. (TPM) (Entered: 02/01/2008) |
| 02/01/2008 | 4 | SUMMONS Returned Executed, filed by John S. Pangelinan. United States of America served on 2/1/2008, answer due 4/1/2008. (TPM) (Entered: 02/01/2008) |
| 02/01/2008 | 5 | SUMMONS Returned Executed, filed by John S. Pangelinan. Roy E. Alexander served on 1/28/2008, answer due 2/17/2008; Robert T. Torres served on 1/28/2008, answer due 2/17/2008; Lillian A. Tenorio served on 1/28/2008, answer due 2/17/2008; Rufo T. Mafnas served on 1/28/2008, |



GOVERNMENT EXHIBIT B

Court Home | Case Search | Orders/Judgments | Billing History | XML | TXT | Logout | Help

## General Docket
## United States Court of Appeals for the Ninth Circuit

**Court of Appeals Docket #:** 07-17395     **Docketed:** 12/28/2007
**Nature of Suit:** 2510 Vacate Sentence
USA v. Pangelinan
**Appeal From:** US District Court for the Northern Mariana Islands, Saipan

**Case Type Information:**
 1) prisoner
 2) federal
 3) 2255 habeas corpus

**Originating Court Information:**
 **District:** 0994-1 : CV-07-00027-DAW     **Lead:** CR-06-00012-DAW
 **Trial Judge:** David A. Wiseman, U.S. District Judge
 **Date Filed:** 08/22/2007
 **Date Order/Judgment:**     **Date NOA Filed:**
 12/03/2007     12/21/2007

**Prior Cases:**
 00-15697
  **Date Filed:** 04/20/2000     **Date Disposed:** 03/19/2002     **Disposition:** Affirmed - Memorandum
 00-15705
  **Date Filed:** 04/21/2000     **Date Disposed:** 03/19/2002     **Disposition:** Affirmed - Memorandum
 00-16630
  **Date Filed:** 08/31/2000     **Date Disposed:** 03/19/2002     **Disposition:** Affirmed - Memorandum
 01-16622
  **Date Filed:** 08/17/2001     **Date Disposed:** 03/19/2002     **Disposition:** Affirmed - Memorandum
 02-10535
  **Date Filed:** 10/25/2002     **Date Disposed:** 02/20/2004     **Disposition:** Reversed - Memorandum
 02-16013
  **Date Filed:** 05/22/2002     **Date Disposed:** 01/15/2003     **Disposition:** Affirmed - Memorandum
 02-16884
  **Date Filed:** 10/01/2002     **Date Disposed:** 01/15/2003     **Disposition:** Affirmed - Memorandum
 04-10326
  **Date Filed:** 06/16/2004     **Date Disposed:** 05/13/2005     **Disposition:** Affirmed - Memorandum
 04-15287
  **Date Filed:** 02/23/2004     **Date Disposed:** 02/11/2005     **Disposition:** Affirmed - Memorandum
 06-16522
  **Date Filed:** 08/21/2006     **Date Disposed:** 09/19/2006     **Disposition:** Closed as Opened in Error - Clerk Order
 06-80131
  **Date Filed:** 09/19/2006     **Date Disposed:** 12/26/2006     **Disposition:** Dismissed - Judge Order
 07-10032
  **Date Filed:** 01/12/2007     **Date Disposed:** 10/11/2007     **Disposition:** Reversed - Memorandum
 07-15156
  **Date Filed:** 01/31/2007     **Date Disposed:** 06/05/2007     **Disposition:** COA Denied - Judge Order

07-15355
**Date Filed:** 03/09/2007 **Date Disposed:** 06/05/2007 **DISPOSITION:** COA Denied - Judge Order
96-10459
**Date Filed:** 10/28/1996 **Date Disposed:** 05/05/1998 **DISPOSITION:** Affirmed - Memorandum

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Companion | 07-16802 | 07-17395 | 12/28/2007 | |
| | 07-17196 | 07-17395 | 12/28/2007 | |

---

UNITED STATES OF AMERICA
    Plaintiff - Appellee

Craig N. Moore, Esq., Attorney
Direct: 670-236-2980
Fax: 670/236-2985
[COR LD NTC Assist US Attorney]
USNMI - OFFICE OF THE U.S. ATTORNEY
Ste 300
P.O. Box 500377
Saipan, MP 96950-0000

v.

JOHN S. PANGELINAN
    Defendant - Appellant

Steven P. Pixley, Esq., Attorney
Direct: 670/233-2898 ext5175
Fax: 670/233-4716
[COR LD NTC CJA Appointment]
Law Office of Steven P. Pixley
CIC Center, Beach Rd. Garapan
Second Floor
P.O. Box 7757 SVRB
Saipan, MP 96950-0000

John S. Pangelinan
Direct: 670/235-5693
[NTC Pro Se]
P.O. Box 501721
Saipan, MP 96950-0000

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

JOHN S. PANGELINAN,

    Defendant - Appellant

| | | |
|---|---|---|
| 12/28/2007 | 1 | Filed request for a certificate of appealability. Date COA denied in DC: 12/21/07 Record on Appeal included (y/n): no (RECORDS UNIT) |
| 01/09/2008 | 3 | Rec'd notice of change of address from John S. Pangelinan dated 1/6/08. New address is PO BOX 501721 Saipan, MP 96950 (CASEFILE) [07-16802, 07-17196, 07-17395] |
| 01/28/2008 | 4 | Filed Order (Susan P. GRABER, M. M. McKEOWN,) Case No. 07-17196, in case number 07-17196, aplt appeals from (1) the DC's Order dated 9/6/07, which denied aplt's 28 U.S.C 2255 mtn filed 8/22/07, and (2) the DC's Order dated 10/11/07, which denied aplt's mtn for recon filed 9/25/07. As to this cs, the request for a certificate of appealability is DENIED. (cite) All outstanding mtns and requests are denied as moot. The Clk shall close the docket in cs number 07-17196. Case No. 07-17395, in cs number 07-17395, aplt appeals from (1) the DC's Order dated 10/29/07, which denied aplt's 28 U.S.C. 2255 mtn filed 10/25/07, and (2) the DC's Order dated 12/3/07, which dismissed aplt's 11/23/07, mtn as an unauthorized second or successive section 2255 mtn. The request for a certificate of appealability is GRANTED......(PLS SEE ORDER FOR COMPLETE TEXT) We sua sponte grant aplt leave to proceed IFP based on his in forma pauperis status in appeal number 97-10032. The Clk shall change the docket to reflect aplt's in forma pauperis status. Csl is hereby appt'd for aplt for purpose of this appeal. Csl will be appt'd by separate order. If aplt does not wish to have appt's csl, aplt shall file a mtn asking to proceed pro se w/in 21 days of the date of this order. The Clk shall serve a copy of this order by facsimile transmission and mail on Judge Alex R. Munson, U.S.D.C. for the District of the Northern Mariana Islands, P.O. Box 500687, Saipan, MP 96950, (FAX: 670/236-2911), who is requested to locate appt'd csl. The DC shall provide the Clk of this court with the name & address of appt'd csl by facsimile transmission (FAX: 415/355-8111) w/in 14 days of locating csl. The opening brf is due 4/7/08. There was no appearance by the aple in the DC. The Clk shall serve a copy of this order on Craig N. Moore, Esq., USNMI - Office of the U.S. Atty, P.O. Box 500377, Saipan, MP 96950, who is requested to enter a ntc of appearance on behalf of aple in this cs. By 5/8/08, aple shall file an ans brf or a letter indicating that no ans brf will be filed. If aple files an answering brf, the optional rpy brf will be due 14 days after svc of the ans brf. Because there's no hearing in the DC, the clk of that court shall forward the certificate of record immediately. (cite) [07-17395] |
| 01/28/2008 | 6 | A copy of 1/28/08 order faxed to Judge Alex R. Munson @ the DC; a copy of 1/28/08 order to AUSA Craig N. Moore. [07-17196, 07-17395] |
| 01/29/2008 | 7 | Received notice of appearance of Steven P. Pixley, Esq., as CJA counsel for petitioner. [07-17395] |
| 02/08/2008 | 8 | Filed certificate of record on appeal RT filed in DC 2/4/08 [07-17395] |
| 03/27/2008 | 9 | 14 day oral extension by phone of time to file Appellant John S. Pangelinan in 07-17395 brief. Appellant John S. Pangelinan opening brief due 04/21/2008. Appellee United States of America answering brief due 05/21/2008. The optional reply brief is due 14 days after service of the appellee brief. [07-17395] |

| PACER Service Center |
|---|
| Transaction Receipt |

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case  
Sheet 1                                                                                                         (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
District of _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOHN SABLAN PANGELINAN | Case Number: CR-06-00012-001 |
|  | USM Number: 00400-005 |
|  | Steven P. Pixley, Esq. |
|  | Defendant's Attorney |

**Date of Original Judgment:** 1/5/2007
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☑ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**FILED**
Clerk
District Court

OCT 19 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☑ was found guilty on count(s) II after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1509 | Obstruction of a Court Order |  | II |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☑ The defendant has been found not guilty on count(s) I
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/11/2007
Date of Imposition of Judgment

_/s/_ 10/19/07
Signature of Judge

Hon. David A. Wiseman    Designated Judge
Name of Judge            Title of Judge

Date



GOVERNMENT EXHIBIT C

AO 245C　　(Rev. 06/05) Amended Judgment in a Criminal Case
　　　　　　Sheet 2 — Imprisonment　　　　　　　　　　　　　　　　　　　(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: JOHN SABLAN PANGELINAN　　　　　　　　　　　Judgment — Page __2__ of __6__
CASE NUMBER: CR-06-00012-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

12 months imprisonment as to Count II, with credit for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant is recommended to participate in a Bureau of Prisons mental health and alcohol education/counseling program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____　☐ a.m　☐ p.m.　on _____ .

　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on _____ .

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

AO 245C　(Rev. 06/05) Amended Judgment in a Criminal Case
　　　　　Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: JOHN SABLAN PANGELINAN
CASE NUMBER: CR-06-00012-001

Judgment—Page __3__ of __6__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

One year for Count II.

　　　The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐　The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑　The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑　The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐　The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐　The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

　　　If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

　　　The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 3C — Supervised Release                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: JOHN SABLAN PANGELINAN
CASE NUMBER: CR-06-00012-001

Judgment—Page 4 of 6

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime;

2. The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. He shall submit to up to one drug test within 15 days of release and at least two periodic drug tests thereafter for use of a controlled substance;

3. The defendant shall pay a $7,500 fine;

4. The defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

5. The defendant shall comply with the standard conditions of supervised release as adopted by this court;

6. The defendant shall be prohibited from possessing a firearm or other dangerous weapon or have such weapon where he resides;

7. The defendant shall refrain from the use of all alcoholic beverages;

8. The defendant shall participate in a program approved by the U.S. Probation Office for alcohol abuse, which may include up to eight alcohol tests per month to determine whether he has reverted to the use of alcohol. The defendant shall also make co-payment for the program at a rate to be determined by the U.S. Probation Office;

9. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer unless he is in compliance with the payment schedule. The defendant is restricted from transferring, conveying, selling, leasing, renting, trading, assigning, deeding, gifting, hypothecating, or in any way encumbering the defendant's interest in any real property until his fine is satisfied. It is the order of the Court that the defendant may not in any way transfer any of his interest in any real property until his fine is satisfied. Accordingly, it is ordered that the defendant shall not circumvent, in any way, the order of this Court. Furthermore, the defendant shall not interfere with the legal owner's interest in Lot No. E.A. 222, which is located in Papago, Saipan. The defendant or any person on his behalf shall not cause or attempt to cause any disruption or interfere with the legal owner's possession or use of Lot No. E.A. 222.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
       Sheet 5 — Criminal Monetary Penalties                                                  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: JOHN SABLAN PANGELINAN                      Judgment — Page  5  of  6
CASE NUMBER: CR-06-00012-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 25.00 | $ 7,500.00 | $ |

☐☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: JOHN SABLAN PANGELINAN
CASE NUMBER: CR-06-00012-001

Judgment — Page __6__ of __6__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of $ __7,525.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.