JOHN S. PANGELINAN
P.O. Box 501721
Saipan, MP 96950

Telephone No. (670) 322-0322

Pro se

F I L E D
Clerk
District Court

APR 2 5 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN )<br>)<br>    Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>)<br>DAVID A. WISEMAN, ALEX R. MUNSON, )<br>CRAIG N. MOORE, MARGARITA D.L.G. )<br>WONENBERG, MELINDA N. BRUNSON, )<br>JOSEPH AUTHER, DONALD HALL, WOLF )<br>CALVERT, GRAND JURORS 1 Thru 23, )<br>JURORS 1 Thru 12, ROY E. ALEXANDER )<br>ROBERT T. TORRES, LILLIAN A. TENORIO )<br>and RUFO T. MAFNAS )<br>)<br>    Defendants, )<br>)<br>)<br>ANGELITO TRINIDAD, RONNIE PALOMO, )<br>HERMAN TEJADA, ESPERANZA DAVID, )<br>ANTONIO ALOVERA and UNITED STATES )<br>OF AMERICA, )<br>)<br>    Respondents. )<br>)<br>) | Civil Action No. 08-0004<br><br><br><br><br><br><br><br><br>*EX PARTE* MOTION FOR<br>ENTRY OF DEFAULT<br>AGAINST INDIVIDUAL<br>FEDERAL DEFENDANTS<br>PURSUANT TO RULE<br>55 (a), Fed.R.Civ.P.. |

**COMES NOW,** John S. Pangelinan, referred hereafter as "Pangelinan", and moves this court for an order of entry of default by the clerk of this court against the individual federal defendants pursuant to Rule 55(a), Fed.R.Civ.P., as this is a *Bivens* action against them individually only, in their individual capacity for damages and not against United States of America as their co-defendant, and that they failed in that capacity to both timely file their Rule 12(b) motion, as filed, and their answer under Rule 12(a)(1)(A)(i), Fed.R.Civ.P., and, for United States of America's failure to substitute for them, which it cannot, or even to appear or answer in their behalf, through the U.S. Attorney under Rule 12(a)(3)(B), Fed.R.Civ.P., at its untimely appearance on April 1, 2008. Pangelinan is entitled by law to entry of default and that this motion is strictly procedural and hence this motion is made *ex parte*. The individual federal defendants are David A. Wiseman, Alex R. Munson, Craig N. Moore, Margarita D.L.G. Wonenberg, Melinda N. Brunson, Joseph Auther, Donald Hall and Wolf Calvert.

### Facts In The Record

1. Record shows that the complaint states that Pangelinan brings only a *Bivens* action against individual federal defendants for the relief of damages for constitutional torts committed by them, and not against United States of America as their co-defendant, which Pangelinan cannot include.
2. Record shows that individual federal defendants were all served individually, in their individual capacity, with the summons and complaint no later than January

31, 2008, pursuant to Rule 4(e), Fed.R.Civ.P.  The record also shows that the summons say that they each had forty (40) days to file an answer to the complaint.

3. Record shows that the U.S. Attorney was served with the summons and complaint on January 28, 2008, in behalf of United States of America, to appear only as a respondent to this case.

4. Record shows that individual federal defendants made their first appearance under Rule 12(a)(1)(A)(i), Fed.R.Civ.P., by the filing, in their individual capacity, of their Rule 12(b) motion on March 27, 2008.

5. Record shows that United States of America made its first appearance under Rule 12(a)(2), Fed.R.Civ.P, on April 1, 2008, through the U.S. Attorney, by the filing of its Rule 12(b) motion.  It also shows that United States of America only appeared in its own behalf, and not in the behalf of individual federal defendants, nor it appearing as substitute of individual federal defendants.

**Law on *Bivens* Action As It Relates To
United States of America**

"By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of constitutional right. ... the United States simply has not rendered itself liable under [28 U.S.C.] §1346(b) for constitutional tort claims.  Thus, because [plaintiff's] constitutional tort claim is not cognizable under §1346(b), the FTCA [Federal Torts Claim Act] does not constitute his 'exclusive' remedy." <u>FDIC v. Meyer</u>, 114 S.Ct. 996, 1001, 510 U.S. 471, 478, 127 L.Ed.2d 308 (1994).  This case also says that a *Bivens* action is not available against a federal government agency but available only

against federal agents, the individuals. "Paragraph (1) does not extend or apply to a civil action against an employee of the Government— (A) which is brought for a violation of the Constitution of the United States". 28 U.S.C. §2679, Exclusiveness of Remedy, (b)(2). "Service upon the United States was not necessary in [a] *Bivens* action, which is action brought against federal officials in their individual capacities, not in their official capacities; because [plaintiff] did not and could not have sued the United States or its officers in their official capacity upon *Bivens* claim, it necessarily followed that he did not have to serve the United States." Vaccaro v. Dobre, 81 F.3d 854, 855 (9th Cir. 1996). This case, however, says that individual federal defendants in a *Bivens* action must be served individually, in their individual capacity, with the summons and complaint. Thus, where as in this case United States of America cannot be made as a co-defendant of individual federal agents for claims of constitutional right violations and for the relief of damages, Rules 4(i)(3) and 12(a)(3), Fed.R.Civ.P., are not applicable.

## Conclusion

Individual federal defendants, in their individual capacity and not including United States of America as their co-defendant and although are represented by U.S. Department of Justice attorneys, could only file their Rule 12(b) motion under Rule 12(a)(1)(A)(i), Fed.R.Civ.P., and indeed they filed it under that rule nineteen (19) days too late, or for their answer to be filed thereunder; and, United States of America, through the U.S. Attorney, filed its Rule 12(b) motion under Rule 12(a)(2), Fed.R.Civ.P., four (4) days too late, or for its answer to be filed thereunder— albeit, it appearing in its own

behalf only, nor as substitute of individual federal defendants; and, that, therefore, individual federal defendants failed to timely file their answer or their Rule 12(b) motion, have waived all waivable Rule 12(b) motions and are now not entitled to a Rule 12 hearing, have waived all defenses and affirmative defenses, including all immunity defenses, may no longer challenge the averments in the complaint, are now all in default, and Pangelinan is now entitled to an entry of default against individual federal defendants. Thus, Pangelinan's motion must and should be granted.

Dated this 25th day of April, 2008.

_____
John S. Pangelinan
Plaintiff, *pro se*