U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney
VIRGINIA G. LAGO
Attorney Advisor
Constitutional Torts Staff
Virginia Bar No. 25017
P.O. Box 7146, Ben Franklin Station
Washington, DC  20044-7146
Facsimile: (202) 616-4314
Email: *Virginia.Lago@usdoj.gov*
Telephone: (202) 616-4328

    Attorneys for the Individual Federal Defendants,
    Alex R. Munson, David A. Wiseman, Craig Moore,
    Margarita D.L.G. Wonenberg, Melinda Brunson,
    Joseph Auther, Donald Hall and Wolf Calvert

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| John S. Pangelinan,<br><br>    Plaintiff,<br>v.<br><br>David A. Wiseman, et al.,<br><br>    Defendants. | Civil Action No. 1:08-CV-04<br><br>**Response to Plaintiff's *Ex Parte* Motion for Entry of Default Against Individual Federal Defendants**<br><br>The Honorable Frances M. Tydingco-Gatewood |

    COMES NOW the individual federal defendants, specifically: Chief Judge Alex Munson, Designated Judge David Wiseman, Assistant U.S. Attorney Craig Moore, Federal Probation Officers Margarita D.L.G. Wonenberg and Melinda N. Brunson, FBI Special Agent Joseph Auther, and Deputy U.S. Marshals Donald Hall and Wolf Calvert; by and through their undersigned counsel, and respectfully submit the following response in opposition to plaintiff's *Ex Parte* Motion for Entry of Default under Fed. R. Civ. P. 55(a).

**Introduction**

    Plaintiff's *ex parte* motion seeking entry of a default judgment against the individual federal defendants is frivolous and should be denied, because the latter all filed a timely

motion to dismiss the claims against them without leave to amend in accordance with Fed. R. Civ. P. 12.[1]  In addition, plaintiff has failed to serve the U.S. Attorney General and therefore service of process as to the individual federal defendants is presently insufficient.

### The Individual Federal Defendants' Response was Timely

As the record reflects, plaintiff filed returns of service for the individual federal defendants on February 1, 2008.  *See* Docket Entries 2 and 6.  *See also* Docket Entry 4 purporting to evidence service upon the United States of America via some unspecified delivery method to the "Office of the U.S. District Attorney."  Notably, plaintiff did not file with the Court in this case a return of service indicating service on the Attorney General.[2]

Although Docket Entries 2 and 6 are unclear is some respects, the returns of service filed there appear to state that some sort of personal service was attempted or effected upon defendants Brunson and Hall on January 28, 2008, upon defendants Auther, Calvert, Munson and Wiseman on January 29, 2008, and upon defendant Wonenberg on January 31, 2008.[3]  Assuming personal service was accomplished on the dates indicated, the individual federal defendants had sixty days to file an answer or otherwise respond to the Complaint.[4]

In this case, a motion to dismiss was filed on behalf of the individual federal defendants on March 27, 2008, and that date is within sixty days of the plaintiff's earliest purported service on these defendants.  The individual federal defendants therefore filed a timely response to the plaintiff's claims in accordance with Fed. R. Civ. P. 12(a)(3).

---

[1]   Indeed, the federal defendants motion to dismiss is currently scheduled for hearing in Saipan, MP, on May 7, 2008, at 9:00 a.m.  *See* Order of April 1, 2008 (Docket Entry 35).

[2]   The significance of this failure is discussed *infra* at page 3.

[3]   There is, however, no return of personal service filed for defendant Moore.

[4]   Fed. R. Civ. P. 12(a)(3) provides that: A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

1   In his motion for entry of default, plaintiff asserts that the individual defendants had
2 only forty days (rather than sixty) to file an answer to the complaint because he served them
3 with a forty-day summons.  While it does appear that plaintiff incorrectly used a forty-day
4 summons, his mistake does not alter the sixty-day response period of the Federal Rules of
5 Civil Procedure.  Plaintiff's motion for an entry of default is therefore without merit.

**Insufficiency of Service of Process Also Precludes An Entry of Default**

7   In further support of his claim for an entry of default, plaintiff cites to the outdated
8 holding in *Vaccaro v. Dobre*, 81 F.3d 854, 855 (9th Cir. 1996), for the proposition that he
9 was not required serve the United States in order for the Court to exercise jurisdiction over
10 the individually named federal defendants.  However, the *Vaccaro* case has been overruled
11 by amendments to the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4 *Advisory*
12 *Committee Notes, 2000 Amendments*.  As amended, the Fed. R. Civ. P. 4 provides that:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity) a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

16 Fed. R. Civ. P. 4(i)(3).  It is clear on the face of the Complaint that the individual federal
17 defendants are sued for acts or omissions occurring in connection with duties performed on
18 the United States' behalf, albeit in their individual capacities; therefore service on the
19 United States is required.  Proper service on the United States requires service upon the U.S.
20 Attorney for the district in which the action is pending, and upon the U.S. Attorney General
21 in accordance with Fed. R. Civ. P 4(i)(1).  *See also* Fed. R. Civ. P. 4(m) (requiring dismissal
22 if service is not completed within 120 days after the complaint is filed unless good cause is
23 shown).  Here, plaintiff has not served the U.S. Attorney General so service is insufficient.

**Conclusion**

25   For the reasons stated above, plaintiff's *Ex Parte* Motion for Entry of Default Against
26 the Individual Federal Defendants Pursuant to Fed. R. Civ. P. 55(a) should be denied.
27 / / /
28 / / /

1 / / /

2                                 Respectfully submitted,

3                                 JEFFREY S. BUCHOLTZ
                                Acting Assistant Attorney General
4                                 Civil Division

5                                 */s/ C. Salvatore D'Alessio, Jr.*
                                C. SALVATORE D'ALESSIO, JR.
6                                 Senior Trial Attorney, Torts Branch

7                                 */s/ Virginia G. Lago*
                                VIRGINIA G. LAGO
8                                 Attorney Advisor, Constitutional Torts Staff

9                                 Attorneys for the individual federal defendants

10

11                     _____

12                            **Certification of Service**

13    I certify that on <u>April 30, 2008</u> (E.D.T.), this *Response to Plaintiff's Ex Parte Motion for Entry of Default against Individual Federal Defendants* was filed electronically.  Notice of
14 this filing will be sent by e-mail to all parties registered to receive electronic filing by operation of the court's electronic filing system.  <u>Parties not indicated to have been
15 electronically served on the Notice of Electronic Filing will be served with a paper copy of this filing via regular first class U.S. mail, postage prepaid.</u>  Parties may also access this
16 filing through the court's Case Management (CM) / Electronic Case Filing (ECF) system.

17                                 Signed: <u>*C. Salvatore D'Alessio, Jr.*</u>

18

19

20

21

22

23

24

25

26

27

28