Robert Tenorio Torres
Attorney at Law
P.O. Box 503758
Saipan, MP 96950
Tel: (670) 234-7859

Attorney for Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, and Antonio Alovera, Respondents

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID A. WISEMAN, et al,<br><br>Defendants.<br><br>ANGELITO TRINIDAD,<br>RONNIE PALOMO,<br>HERMAN TEJADA,<br>ESPERANZA DAVID,<br>ANTONIO ALOVERA, and<br>the UNITED STATES OF<br>AMERICA,<br><br>Respondents. | Case No. CV 08-0004<br><br>OPPOSITION OF ANGELITO TRINIDAD, RONNIE PALOMO, HERMAN TEJADA, ESPERANZA DAVID, AND ANTONIO ALOVERA TO MOTION FOR DECLARATORY JUDGMENT... AND FOR WRITS OF CORAM NOBIS VACATING AND NULLIFYING AND DISMISSING SAID CIVIL AND CRIMINAL CASES AND MOTION TO EXCEED PAGE LIMIT<br><br>Date: May 7, 2008<br>Time: 9 am<br>Judge: Tydingco-Gatewood |

Without regard to the pending motions to dismiss the Complaint in this action, John Panglinan has filed a motion for declaratory judgment to,

among other things: (1) declare the Judgment in Civil Action No. 97-0073 (the "Underlying Action") null and void; (2) to nullify and dismiss certain criminal cases brought against him; and (3) for leave to file a brief exceeding the page limit set forth in this court's Local Rules of Practice. Contrary to Pangelinan's unsupported claims, no facts nor any principle of law justify the relief requested.

### A. Pangelinan is not Entitled to Declaratory Relief

Consistent with the "cases" and "controversies" requirement of Article III of the United States Constitution, the Declaratory Judgment Act specifically conditions the issuance of declaratory relief on the presence of an "actual controversy."[1] In other words, the Act presupposes "the existence of a judicially remediable right." *C & E Services, Inc. of Washington v. District of Columbia Water and Sewer Auth.*, 310 F.3d 197, 201-02 (D.C.Cir.2002); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996) (a claim is properly dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) when the court lacks

---

[1] *E.g. McManus v. District of Columbia*, --- F.Supp.2d ----, 2007 WL 4573442 (D.D.C. Dec. 31, 2007) (Although the Declaratory Judgment Act allows the Court to "declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201, it "is not an independent source of federal subject matter jurisdiction," quoting *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

the statutory or constitutional power to adjudicate the claim).

Black letter principles of jurisprudence dictate, therefore, that in order to invoke the Declaratory Judgment Act, Plaintiff must first demonstrate that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Atlas Air, Inc. v. Air Line Pilots Ass'n, Int'l*, 69 F.Supp.2d 155, 162 (D.D.C.1999). Notwithstanding this litigant's unwavering desire to void the eight year-old judgment against him, his claim against the Trinidad Plaintiffs is barred by collateral estoppel or res judicata. Accordingly, there is no justiciable controversy entitling him to the relief requested.

Angelito Trinidad, Ronnie Palomo, Herman Tejada, Esperanza David, and Antonio Alovera, moreover, already have pending before the court their motion to dismiss this action on grounds of res judicata and collateral estoppel. In their papers, the Trinidad Plaintiffs point out the numerous rulings by this court and the Ninth Circuit reminding John Pangelinan that the eight year-old judgment obtained by the Trinidad Plaintiffs against him in *Trinidad v. Pangelinan*, Civil Action 97-0073 (the "Underlying Action") is valid.

In his Opposition to that Motion, Pangelinan recognizes that the

judgment in the Underlying Action has been affirmed on three separate occasions by the Ninth Circuit Court of Appeals. *See Trinidad v. Pangelinan*, No. 02-16013 (9th Cir. Jan. 15, 2003);[2] *Trinidad v. Pangelinan*, Nos. 00-15697, 00-15705, 00-16630, 01-16622 (9th Cir. March.15, 2002);[3] *see also* 120 Fed.Appx. 742, 2005 WL 332757 (9th Cir. Feb. 11, 2005) (again rejecting Pangelinans' contention that the underlying judgment was void; affirming order denying Pangelinans' motion to compel an accounting; and granting Trinidad Plaintiffs' motion for sanctions). Pangelinan, moreover, has already argued in Opposition to the pending motion that he is entitled to a declaration voiding the Underlying Judgment on grounds of Rule 60(b) "discretionary judicial revision of judgments...."' Objection at 6.

From his own papers, it is entirely apparent that Pangelinan is collaterally challenging the Underlying Judgment, the jurisdiction of the court to issue the judgment, and the court's personal jurisdiction over the

---

[2] *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000), *aff'd*, 32 Fed.Appx. 357, 2002 WL 461731 (9th Cir. 2002) (affirming district court ruling that: (1) district court had personal jurisdiction over the defendants; (2) venue was proper; (3) evidence warranted piercing of corporate veil; (4) district court had jurisdiction over RICO claim; (5) damages award was not abuse of discretion; and (6) execution of judgment was proper in absence of formal stay.

[3] *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000), *aff'd*, 54 Fed.Appx. 470, 2003 WL 124471 (9th Cir.), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003).

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

defendants. He has already done so on numerous occasions, and on each occasion, John Pangelinan has lost. *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000), *aff'd*, 54 Fed.Appx. 470, 2003 WL 124471 (9th Cir.), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003) (affirmed judgment and order denying Pangelinans' Fed.R.Civ.P. 60(b)(4) motion to void the judgment in Civil Action No. 97-00073 and further ruling that no additional filings by the Pangelinans would be accepted in the closed appeal).

Where, as here, ample evidence demonstrates that a previous action challenging the same judgment and involving the same parties had been dismissed, the matter warrants dismissal on Rule 12(b) grounds now. *Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1054-1055 (9th Cir. 2005); *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir.1952) (case disposed of by motion to dismiss raising grounds of res judicata). Since Pangelinan offers nothing new in this motion to substantiate his claim that the Judgment in the Underlying Action is void, there is no basis for granting the relief requested.

As to his request to exceed this court's page limit, there are no new facts to warrant the filing of any additional treatise. Pangelinan has already filed an Opposition to the Motion to Dismiss laying out the reasons why

"their judgment is to be annulled... ." Objection at 4.

Notwithstanding Plaintiff's twisted perception of what actually transpired in the Underlying Civil Action, moreover, the trial court fully addressed his Article III objections and expressly determined that it could exercise in personam jurisdiction over Pangelinan. Where, as here, there is no issue for the court to decide as to the validity of the Underlying Judgment, there is no substantial controversy of sufficient immediacy or reality to warrant the issuance of a declaratory judgment. Because the court thus lacks subject matter jurisdiction to entertain Pangelinan's declaratory judgment claim, the motion for declaratory relief cannot survive.

## CONCLUSION

This action is barred by res judicata. Therefore, all claims that were or could have been raised in the Underlying Action are barred. Time and again, this court has considered and rejected substantially the same claims raised here. To the (limited) extent that the proposed memorandum could be construed to raise new issues, they arise out of the same nucleus of operative facts as the issues adjudicated in the Underlying Action. Therefore, even these issues could and should have been brought to light in Civil Action 97-0073, and Plaintiff's failure to do so means that they are precluded by res judicata now.

Respectfully submitted this 6th day of May, 2008.

*/s/ Robert T. Torres*
ROBERT T. TORRES, ESQ.
Attorney for Respondents
Trinidad, Palomo, Tejada, David and Alovera

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859