F I L E D
Clerk
District Court

MAY - 7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JOHN S. PANGELINAN, | ) | Civil No. 08-0004 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER DENYING |
| | ) | "OBJECTIONS" TO |
| DAVID A. WISEMAN, *et al.*, | ) | LATE FILINGS |
| | ) | |
| Defendants | ) | |

THE COURT construes Plaintiff's various Motions/Objections [Docket Nos. 21, 49, 51, 60, and 61] to purported late filings by Defendants as motions to strike the pleadings and enter default. So construed, the Objections/Motions are denied.

No defaults have been entered and no pleadings stricken from the record. However, even if defaults had been entered, Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default for "good cause shown." The "good cause" standard that governs entry of default under Rule 55(c) is the same standard as that for vacating a default judgment under Rule 60(b). *Franchise Holding II v. Huntington Restaurants Group, Inc.*, 375 F.3d 922 (9th Cir. 2004), citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Three factors are considered: the culpable conduct of defendant, whether defendant has a meritorious defense, and the prejudice to plaintiff if entry of default is set aside. *Id.* at 925-926.

Assuming Plaintiff's facts are correct as alleged, certain of Defendants' filings were late by anywhere from one to four days. There is no allegation of culpable conduct by Defendants in filing their Motions late; indeed, the court can envisage no benefit to Defendants for intentionally filing late. As to the second factor, a preliminary reading of the late filings supports the Court's initial assessment that all Defendants have meritorious defenses to Plaintiff's Complaint. Finally, there appears to be no prejudice to Plaintiff by denying his Objections/Motions and, indeed, he makes no colorable claim of prejudice. The omnibus hearing on all pending motions in this matter was set for Wednesday, May 7, 2008. Plaintiff filed the first of his Objections/Motions on February 26, 2008 [Docket No. 21], and the last on May 2, 2008 [Docket No. 61]. Had Plaintiff shown prejudice and requested more time to

respond, it would have been granted to him.

Given the foregoing, the Court finds that the law does not support striking any late filing or entering default against any Defendant. Accordingly, Plaintiff's Motions/Objections are denied.

IT IS SO ORDERED.

DATED this ___7th___ day of May, 2008.

_____
FRANCES TYDINGCO-GATEWOOD
Judge