U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney
VIRGINIA G. LAGO
Attorney Advisor
Constitutional Torts Staff
Virginia Bar No. 25017
P.O. Box 7146, Ben Franklin Station
Washington, DC  20044-7146
Facsimile: (202) 616-4314
Email: *Virginia.Lago@usdoj.gov*
Telephone: (202) 616-4328

Attorneys for the Individual Federal Defendants,
Alex R. Munson, David A. Wiseman, Craig Moore,
Margarita D.L.G. Wonenberg, Melinda Brunson,
Joseph Auther, Donald Hall and Wolf Calvert

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| John S. Pangelinan,<br><br>    Plaintiff,<br>v.<br><br>David A. Wiseman, et al.,<br><br>    Defendants. | **Civil Action No. 1:08-CV-04**<br><br>**Individual Federal Defendants' Opposition to Plaintiff's Consolidated Motion for Reconsideration and Withdrawal pursuant to Rules 59 or 60(b)**<br><br>The Honorable Frances M. Tydingco-Gatewood |

COMES NOW the individual federal defendants, by and through their undersigned counsel, and respectfully submit the following response in opposition to plaintiff's consolidated motion for reconsideration and withdrawal.  The individual federal defendants oppose the plaintiff's motion for reconsideration and withdrawal of the Court's May 8, 2008, Order granting *inter alia* the individual federal defendants' motion to dismiss without leave to amend.

**Discussion**

Plaintiff brings this motion under Fed. R. Civ. P. 59 and 60(b) for reconsideration and withdrawal of this Court's May 8, 2008, Order.  Under Fed. R. Civ. P. 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d

734, 740 (9th Cir. 2001). In addition, reconsideration under Fed. R. Civ. P. 60(b) is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances'"). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Because plaintiff has failed to meet the requirements of either Fed. R. Civ. P. 59 or 60(b), his consolidated motion for reconsideration and withdrawal should be denied in its entirety.

Plaintiff raises three issues with respect to the individual federal defendants which amount to nothing more than the rehashing of his previous arguments, all of which were fully briefed and properly rejected by this Court. First, he continues to assert the procedurally incorrect argument that the individual federal defendants were required to answer or respond to the Complaint within twenty days of service. Fed. R. Civ. P. 12(a)(3) however, clearly states that United States officers or employees sued in an individual capacity must answer a complaint within sixty days after service. Plaintiff's continued reliance on a case which was overruled by the 2000 Amendments to the Federal Rules of Civil Procedure is obviously misplaced.

Second, plaintiff continues to complain that his arrest, prosecution and incarceration were without probable cause, and completely ignores the fact that he was indicted by a federal grand jury and also convicted by a jury of his peers. He again bases this meritless argument on the idea that because one count of the criminal charge pursuant to 18 U.S.C. § 1509 was reversed on appeal, he is innocent of all charges. This of course fails to recognize the affirmance of his conviction on the second count, and his resultant inability to satisfy *Heck v. Humphrey* which requires the favorable termination of a criminal conviction before a plaintiff can recover damages for an allegedly unconstitutional conviction or imprisonment. 512 U.S. 477 (1994).

Finally, plaintiff asserts that the individual federal defendants are not entitled to immunity. The particular actions he identifies as outside the scope of immunity include orders issued by Judge Wiseman in the *Trinidad* matter, and with respect to his prosecution pursuant to 18 U.S.C. § 1509, the charges brought against plaintiff by Assistant U.S. Attorney Moore, FBI Special Agent Auther's arrest of the plaintiff pursuant to warrant (as well as his testimony before the grand jury), and Probation Officer Brunson's petition for plaintiff's arrest for violation of his

supervised release. Here, the functions at issue are either judicial in nature, as in the case of Judge Wiseman's orders, or critical to the judicial process, *e.g.*, Probation Officer Brunson's petition or FBI Special Agent Auther's testimony before the grand jury. As such, despite his already rejected arguments to the contrary, plaintiff's claims are clearly barred by immunity.

**Conclusion**

This Court correctly determined the issues in its May 8, 2008, opinion and order of dismissal. Plaintiff has offered nothing new or to the contrary on reconsideration. Accordingly, for the reasons stated above, the plaintiff's motion for reconsideration should be denied.

**Statement Regarding Oral Argument**

The individual federal defendants submit that this Court's disposition of plaintiff's claims was correct, and plaintiff's motion for reconsideration should be denied without oral argument.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General
Civil Division

*/s/ C. Salvatore D'Alessio, Jr.*
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney, Torts Branch

*/s/ Virginia G. Lago*
VIRGINIA G. LAGO
Attorney Advisor, Constitutional Torts Staff

Attorneys for the individual federal defendants

---

CERTIFICATION OF SERVICE

I certify that on May 19, 2008 (E.D.T.), the **Individual Federal Defendants' Opposition to Plaintiff's Consolidated Motion for Reconsideration and Withdrawal pursuant to Rules 59 or 60(b)** was filed electronically. Notice of this filing will be sent by e-mail to all parties registered to receive electronic filing by operation of the court's electronic filing system. Parties not indicated to have been electronically served on the Notice of Electronic Filing will be served with a paper copy of this filing via regular first class U.S. mail, postage prepaid. Parties may also access this filing through the court's Case Management (CM) / Electronic Case Filing (ECF) system.

Signed: *C. Salvatore D'Alessio, Jr.*