FILED
Clerk
District Court

MAY 21 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN,<br><br>Plaintiff<br><br>v.<br><br>DAVID A. WISEMAN, ALEX R. MUNSON, CRAIG MOORE, MARGARITA D.L.G. WONENBERG, MELINDA N. BRUNSON, JOSEPH AUTHER, DONALD HALL, WOLF CALVERT, LILLIAN A. TENORIO, ROBERT T. TORRES, ROY ALEXANDER, RUFO MAFNAS, ANGELITA TRINIDAD, RONNIE PALERMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA, and UNITED STATES OF AMERICA,<br><br>Defendants | Civil No. 08-0004<br><br>ORDER DENYING PLAINTIFF'S "CONSOLIDATED MOTION FOR RECONSIDERATION AND WITHDRAWAL, PURSUANT TO RULES 59 OR 60(b), ALL ORDERS OF THIS COURT ISSUED ON MAY 07 & 08, 2008" |

AO 72
(Rev. 08/82)

THIS MATTER is before the Court on *pro se* Plaintiff John S. Pangelinan's "Consolidated Motion for Reconsideration and Withdrawal, Pursuant to Rules 59 or 60(b), All Orders of This Court Issued on May 07 & 08, 2008."

In the interests of conserving the resources of the Court and the parties, the Court will rule on the Motion without the need of a response from any party and without a hearing.

Plaintiff's Motion purports to be brought pursuant to Fed.R.Civ.P. 59 or 60(b). Because no judgment has been entered in this case, Rule 59 does not apply, and the motion is denied on that ground. Of the several possible grounds for relief from a judgment or order listed under Rule 60(b), the only grounds that could even remotely be deemed to apply to the instant motion using Plaintiff's unique logic are "surprise," "voidness of the judgment," and "other reason that justifies relief."[1]

If Plaintiff continues to argue that he was "surprised" that the United States and the *Trinidad* Respondents opposed his lawsuit and moved to be dismissed as parties, that argument is highly unpersuasive. Plaintiff's unilateral denomination of

---

[1] Plaintiff argues again that Judge Kozinski's December 28, 2007, designation of me to sit as a Judge of this Court was improper. Judge Kozinski has the authority to designate me to sit in this Court under the plain language of either 28 U.S.C. § 292(b) or 48 U.S.C. § 1821(b). This designation is a routine administrative matter. Further, Plaintiff has not established any reasonable prejudice occasioned by either my designation or to my being asked to hear this matter by Judge Munson after both he and Judge Wiseman were named as defendants and the only other remaining designated Judge, Judge Lizama, declined to hear the matter after further rumination.

them as "invitees" to future discussion of the purported wrongs done against him since 1997 hardly prevents them from responding to his lawsuit. Further, they filed motions to dismiss a month before he filed his motions to strike, so it is simply not true that he was "surprised" in any legally meaningful way by their appearance at oral argument.

Next, Plaintiff's argument that the 1997 judgment was void and that every related Judgment and/or Order since that time are also void is exactly the argument that he has made time and again and which has been rejected time and again. *See* Court's Orders of May 7-8, 2008. In fact, it is the persistent re-appearance of these arguments that led the Court to issue its Order to Show Cause why Mr. Pangelinan should not be declared a vexatious litigant. That Order, if entered, will subject Mr. Pangelinan to a pre-filing Order, requiring him to submit to a Judge of this Court, prior to it being filed, any and all filings which relate in any way to Civil Action 97-0073 and its many related lawsuits, criminal actions, and appeals. Plaintiff was given until **Friday, May 22, 2008, at 3:30** to explain why he should not be declared a vexatious litigant.

Finally, the arguments made in the instant motion by Mr. Pangelinan have been considered and rejected in earlier filings in this lawsuit and in his other lawsuits. He has presented nothing new that would cause the Court to vacate or amend its earlier Orders herein.

FOR THE FOREGOING REASONS, Plaintiff's "Consolidated Motion for Reconsideration and Withdrawal, Pursuant to Rules 59 or 60(b), of All Orders of This Court Issued on May 07 & 08, 2008" is denied in its entirety and the hearing scheduled pursuant to the Court's Local Rules is removed from the calendar as moot.

DATED this 20th day of May, 2008.

_____
FRANCES TYDINGCO-GATEWOOD
Judge