JOHN S. PANGELINAN
P.O. Box 501721
Saipan, MP 96950

Tel. # (670) 322-0322

Pro se

FILED
Clerk
District Court

MAY 23 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN<br>Plaintiff,<br><br>v.<br><br>DAVID A. WISEMAN, et al.<br>Defendants,<br><br>ANGELITO TRINIDAD, et al.<br>Respondents. | Civil Action No. 08-0004<br><br>Cause Showing Why Pangelinan Should Not Be Declared a Vexatious Litigant |

COMES NOW, JOHN S. PANGELINAN, plaintiff pro se hereinafter referred as "PANGELINAN", and submit this paper showing cause why he should not be held or declared a vexatious litigant.

PANGELINAN incorporates hereof as if herein stated all his "argument" stated in his "Consolidated Motion for Reconsidera-

-1-

tion on pages 23 thru 25, which was filed with the Court on May 14, 2008: Briefly, that defendants and respondents have no standing to make such a Rule 12(b) motions and that the Court was without authority to issue sua sponte the order to show cause and that they (defendants and respondents) asked for the courts' aid in exercising its equitable powers with "unclean hands."

Further, as Pangelinan stated on pages 22-23 of the "Consolidated Motion for Reconsideration", individual federal defendants opened the issue for discussion by their assertion of absolute judicial immunity defense. Pangelinan drew his complaint as drawn in anticipation of their assertion of such a defense, and that left Pangelinan with no option but to bring the matter up. Also, Pangelinan, as again stated in the complaint, that a relief as prayed must be obtained in order to rid him of all the causes of the inequities, injustices and injuries that have been felled upon him as a direct result of the continued enforcement of what is truly a void judgment of the Court in Civil Action No. 92-0073. In addition, it is because of Pangelinan's desire to remove all legal consequences and civil disabilities arising from his convictions on the criminal cases, which came about as a result of enforcement, in one way or another, of Civil Action No. 92-0023, Pangelinan filed a Bivens action against the defendants for the injury they caused him, it is inequitable that he be made to run the gauntlet when he did not cause all the injuries to himself — when in actuality it was the defendants.

The Court is well aware that Pangelinan is again, and is now presently incarcerated, for violation of his supervised release in Criminal Action No. CR-00:21, under which he will be unjustified from Count III of obstruction of Court order -- the order that emanated from Civil Action No. 97-0013. It is this train of events and injuries upon Pangelinan that the United States of America, and its agents and employees, consistently followed through that forces Pangelinan to bring up the matter on the judgments' invalidity in Civil Action No. 97-0013 -- Pangelinan is just reacting. There was, never, therein, an occasion for Pangelinan to bring the matter of the Court's judgment invalidity that was or is a result of his own initiative. Rather, it was and is always brought up by Pangelinan by Pangelinan. In that case, the order should really be that the Plaintiffs and Respondents be enjoined from further injuring the undamaging Pangelinan.

Pangelinan will be filing a Section 2255 Habeas motion to obtain his release because his incarceration is illegal, inter alia, for the Court's lack of subject matter jurisdiction. Pangelinan now has every right to file his Section 2255 Habeas motion to obtain his release under 28 U.S.C. §2255 for count's lack of jurisdiction. Pangelinan hopes that this be made an exception if the Court should decide to declare Pangelinan a vexatious litigant under if it would constrain Pangelinan's right to file his Section 2255 Habeas motion.

The fairest thing in Pangelinan's mind is to being a lawsuit -- against anyone, especially doing it pro se, because it is too costly and it is not anything that Pangelinan cares

about. As far as Pangelinan is concerned, if he could distance himself from Any Court, and he left ultimo, he would. As Pangelinan held the Court at the May 07, 2008 hearing, he told that in Civil Action No. 97-0073 he informed the sitting judge that he would no longer appear in that Court in that case, because the Civilian was never listened to and Plaintiffs in that case always got what they asked the Court, no matter how ridiculously important their requests were. In fact, a warrant of arrest was issued once --albeit, not executed, for Pangelinan's arrest and for him to be brought to Court, for, what he believes, him to be chastised again by the sitting judge with his "monkey trap" example and other things. It is for all this that the desperation he would need often with the "people's court," by his publication of June 1, 2008 letter to the "people's court," by his publication of June 1, 2008 letter to editor. There is truly no need that such a declaration the made against Pangelinan.

Dated this 23rd day of May, 2008.

/s/ _____
John S. Pangelinan
Plaintiff, pro se