U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
C. FREDERICK BECKNER, III
Deputy Assistant Attorney General
TIMOTHY P. GARREN
Director, Constitutional Torts Staff
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney
VIRGINIA G. LAGO
Attorney Advisor
Virginia Bar No. 25017
P.O. Box 7146, Ben Franklin Station
Washington, DC  20044-7146
Facsimile: (202) 616-4314
Email: *Virginia.Lago@usdoj.gov*
Telephone: (202) 616-4328

Attorneys for the Individual Federal Defendants,
Alex R. Munson, David A. Wiseman, Craig Moore,
Margarita D.L.G. Wonenberg, Melinda Brunson,
Joseph Auther, Donald Hall and Wolf Calvert

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| John S. Pangelinan, | **Civil Action No. 1:08-CV-04** |
| Plaintiff, | **Individual Federal Defendants' Memorandum in Response to this Court's Order To Show Cause** |
| v. | |
| David A. Wiseman, et al., | The Honorable Frances M. Tydingco-Gatewood |
| Defendants. | |

COMES NOW the individual federal defendants, specifically: Chief Judge Alex Munson, Designated Judge David Wiseman, Assistant U.S. Attorney Craig Moore, Federal Probation Officers Margarita D.L.G. Wonenberg and Melinda N. Brunson, FBI Special Agent Joseph Auther, and Deputy U.S. Marshals Donald Hall and Wolf Calvert; by and through their undersigned counsel, and respectfully submit the following memorandum in response to this Court's May 8, 2008, Order to Show Cause why plaintiff, John Pangelinan, should not be declared a vexatious litigant, and subject to a pre-filing order as to any future filings involved in any way with, or derived from, Civil Action No. 97-0073 (D. N.M.I.).

**Procedural Background**

As this Court is now aware, Pangelinan filed this civil action seeking to collaterally attack judicial decisions and acts closely associated with the judicial process, and impose personal liability in damages on federal officials for actions which are shielded by the doctrine of absolute immunity. This is Pangelinan's <u>third</u> such lawsuit, each time seeking to re-litigate the civil RICO judgment entered against him through a damages action in which defendant Munson, a U.S. District Judge, among others, is sued personally for official acts.

In the present lawsuit, plaintiff filed his 31-page Complaint on January 28, 2008. In response, motions to dismiss and for sanctions were filed by the private defendants on February 15, 2008, *Docket Entry Nos. 8 through 16*; by the individual federal defendants on March 27, 2008, *Docket Entry Nos. 31 and 32*, and by the United States on April 1, 2008, *Docket Entry Nos. 36 and 37*. In addition to his responses to the parties' motions to dismiss and for sanctions, Pangelinan also filed: (1) Objection to the appointment of Chief Judge Frances M. Tydingco-Gatewood, *Docket Entry No. 40*; (2) *Ex parte* motion for entry of default against individual federal defendants, *Docket Entry No. 49*; (3) *Ex parte* motion to strike the filing by federal defendants of their reply, *Docket Entry No. 51*; (4) *Ex parte* motion to strike the filings by private defendants, *Docket Entry No. 60*; and (5) *Ex parte* motion to strike the filing by the United States, *Docket Entry No. 61*. By orders dated May 7, 2008, this Court granted all of the defendants' motions to dismiss (and in some cases also for sanctions), and denied all of Pangelinan's *ex parte* motions and "objections." *Docket Entry Nos. 67 through 69*.[1] Thereafter, on May 8, 2008, this Court issued an Order to Show Cause why plaintiff should not be declared a vexatious litigant, and be subject to a pre-filing order as to any and all future filings involved with, or derived from, in any way, Civil Acton No. 97-0073 (D. N.M.I.). *Docket Entry No. 70*. That order invited both Pangelinan and any of the defendants to submit memoranda of law in response to the Order to Show Cause.

---

[1] Pangelinan also filed a motion for reconsideration of defendants' motions to dismiss. *See Docket Entry 71*. Reconsideration was denied on May 21, 2008. *Id*. at 75.

**Introduction**

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessy,* 912 F.2d 1144, 1148 (9th Cir. 1990). The courts thus have the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such orders, however, should only be entered after a cautious review of the pertinent circumstances. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). As the record in this case demonstrates, Pangelinan's history of filings establishes that the issuance of a pre-filing order against him for future filings related to Civil Action No. 97-0073 is necessary.[2]

**Discussion**

In *DeLong v. Hennessy,* 912 F.2d 1144 (9th Cir. 1990), the Court of Appeals for the Ninth Circuit outlined four factors for district courts to consider before entering the type of pre-filing order at issue here: (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the district court must compile "an adequate record for review;" (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *See Molski,* 500 F.3d at 1057.

The first factor under *DeLong* is whether the subject of the pre-filing order has been given notice and an opportunity to be heard before the order is entered by the district court. This is a due process requirement, *id.,* 912 F.2d at 1147; and it has been satisfied in this case. Pangelinan was first given advance notice of the possibility that he might be declared a vexatious litigant when motions were filed by numerous non-federal codefendants asking for sanctions and a pre-filing injunction. *See Docket Entry Nos. 9 and 15*. Pangelinan

---

[2] A vexatious litigant order is reviewed under the abuse of discretion standard. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). A district court abuses it discretion only when it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002).

opposed both of those motions in writing. *Id. at 20-21*. In addition, this Court subsequently issued an Order to Show Cause why Pangelinan should not be declared a vexatious litigant and subject to a pre-filing order as to future filings related to Civil Action No. 97-0073. *Id. at 70*. Pangelinan was given the opportunity to oppose the contemplated pre-filing order, and he has done so in writing. *See id. at 77*. Due process requires only the opportunity to file an opposition, and does not require an oral or evidentiary hearing on the issue. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

The second factor of the *DeLong* standard is whether there is an adequate record for review. The Ninth Circuit has stated that "[a]n adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *DeLong*, 912 F.2d at 1147. The record for review includes this case; the civil RICO matter in which judgment was entered against Pangelinan, *Angelito Trinidad, et al. v. John S. Pangelinan, et al.*, No. 97-0073 (D.N.M.I.), and its related appeals, 32 F. App'x 357 (C.A.9 (N.M.I.)), Numbers 00-15697, 00-15705, 00-16630, 01-16622, and 54 F. App'x 470 (C.A.9 (N.M.I.)), No. 02-16013, *cert. denied*, 538 U.S. 1064 (2003); the first civil damages action filed against Judge Munson, among others, by Pangelinan, *Pangelinan v. Munson, et al.*, D.C. No. CV-02-0025 (D.N.M.I.), and its related appeal, 54 F. App'x 472 (C.A.9 (N.M.I.)), No. 02-16884; and the second damages action filed against Judge Munson, among others, by Pangelinan, *Pangelinan v. Munson, et al.*, D.C. No. 1:04-CV-0010 (D.N.M.I.). This Court has taken judicial notice of these matters.

Undersigned counsel were not involved in the civil RICO case, or its related appeals. However, the record reveals that judgment was entered against Pangelinan in that case and his land was sold to satisfy the judgment. Pangelinan filed several appeals; however, the judgment was affirmed in 2000. Nonetheless, Pangelinan has continued over the past six years to file other, frivolous, actions against immune judicial officials and others whom he views as responsible for that judgment (which he simply refuses to accept as valid) and the consequences flowing from his repeated efforts to defy the Court's rulings in that case.

These other frivolous actions include three damages lawsuits against the individuals

involved in the RICO matter, and those who have subsequently become involved in aid of this Court's effort to stop Pangelinan from obstructing the prevailing RICO plaintiffs from collecting on their judgment and address Pangelinan's repeated defiance of Court orders, including the presiding judges, prosecutors, court officials and law enforcement personnel.

As noted in our motion to dismiss, in his first damages action, Pangelinan sued Judge Munson because Pangelinan was dissatisfied with court rulings from the civil RICO case in which Judge Munson presided. In his first lawsuit, Pangelinan alleged that Judge Munson violated his constitutional rights during the course of the trial and in enforcing the judgment. Pangelinan also sued Judge Munson in tort. All of those claims were dismissed on a variety of grounds, primarily judicial immunity. Dismissal of those claims was affirmed on appeal.

Pangelinan's second lawsuit was again related to the same civil RICO matter, but more specifically stemmed from the fact that he was later prosecuted on criminal contempt charges for continuing to violate the Court's orders and trying to intimidate the prevailing RICO plaintiffs from collecting on their valid judgment. Pangelinan once again sued Judge Munson and the lawyer of the prevailing parties from the civil RICO action, but also added another judge, a judicial law clerk, and a federal prosecutor as defendants, suing them in their individual capacities. That case was also dismissed primarily on the ground that the federal defendants in that case were entitled to absolute judicial or quasi-judicial immunity.

In his most recent filing, Pangelinan again asserted that Judge Munson and others, violated his constitutional rights. Once again the genesis of Pangelinan's claims is easily traced to his RICO case, and his related criminal prosecution. In addition to Judge Munson, Pangelinan named another judge, a federal prosecutor, two U.S. probation officers, several law enforcement officials, the grand jury members who indicted him and the jury members who found him guilty of using threats to interfere with a federal court order. All claims against the federal defendants in this case were again dismissed on immunity grounds. Those three damages lawsuits, plus Pangelinan's civil RICO matter and all related appeals, establish an adequate record for review and therefore satisfy the second *DeLong* factor.

The third factor set forth by *DeLong* requires the district court to make "'substantive

findings as to the frivolous or harassing nature of the litigant's actions.'" *Id.*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). To decide whether the litigant's actions are frivolous or harassing, the Ninth Circuit teaches that the district court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id.* (quoting *Powell*, 851 F.2d at 431). Here, while Pangelinan has made an impressive number of filings over the past decade, the indicia of the frivolousness of his claims is especially apparent in two respects. First, he continues to assert that the court lacked personal jurisdiction over him with respect to the civil RICO case and that the resulting judgment against him is void. This argument has been repeatedly rejected by both this Court and the Court of Appeals but Pangelinan refuses to accept that he has lost on this issue, instead filing new damages actions in which he attempts to re-litigate the same issue.

The other reason that Pangelinan is a vexatious litigator is that as noted above, he continues to file individual capacity damages actions against immune judicial officials and those performing functions intimately or closely associated with the judicial process, repeating arguments and reasserting claims that have been previously considered and rejected by this Court and the Court of Appeals.[3] Under the circumstances, not only are Pangelinan's claims frivolous, but they evidence an intent by him to harass the individual defendants. Moreover, as Pangelinan's response to this Court's Order to Show Cause reveals, even after many years of frivolous litigation he still refuses to accept the validity of the underlying RICO judgment and that he has no viable claim against the individual defendants. *See Docket Entry 77*. Pangelinan thus stands as a stark example of someone who will continue to pursue his harassing claims, and the third *DeLong* factor is easily satisfied.

---

[3] Pangelinan's claims against Judge Munson and the other individual federal officials he has named as defendants in his various lawsuits are patently without merit. Few doctrines are more firmly established at common law than the broad absolute immunity afforded to judges from liability for damages. Similarly, it cannot be seriously disputed that prosecutors are entitled to absolute immunity for presenting the Government's case. Finally, it is likewise firmly established that the courts have derivatively extended the immunity available to judges to other persons whose functions are critical to the judicial process.

1    The fourth and final factor in the *DeLong* standard is that the pre-filing order must be
2 narrowly tailored to the vexatious litigant's wrongful behavior. There is no question that a
3 pre-filing order is warranted in this case to forestall Pangelinan's continual abuse of the
4 judicial process. As Pangelinan made plain in his opposition, he still does not accept the
5 validity of the many judgments entered against him to date, which indicates that he is likely
6 to continue his campaign of frivolous and vexatious lawsuits against federal officials for
7 their lawful actions in enforcing those orders unless this Court takes some action to prevent
8 it. Appropriately preventive action under the governing standard could be accomplished in
9 this case by the issuance of a pre-filing order that does not prevent Pangelinan from future
10 filings which are not involved with, or derived from, in anyway, Civil Action No. 97-0073.
11 Such an order would be narrowly tailored to cover only the type of claims Pangelinan has
12 been filing vexatiously and would only subject such questionable filings to initial screening.

### Plaintiff's Notice of Appeal

14   On May 27, 2008, Pangelinan filed a notice of appeal which purports to include an
15 appeal from this Court's Order to Show Cause. *See Docket Entry No. 78, p. 2*. Pangelinan's
16 appeal notice, however, does not divest this Court of jurisdiction over the show cause order.
17   This Court's Order to Show Cause is <u>not</u> a final decision within the meaning of 28
18 U.S.C. § 1291. *See generally, Andrews v. United States*, 373 U.S. 334, 339-40 (1963) (an
19 appeal will lie only from a final decision). Rather, by its very nature, an Order to Show
20 Cause is neither final, nor is it an appealable interlocutory order. *In re M & S Grading, Inc.*,
21 -- F.3d --, 2008 WL 2038809, C.A. 8 (Neb. 2008); *Dubnoff v. Goldstein*, 385 F.2d 717 (2nd
22 Cir. 1967). Moreover, the question of whether Pangelinan should be declared a vexatious
23 litigant, like the issue of attorney's fees, is collateral to the main cause of action and is
24 therefore separate from an appeal of the judgment on the merits. *See Cooter & Gell v.*
25 *Hartmarx Corp.*, 496 U.S. 384 (1990); and *White v. New Hampshire Dept. of Employment*
26 *Security*, 455 U.S. 445 (1982). Accordingly, this Court retains jurisdiction to issue a pre-
27 filing order against Pangelinan if this Court is so inclined. *Cf. Masalosalo v. Stonewall*
28 *Insurance Co.*, 718 F.2d 955, 956-57 (9th Cir. 1983) (the district court has jurisdiction to

award attorney's fees after the filing of a notice of appeal from a decision on the merits).

## Conclusion

Repeated frivolous and harassing damages claims against immune judicial officials and those individuals acting on their behalf or performing functions which are intimately or closely associated with the judicial process are at odds with our system of justice, and Pangelinan's history of litigation warrants the need for a pre-filing review of such claims.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General
Civil Division

C. FREDERICK BECKNER, III
Deputy Assistant Attorney General
Torts Branch

TIMOTHY P. GARREN
Director, Constitutional Torts Staff

*/s/ C. Salvatore D'Alessio, Jr.*
C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney

*/s/ Virginia G. Lago*
VIRGINIA G. LAGO
Attorney Advisor

Attorneys for the individual federal defendants

---

## Certification of Service

I certify that on May 28, 2008 (E.D.T.), the *Individual Federal Defendants' Memorandum in Response to this Court's Order to Show Cause* was filed electronically. Notice of this filing will be sent by e-mail to all parties registered to receive electronic filing by operation of the court's electronic filing system. Parties not indicated to have been electronically served on the Notice of Electronic Filing will be served with a paper copy of this filing via regular first class U.S. mail, postage prepaid. Parties may also access this filing through the court's Case Management (CM) / Electronic Case Filing (ECF) system.

Signed: *C. Salvatore D'Alessio, Jr.*