```
                                              FILED
                                              Clerk
                                              District Court

                                              JUN - 3 2008

                                           For The Northern Mariana Islands
                                           By_____
                                                    (Deputy Clerk)
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN, | Civil No. 08-0004 |
| Plaintiff | |
| v. | ORDER FINDING AND DECLARING JOHN SABLAN PANGELINAN TO BE A VEXATIOUS LITIGANT |
| DAVID A. WISEMAN, ALEX R. MUNSON, CRAIG MOORE, MARGARITA D.L.G. WONEN-BERG, MELINDA N. BRUNSON, JOSEPH AUTHER, DONALD HALL, WOLF CALVERT, LILLIAN A. TENORIO, ROBERT T. TORRES, ROY ALEXANDER, RUFO MAFNAS, ANGELITA TRINIDAD, RONNIE PALERMO, HERMAN TEJADA, ESPERANZA DAVID, ANTONIO ALOVERA, and UNITED STATES OF AMERICA, | and ENTERING A PRE-FILING ORDER AGAINST HIM, AS SPECIFIED HEREIN |
| Defendants | |

AO 72
(Rev. 08/82)

BY ORDER dated May 8, 2008, John S. Pangelinan was given until May 22, 2008 (later changed to May 23, 2008), to show cause why he should not be declared a vexatious litigant.[1] The Order included, but was not limited to, taking judicial notice of the records and files in all these matters: *Angelito Trinidad, et al. v. John S. Pangelinan, et al.*, No. 97-0073 (D. N.M.I.), and its numerous related appeals, 32 Fed.Appx. 357 (C.A.9 (N.M.I.)), Numbers 00-15697, 00-15705, 00-16630, 01-16622, and 54 Fed.Appx. 470 (C.A.9 (N.M.I.)), No. 02-16013; the first civil damages action filed against Chief Judge Munson, among others, by the plaintiff, *Pangelinan v. Munson, et al.*, D.C. No. CV-02-0025 (D. N.M.I.), and its related appeals, 54 Fed.Appx. 472 (C.A.9 (N.M.I.)), No. 02-16884; the second damages action filed against Chief Judge Munson, among others, by the plaintiff, *Pangelinan v. Munson, et al.*, D.C. No. 1:04-CV-0010 (D. N.M.I.), *United States v. Pangelinan*, 250 Fed.Appx. 826 (9th Cir. 2007), and this lawsuit. As of May 23, 2008, PACER reveals a total of seventeen appeals having their genesis in the judgment in Civil No. 97-0073. Judicial notice can be and hereby is taken of all these matters. Fed.R.Evid. 201.[2]

---

[1] "Order to Show Cause Why John S. Pangelinan Should Not Be Declared a Vexatious Litigant and Be Subjected to a Pre-Filing Order As to Any and All Future Filings Involved With or Derived From, In Any Way, Civil Action 97-0073."

[2] On May 27, 2008, Pangelinan filed a Notice of Appeal. The court concludes that the notice was filed prematurely because there has not been a final order or judgment entered and the vexatious litigant issue had not yet been addressed. Therefore, the Court retains jurisdiction to consider this matter and until

2

Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.), *cert. denied*, 498 U.S. 1001 (1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). One manner of regulating the activities of vexatious litigants is to enter a pre-filing order, requiring such litigants to first move the court for leave to file a complaint or other document. Before a court can enter a pre-filing order it must (1) give the plaintiff notice and an opportunity to oppose the order before it is entered; (2) create an adequate record for a reviewing court; (3) make substantive findings of frivolousness on the part of the plaintiff; and, (4) tailor the order narrowly to meet its objective of preventing frivolous filings. *DeLong* at 1147-48.

A more recent decision of the U.S. Court of Appeals for the Ninth Circuit concluded that the five-factor test enunciated by, and used in, the Second Circuit Court of Appeals was a useful adjunct to the Ninth Circuit's test. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007), referring to *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). The *Molski* court noted that the first two *DeLong* factors simply involve procedure: giving plaintiff notice and an opportunity to be

---

it enters a final judgment.

3

heard and creating an adequate record for review. *Id.* at 1058. The court then concluded that the five factors set out in *Safir* "provide[ ] a helpful framework for applying the two substantive factors (factors three and four) of our own four-factor test." The *Safir* factors are: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.* does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and, (5) whether other sanctions would be adequate to protect the courts and other parties. *Safir*, 792 F.2d at 24.

Plaintiff's numerous *pro se* filings all stem from a judgment entered against him in *Angelito Trinidad, et al. v. John S. Pangelinan, et al.*, No. 97-0073 (D. N.M.I.), in which the Plaintiff and his wife were Defendants. Chief Judge Alex R. Munson presided in that case. Plaintiff was found liable under the civil RICO statute and judgment was entered against him in the amount of $270,000.00. Plaintiff appealed, but failed to post bond to stay enforcement of the Judgment. Judge Munson, in response to motions filed by Plaintiffs, issued orders to enforce the judgment, including attaching Pangelinan's property and selling 55-year interests (the longest allowable to persons of non-Northern Marianas descent under Article XII of the Commonwealth

4

Constitution). Judge Munson also found Pangelinan in contempt for his failure to comply with the Court's orders. *See Trinidad v. Pangelinan*, No. CV-97-00073-ARM (March 20, 2000), *aff'd*, 32 Fed.Appx. 357, 2002 WL 461731 (9th Cir. 2002) (affirming district court ruling that: (1) district court had personal jurisdiction over the defendants; (2) venue was proper; (3) evidence warranted piercing of corporate veil; (4) district court had jurisdiction over RICO claim; (5) damages award was not abuse of discretion; and (6) execution of judgment was proper in absence of formal stay.)

In his first *pro se* post-*Trinidad* civil lawsuit, *Pangelinan v. Munson, et al.*, Civil No. 02-0025 (D.N.M.I.), Plaintiff alleged that Judge Munson violated his constitutional rights during the course of the original trial and in enforcing the Judgment. Plaintiff also sued Judge Munson in tort. All claims were dismissed on a variety of grounds, primarily judicial immunity. Dismissal of those claims was affirmed on appeal. *See Pangelinan v. Munson, et al.*, 54 Fed.Appx. 472 (9th Cir.) (affirming judgment and order denying Pangelinan's Fed.R.Civ.P. 60(b)(4) motion to void the judgment in Civil Action No. 97-00073 and further ruling that no additional filings by Pangelinan would be accepted in the closed appeal), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003).

Plaintiff's second *pro se* post-*Trinidad* lawsuit was also directly related to the *Trinidad* case, and arose from Plaintiff's prosecution on criminal contempt charges for violating the Court's orders by frustrating the ability of the prevailing parties in Civil

No 97-0073 to collect on their Judgment. Plaintiff once again sued Judge Munson, the lawyer for the judgment-holders, and also added as defendants another judge, a law clerk, and a federal prosecutor. That case, too, was dismissed primarily on the ground that Defendants were entitled to absolute judicial or quasi-judicial immunity. *See Pangelinan v. Munson, et al.,* Civ. No. 04-0010 (D. N.M.I. 2004). No appeal was taken.

In this lawsuit, Plaintiff sought for the third time via civil lawsuit to collaterally attack (1) judicial decisions in and flowing from the original 1997 *Trinidad* civil action, (2) acts integral to the judicial process, and (3) to impose personal liability on federal officials for their official actions. He also sought extraordinary relief from the United States, damages from non-federal Defendant attorneys who represented the "Respondents" (Plaintiffs in the 1997 lawsuit) to collect on their judgment, the man who conducted the most recent Court-ordered sale of Plaintiff's real property to satisfy the remaining deficiency judgment, and the man who bought the real property at the sale.[3] All of Plaintiff's claims for relief were dismissed.[4] Plaintiff's

---

[3] Pangelinan also named as defendants in this lawsuit the grand jurors who indicted him and the petit jurors who convicted him. He apparently made no effort to serve them.

[4] *See* "Order: (1) Granting Motion to Dismiss Without Leave to Amend Filed by Federal Defendants; (2) Granting Motion to Dismiss Without Leave to Amend Filed by United States; and (3) Granting Motion to Dismiss, for Sanctions, and for Pre-Filing Injunction, Filed by Non-Federal Defendants" (May 8, 2008).

"Consolidated Motion for Reconsideration" was denied by Order dated May 20, 2008, and filed May 21, 2008.

These lawsuits are filled with orders attempting to compel Pangelinan's compliance: **for sanctions** [*e.g.*, Submission of Attorney's Fees and Costs as to Rule 11 Sanctions (No. 386); Order Granting Plaintiffs' Motion for Sanctions (No. 387); Motion to Compel Attendance at Deposition and for Sanctions (No. 392); Order Granting Motion to Compel and for Sanctions (No. 411), **to show cause** [*e.g.*, Motion for Issuance of an Order to Show Cause and for Contempt (No. 303); Supplemental Filing Re Motion for Order to Show Cause for Contempt (No. 308); Motion for Issuance of Order to Show Cause re: Contempt against Marianas Seaside Development Corp. (No. 371)], **contempt citations** [*e.g.*, Order Finding John S. Pangelinan in Contempt of Court (No. 428-1)], and **restraining orders** [*e.g.*, Ex Parte Motion for Temporary Retraining Order (No. 294-1); Motion for Temporary Restraining Order and For Preliminary and Permanent Injunction and Supporting Affidavit (Nos. 295-1 and 296-1); Temporary Restraining Order (No. 305-1); Amended Temporary Restraining Order (No. 307); Order Granting Preliminary Injunction (No. 315-4); Notice of Motion and Motion for Temporary Restraining Order and Permanent Injunction with Memorandum and Declaration (Nos. 403-1, 404-1, 405-1); Motion for Ex Parte Temporary Restraining Order and Permanent Injunction (No. 415-1); Temporary Restraining Order (No. 419-1); Order Granting

Motion for Permanent Injunction (No. 423-1).

As noted above, the Court's Order of May 8, 2008, gave Pangelinan until May 22, 2008, (later changed to May 23, 2008), to file a response to the Court's Order to Show Cause why he should not be deemed a vexatious litigant as a result of all the activities set forth above. Mr. Pangelinan filed his written response on May 23rd. Thus, the first *Molski* factor---notice and an opportunity to be heard---has been satisfied.

The Court has set out above a brief history demonstrating Pangelinan's litigiousness and refusal to obey the orders of this Court. The court concludes that there is an adequate record for a reviewing court and that the second *Molski* factor has been met.

The third *Molski* requirement is that there be substantive findings of frivolousness and at this juncture the *Safir* factors are to be introduced into the analysis. Again, those factors are: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.* does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and, (5) whether other sanctions would be adequate to protect the courts and other parties. 792 F.2d at 24.

8

Compliance with the first three *Safir* factors has been demonstrated above. Pangelinan's history of *pro se* litigation has been vexatious, intended to harass, and duplicative. No reasonable person could conclude that he has an objective, good-faith expectation of prevailing; his actions are clearly designed to punish anyone who has participated in any of his court proceedings in any role.

The fourth *Safir* factor requires additional explication. As Plaintiff Pangelinan knows, the U.S. District Court for the Northern Mariana Islands is a single-judge court. Chief Judge Alex R. Munson conducts all proceedings---civil, criminal, admiralty, and bankruptcy. There is no Magistrate Judge. In order for the court to function when Judge Munson is off-island or has recused himself, two judges of the Commonwealth Superior Court are assigned to sit in this court by the Chief Judge of the Ninth Circuit pursuant to 48 U.S.C. § 1821(b)(2). I, as Chief Judge of the U.S. District Court of Guam, am currently assigned to sit in this Court in similar manner.

During the course of Pangelinan's various lawsuits, he has forced Judge Munson and Judge Wiseman to recuse themselves by naming them as defendants. He has also sued a former Superior Court judge who was at that time assigned to sit in this Court and who handled a part of the litigation, a law clerk, at least two Assistant U.S. Attorneys, at least two Deputy U.S. Marshals, and two Probation Officers. His intention is and has been clearly to cripple the functioning of this Court by suing its Judge, assigned Judges, court staff, and support personnel. The effect of

9

his frivolous lawsuits has had an impact on this court much greater than it would on a larger court with more resources. For me to travel to Saipan and return to Guam takes a full day from my calendar. The two Superior Court Judges have their own busy calendars to address. He has also sued lawyers in private practice who have represented the prevailing parties. Given these realities, Pangelinan's actions have clearly caused, and will continue to cause if not abated, needless work and expense to not only the Court and its staff, but to any other party who has incurred his wrath.

Finally, Pangelinan's history of repeated frivolous and vexatious litigation and bad-faith filings, his intentional and willful decision to disobey the valid orders of this Court, and his avowed intention to continue in this course of action, leads the Court ineluctably to conclude that no other sanction but a narrowly-drawn pre-filing order will be adequate to protect the Court and other parties from Pangelinan's relentless assaults. Accordingly,

IT IS ORDERED:

1. That John Sablan Pangelinan is declared to be a vexatious litigant;

2. That, effective immediately, he is prohibited from filing in this Court any complaint, motion, petition, notice, or other paper or document, however styled, that is related in any way to District Court of the Northern Mariana Islands Civil Action No. 97-0073 or any of the Northern Mariana Islands District Court cases named herein above, unless such filing is accompanied by (1) a motion requesting permission

to file the document, (2) a copy of this entire order; (3) proof that all monetary sanctions previously imposed by a Judge of this Court in any of the matters mentioned in this Order to which he was or is a party have been paid in full, *see Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993); (4) cash in an amount equal to the full filing fee if Pangelinan seeks to file a new complaint (said cash will be returned to Pangelinan if the Court disallows the filing); and, (5) the original and two copies of the document sought to be filed; and,

       3. Any attempted filing by Pangelinan will be received, but not filed, by the Clerk of Court and delivered to a Judge of this Court for review and a determination if the proposed filing violates the terms and conditions of this Order. If the filing is deemed to violate this Order, a Miscellaneous file will be opened and Pangelinan's proposed filing and an Order prohibiting will be placed in the file, which will then be closed. If the filing is deemed not to violate this Order, and all filing fees have been paid a Civil file will be opened and Pangelinan may proceed.

       A copy of this Order shall be sent to the Chief Judge of the U.S. Court of Appeals for the Ninth Circuit, the Clerk of Court of the Ninth Circuit, the Chief Justice of the Commonwealth Supreme Court, the Presiding Judge of the

Commonwealth Superior Court, the United States Marshal for the Districts of Guam and the Northern Mariana Islands, the Chief Probation Officer for the Districts of Guam and the Northern Mariana Islands, and the Pro Se Database.

DATED this 3rd day of June, 2008.

_____
FRANCES M. TYDINGCO-GATEWOOD
Judge