```
                                              FILED
                                               Clerk
                                            District Court

                                             JUN - 3 2008

                                       For The Northern Mariana Islands
                                       By_____
                                              (Deputy Clerk)
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JOHN S. PANGELINAN, | ) | Civil No. 08-0004 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER AWARDING |
| | ) | ATTORNEY'S FEES AND COSTS |
| DAVID A. WISEMAN, ALEX R. | ) | TO ROBERT T. TORRES AS A |
| MUNSON, CRAIG MOORE, | ) | SANCTION AGAINST PLAINTIFF |
| MARGARITA D.L.G. WONEN- | ) | JOHN SABLAN PANGELINAN |
| BERG, MELINDA N. BRUNSON, | ) | |
| JOSEPH AUTHER, DONALD | ) | |
| HALL, WOLF CALVERT, LILLIAN | ) | |
| A. TENORIO, ROBERT T. | ) | |
| TORRES, ROY ALEXANDER, | ) | |
| RUFO MAFNAS, ANGELITA | ) | |
| TRINIDAD, RONNIE PALERMO, | ) | |
| HERMAN TEJADA, ESPERANZA | ) | |
| DAVID, ANTONIO ALOVERA, | ) | |
| and UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

In the Court's Order of May 8, 2008, it awarded reasonable attorney's fees and costs to Robert T. Torres, attorney for all Non-Federal Defendants, as a sanction against Plaintiff John Sablan Pangelinan because the instant litigation "is repetitive, meritless, vexatious, abusive, and burdensome." *Id.*

THE COURT, having reviewed Mr. Torres' "Amended Submission of Attorneys' Fees and Costs by Non-Federal Defendants," makes the following order.

The Court uses the "lodestar" test enunciated in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Although that case arose in the context of a Civil Rights Act claim, and the instant matter is an award based on sanctions against Plaintiff, the fundamental approach is the same, particularly since the Supreme Court in that matter dealt, as here, with a lawsuit that was vexatious, frivolous, and brought to harass defendants. Under *Hensley*, the Supreme Court declared that the first step in determining a reasonable fee is to determine the "lodestar" amount; that is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 434. There is a strong presumption that the lodestar represents a reasonable fee. *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994). Since there has been no request by Mr. Torres to increase the lodestar amount, the Court's enquiry begins and ends with the determination of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.

Mr. Torres charges his time at an hourly rate of $175.00. The Court finds that

that is a reasonable hourly rate for attorneys in this District, and particularly for an attorney with Mr. Torres' experience. Similarly, the hourly rates of his Associate Counsel and paralegal are also reasonable in this District.

The Court has also reviewed the number of hours expended on this litigation by the two attorneys and the paralegal and finds all of them reasonable, given Plaintiff's numerous filings and allegations and the time necessary to respond and rebut. Accordingly, Mr. Torres is awarded: $2,481.25 for 14.25 hours at his rate of $175.00 per hour, $1,650.00 for 11 hours of work performed by his associate counsel, and $2,520.00 for 28 hours of work performed by his paralegal, for a total award of attorneys' fees in the amount of $6,651.25.

Title 28, U.S.C. § 1920 specifies the costs available to a prevailing party. The rule in its entirety states:

> Taxation of costs. A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the trial;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Service of process fees in the amount of $25.00 are awarded, as are photocopy

charges of $257.00, representing 514 photocopies at $.50 per page, the statutory rate for court-provided copies. Administrative fees are disallowed as they are more properly part of office overhead and are not specified in § 1920. Because there was no declaration that separate billing of computer research is a "prevailing practice in the local community," the Court follows the majority view that computer research charges are subsumed in the attorney's fee and declines to award the $63.75 requested. *See Trustees of the Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006). The total amount of costs awarded to Mr. Torres is $282.00. Therefore,

IT IS ORDERED that attorneys' fees in the amount of $6,651.25 and costs in the amount of $282.00 are awarded to Robert T. Torres and shall be payable by Plaintiff John Sablan Pangelinan.

DATED this 3rd day of June, 2008.

_____
FRANCES M. TYDINGCO-GATEWOOD
Judge